UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 0 7 2002
PER _____
DEPUTY CLERK

PHAN HUE,
    Plaintiff

CASE NO: 1:01-cv-01064

V.

JAMES UPDIKE, et., al.,
    Defendants

MOTION FOR APPOINTMENT OF COUNSEL

    Plaintiff, Phan Hue, Pro Se, pursuant to Title 28 U.S.C. sec. 1915(d) & in conjunction with TABRON V. GRACE, 6 F.3d 147, (3rd Cir.,1993) move this Honorable Court to appoint counsel.
    In support thereof, he would so state:

(1) that the U.S. Supreme Court has always maintained and made clear that differences in access to the instruments needed to vindicate legal rights when based upon the financial situation of the pursuer is repugnant to the Constitution, See: ROBERTS V. LaVALLEE, 88 S.Ct. 194; WILLIAMS V. OKLAHOMA CITY, 89 S.Ct. 1818; LONG V. DIST. COURT OF IOWA, 87 S.Ct. 362; DRAPER V. WASHINGTON, 83 S.Ct. 774;

(2) that Plaintiff is without the funds to hire an attorney and all his attempts to acquire Pro Bono help has been an exercise in futility;

(3) that the case is ultimately going to turn on credibility determinations and counsel is justified, See: MACLIN V. FREAKE, 650 F.2d 885,(7th Cir.,1991)(per curiam);

(4) that the case will also require testimony from expert witnesses and counsel is warranted, See: MOORE V. MABUS, 976 F.2d 268, 272,(5th Cir.,1992);

(5) that the purpose of any court system is presumably to provide for the fair resolution of disputes then it follows that meaningful access to that system does not end with the filing of a pleading that then goes nowhere, See: NAACP V. MEESE, 615 F.Supp. 200, 206 n.18,(D.D.C.,1985), instead it entails all the means a Plaintiff/Petitioner might require to get a fair hearing from the judiciary, See: GILMORE V. LYNCH, 319 F.Supp. 105, 111,(N.D. Cal.,1970), aff'd Sub nom. YOUNGER V. GILMORE, 404 U.S. 15,(1971) (per curiam);

(6) that that means to pursue discovery, to obatin the appearance of necessary witnesses and the rationale that once a claim reaches the court an indigent institutionalized person is in the same position as an indigent non-institutionalized person is questionable as it ignores reality as an incarcerated person faces sunstantial restirctions in attempting to locate expert witnesses and interview them and otherwise gather evidence in a factually contested proceeding;

(7) that the roigins of the right of access and fair resolution of disputes have been found variously in the Due Process Clause, the Equal Protection Clause, the First Amendment and the Privileges and Immunities Clause of Art. IV of the Constitution,See: MURRAY V. GIARRANTANO, 492 U.S. 1, 11 n.6, 109 S.Ct. 2765,(1989); JOHN L. V. ADAMS, 969 F.2d 228, 231-32,(6th Cir.,1992); See also: CIVIL CONSTITUTIONAL CASES APPLICABILITY, COFIELD V. ALABAMA PUBLIC SERV. COMM., 936 F.2d 512, 517,(11th Cir.,1991), accord, IN RE GREEN, 669 F.2d 779, 785,(D.C.Cir.,1981).

WHEREFORE, restricting access rights to Civil Rights proceedings is insupportable if the right is viewed as one of _meaningful_ access to society institutions for _fair_ dispute resolution for the consequences are the same whether one is pursuing a sec. 1983 action or a tort claim or defending a divorce proceeding and the risk of denial of a _fair_ hearing and resolution of one's claim is likewise the same. therefore appoint an attorney trained in the presentation of evidence and in cross-examination and for this he (Plaintiff) shall ever Pray.

Respectfully Submitted;

/s/ [signature]

Phan Hue, DY-0577
In Propria Personam
660 State Route 11
Hunlock Creek, Pa. 18621