*see all*

⑬
1-28-02
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                           :    CIVIL NO. 1:01-CV-1064
                                    :
         Plaintiff                  :    (Judge Kane)
                                    :
    v.                              :    (Magistrate Judge Smyser)
                                    :
JAMES UPDIKE,                       :
JOSEPH MATALONI,                    :
EDWARD O'BRIAN and                  :
DALE HAZLAK,                        :              FILED
                                    :         HARRISBURG, PA
         Defendants                 :
                                              JAN 25 2002

                                           MARY E. D'ANDREA, CLERK
                         ORDER              PER_____
                                                  DEPUTY CLERK


    The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. On January 7, 2002, the plaintiff filed a motion for the appointment of counsel.

    28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.

    In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989), the Court held that 28 U.S.C. §1915 does not authorize the

district court to require an unwilling attorney to represent an indigent litigant in a civil case.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit set forth a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. The court in *Tabron* discussed the following factors: 1) the merits of the plaintiff's claim; 2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues; 4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys

2

AO 72A
(Rev 8/82)

available for appointment to represent plaintiffs in potentially meritorious cases meeting the *Tabron v. Grace* criteria has been addressed in Local Rule 83.34. The Middle District Federal Bar Association has assembled a panel of attorneys who will accept appointments at the request of the court in these cases.

The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work based on his claims that they were violating the Eighth Amendment.

For purposes of this motion we assume that the plaintiff's claims are not without merit.

AO 72A
(Rev 8/82)

The documents filed by the plaintiff thus far indicate that he is able to communicate effectively with the court. The plaintiff's claims are not overly complex. At this point it is not clear what role credibility will play in this case if the case goes to trial or if expert testimony will be necessary. The plaintiff's claims involve actions taken against him and he would know the facts surrounding those actions. Thus, this case does not appear, at this point, to be a case where extensive factual investigation beyond that which a prisoner could be expected to conduct is necessary.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do not justify a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case.

4

AND NOW, this 25th day of January, 2002, **IT IS HEREBY ORDERED** that the plaintiff's motion (Doc. 11) for the appointment of counsel is **DENIED**.

_____
J. Andrew Smyser
Magistrate Judge

Dated: January 25, 2002.

5

AO 72A
(Rev 8/82)