FILED
HARRISBURG

FEB 0 8 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,

    Plaintiff,

v.

JAMES UPDIKE, et al.,

    Defendants.

Civil No. 01-CV-1064

(Judge Kane)

(Magistrate Judge Smyser)

**CORRECTIONS DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

PROCEDURAL HISTORY

On June 15, 2001, Phan Hue (Hue), an inmate at the State Correctional Institution at Retreat (SCI-Retreat), filed a Civil Rights Form Complaint pursuant to 42 U.S.C. § 1983. Complaint. On February 8, 2002 Corrections Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and 42 U.S.C.§ 1997(e) for failure to state a claim upon which relief may be granted,

exhaust administrative remedies and such other grounds as set forth in this supporting brief. This brief is filed in support of that Motion.

## STATEMENT OF FACTS

Hue sues the following employees of SCI-Retreat: Health Care Administrator Joseph Mataloni, Food Service Manager Edward O'Brien and Unit Manager, Dale Hazlak (collectively referred to hereinafter as "Corrections Defendants"). Complaint, III.B. Plaintiff also sues James Updike, Physician's Assistant at SCI-Retreat, a contractor employee, who is not represented by the undersigned counsel. Complaint, III.A.

This is a purported civil rights suit filed under 42 U.S.C. § 1983. Hue sues the Corrections defendants in their individual capacities and defendant O'Brien in his official capacity, as well. Hue is raising Eighth Amendment claims in connection with his alleged denial of medical treatment at SCI-Retreat. Hue claims he was denied medical treatment in the form of an appointment with an outside bone specialist, continued use of a shoulder harness, denial of his medication, and forced to work despite his injury, all in violation of the Eight Amendment.

Hue alleges that on February 28, 2000, while working in the kitchen at SCI-Retreat he had an accident, which seriously injured his shoulder and knocked out his teeth. Complaint, V.(1). Hue was taken to an outside hospital and treated by a

physician. Complaint, IV.(2). The physician informed him to see a bone specialist and prescribed medication. Id. Hue then alleges that upon return to SCI-Retreat, Defendant Updike discontinued his medication; confiscated his shoulder restraint and refused to schedule him with a bone specialist. Complaint, IV.(3). Hue further alleges that defendant Mataloni acquiesced in the denial of the prescribed medication and shoulder restraint as well as refusal to see a bone specialist. Id. Defendants O'Brien and Hazlak refused to let Hue off work and forced him to work out of fear that Hue would sue over conditions of the workplace, which resulted in his initial injury. Id. Specifically, Hue alleges Defendant O'Brien used his official pressure to see that his injury was ignored and that he be made to work. Id. Defendant Hazlak retaliated against Hue by punishing him for his refusal to work based upon his "contentious of the eighth amendment cruel and unusual punishment violation and his attempts to get the prescribed medication". Id.

## STATEMENT OF QUESTIONS PRESENTED

I.  WHETHER PLAINTIFF'S CLAIM SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES?

   Suggested Answer:    Yes.

   II.  WHETHER CORRECTIONS DEFENDANTS, MATALONI, O'BRIEN AND HAZLAK SHOULD BE DISMISSED SINCE THE COMPLAINT FAILS TO STATE A VIABLE CIVIL RIGHTS ACTION AGAINST THEM?

   Suggested Answer:    Yes.

3

### Motion to Dismiss Standard

As this Court has said, the standards of review on a motion to dismiss are "well-established":

> A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Johnsrud v. Carter*, 620 F.2d 29 (3d Cir. 1980); and *Truhe v. Rupell*, 641 F. Supp. 57, 58 (M.D.Pa. 1985) (Rambo, J.). Although the complaint is to be liberally construed in favor of the plaintiff (See: Fed. R. Civ. Pro. 8(f)), the court does not have to accept every allegation it contains as true. Conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true. *Conley, supra*, 355 U.S. at 45-46, 78 S. Ct. at 102.

*Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.)

Furthermore, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). Hue make only conclusory allegations without stating facts to support his violation of the Eight Amendment.

On a motion to dismiss, the court is not limited to evaluating the complaint, but can also consider "indisputably authentic document[s] that a [moving party]

4

attaches as an exhibit to a motion to dismiss if the [non-moving party's] claims are based on the [attached] document." *Pension Benefits Guarantee Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court also has power to take judicial notice of the DOC's consolidated inmate grievance system available to all of its prisoners. *See* Federal Rule of Evidence 201(b); *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1356 n. 12 (3d Cir. 1994); see also *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) (on a 12(b)6 motion, in addition to complaint, Court may properly look at public records). Indeed, in *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *cert granted*, 2000 W.L. 798208, the court affirmed Judge Nealon's decision to sua sponte dismiss a civil rights complaint for failure to exhaust, citing the DOC's three-part consolidated inmate grievance system.[1] *Id.* at 292 n. 3.

ARGUMENT

I.   PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

The Prison Litigation Reform Act of 1996, specifically 42 U.S.C. § 1997e(a), requires that an inmate fully exhaust his administrative remedies prior to filing any civil rights claim over conditions of confinement, such as are raised in Plaintiff's suit. 42 U.S.C. § 1997(e) (1994 ed., Supp. V)

---

[1] The DOC utilizes a three-step grievance process set forth in Policy No. DC-ADM 804. See *Booth*, 206 F.3d at 292 n.2.

provides that:

> "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

*Booth v. Churner,* 206 F.3d 289, 291 (3$^d$ Cir. 2000).

Exhaustion means using all available administrative remedies, including all levels of appeal. "[T]he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory – whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action." *Nyhuis v. Reno,* 206 F.3d 65, 67 (3d Cir. 2000).[2] The Pennsylvania Department of Corrections (DOC) grievance procedures qualify as administrative remedies within the meaning of the PLRA. *Booth v. Churner,* 206 F.3d 289, 292 n.2 (3d Cir. 2000).

Hue utilized, the form to be used by prisoners in filing a civil rights complaint in the Middle District, and checked the "yes" box with respect to exhaustion of administrative remedies. However, nowhere in the body of the complaint did Hue allege that he in fact exhausted administrative remedies with respect to each claim. Simply checking the "yes" box is clearly insufficient.

---

[2] While *Nyhuis* involved a Bivens claim against federal officials, "the *Nyhuis* rule has even greater force with respect to § 1983 actions." *Booth,* 206 F.3d at 300.

6

If a simple checkmark in the "yes" box is sufficient to satisfy the exhaustion requirement, this important requirement will be meaningless. For this reason, and because it is so easy to simply check the "yes" box, the Court should dismiss the Complaint and require Hue to specifically allege that he in fact filed for administrative relief and to identify the grievance number assigned to each particular complaint. In this way, Defendants can then examine their records to determine whether Hue has satisfied the exhaustion requirement, which is in fact a prerequisite to filing a civil rights action. Simply checking the "yes" box constitutes an unsupported conclusory allegation, which is insufficient and need not be accepted on a motion to dismiss.

The United States Court of Appeals for the Sixth Circuit has adopted a rule requiring inmates who file suit under Section 1983 to "allege and show that they have exhausted all available state remedies." *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir.1998), *cert denied*, 525 U.S. 833 (1998).

> In light of the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based, this Court will henceforth require that prisoners filing Section 1983 cases involving prison conditions must allege and show that they have exhausted all available state remedies. A prisoner should attach to his Section 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint.

*Id.* (emphasis added). Defendants respectfully submit that this Court should amend its form to require all inmates to clearly set forth all grievances, with their tracking

7

numbers, wherein the inmate allegedly exhausted administrative remedies. Long ago the United States District Court for the District of New Hampshire set forth the identical requirement for habeas corpus petitions. In *White v. New Hampshire*, 244 F. Supp. 342 (D.N.H. 1964), the Court noted Congress' concern with the increasing number of petitions for writs of habeas corpus from State prisoners and, in connection with the exhaustion requirement, wrote "such an allegation should contain more than the mere conclusory statement that 'petitioner has exhausted his state remedies.' The allegation of exhaustion should point with particularity to the State court proceeding in which petitioner has previously presented the claim he now seeks to raise; in the absence of such previous presentation, the allegation should point out with particularity why petitioner believes himself to be without a remaining state remedy from which he can raise the claim." 244 F. Supp. at 345; vacated on other grounds by *White v. Hancock*, 355 F.2d 262 (1st Cir. 1966).

In summary, because Hue has failed to identify with particularity that he has in fact exhausted his administrative remedies with respect to each claim, his Complaint must be dismissed with direction that Hue provide a short and plain statement of his claim as required by their Rule of Civil Procedure 8(a), and for each claim alleged, identify the grievance number assigned to each grievance wherein Hue grieved each claim set forth in his Complaint through all three appellate levels set forth in the Department of Corrections Grievance Procedure.

Only this way can the Court and Defendants determine whether Hue has truly exhausted his remedies before filing suit, as required by the Prison Litigation Reform Act.[2]

II. CORRECTIONS DEFENDANTS, MATALONI, O'BRIEN AND HAZLAK SHOULD BE DISMISSED SINCE THE COMPLAINT FAILS TO STATE A VIABLE CIVIL RIGHTS ACTION AGAINST THEM.

Mataloni, Health Care Administrator, was sued as the person "who acquiesced in the continuation of denying me the prescribed medication, the continued denial of my shoulder arm restraint-harness, the continued refusal to honor the outside doctor's referral to a bone specialist and concurred with O'Brien in forcing me to work." Complaint. IV (3)  O'Brien, the Culinary Manager at SCI Retreat, was "adamant about not letting me off work, concurred with forcing me to work because of fear I was going to sue." Complaint IV (3) O'Brien "would not recognize my injury and used his official pressure to (1) see that my injury was not recognized and (2) that I be made to work." Complaint IV (3)  Hazlak, Unit Manager, is sued because he "was adamant about not letting me off of work, concurred with their forcing me to work" and "retaliated against me by seeing that I was punished for refusal to work based upon my contentions of the 8th cruel & unusual punishment violation and attempts to get prescribed medical attention." Complaint IV (3)

---

[2] The Commonwealth is prepared to present competent evidence that no appeals have been filed by Inmate No. DY-0577, Phan Hue.

The grievance system alone is not sufficient to support a federal civil rights complaint. *See Flanagan* (the failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation). Moreover, "Prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and a non-physician defendant cannot be considered deliberately indifferent to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. *Id.* at 68.

Even though Mataloni, O'Brien, and Hazlak are the SCI Retreat Health Care Administrator, Food Service Manager I, and Unit Manager, respectively, *respondeat superior* is not a basis for liability under Section 1983. *Id.*, at 69 n. 14. Personal involvement is specifically required to state a claim under Section 1983. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Hue has not alleged, nor could he, that any of the moving Defendants are physician defendants or were credentialed in order to prescribe medication or to make medical decisions with respect to the appropriate course of his care.

Hue's claim appears legally identical to the claim presented against prison officials in *Durmer*. There, the inmate alleged that the prison physician, the state commissioner of corrections and the warden of the prison were deliberately indifferent to serious medical needs. *Durmer* complained that he needed physical

10

therapy secondary to a stroke in a motor vehicle accident. The inmate had complained to the doctor, and had written letters expressing those complaints to the commissioner of the prisons and the warden. The Third Circuit concluded that since neither the warden nor the commissioner of prisons was a physician, neither could be considered deliberately indifferent simply because they failed to respond directly to medical complaints of a prisoner who was already being treated by the prison doctor. *Durmer* 991 F.2d at 69. Further, health care administrators cannot be found deliberately indifferent when an inmate is receiving care from a doctor. *Thomas v. Zinkel*, 155 F. Supp. 2d 408.

An inmate alleging a claim for inadequate medical care pursuant to the Eighth Amendment must show that prison officials acted with deliberate indifference to his or her serious medical need. *Farmer v. Brennan*, 511 U.S. 825 (1994). In order to be held liable under the Eighth Amendment, a prison official must know that an inmate faces "a substantial risk of serious harm" and must disregard "that risk by failing to take reasonable measures to abate it." *Id.* at 836.

Allegations amounting to mere negligence in rendering medical treatment are insufficient to state a claim for inadequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, prison officials, who are not physicians, cannot be considered deliberately indifferent

11

simply because they failed to respond to the medical complaints of a prisoner who was already being treated by medical personnel of the prison. *Durmer*, 991 F.2d at 69.

In *Durmer,* the plaintiff brought a civil rights action against a prison physician, and two other corrections employees alleging that they failed to provide him medical treatment. The Third Circuit Court of Appeals upheld the granting of summary judgment in favor of both non-physicians. The Third Circuit held that neither of these Defendants, as non-physicians, could be found deliberately indifferent simply because they determined no action was required regarding the medical complaints of a prisoner who was already being treated by the prison physician. *Id.*

A disagreement between an inmate and a physician over the course of treatment is not greater than a disagreement between physicians. As the Third Circuit recognized in *White v. Napoleon,* 897 F.2d 103, 110 (3d Cir. 1990), "[c]ertainly, no claim is presented when a doctor disagrees with the professional judgment of another doctor. There may, for example, be differences in opinion between two medical professionals cannot be a basis for an Eighth Amendment claim, when a medically, untrained correctional official cannot be found liable if he relies on the opinions of the medical professionals." *Durmer,* 991 F.2d at 69. ("Neither of these defendants, however, is a physician, and neither can be

12

considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by a medical doctor.")

Under *Durmerl*, the Corrections Defendants cannot be found to be deliberately indifferent to the Plaintiff's serious medical needs since their actions were in reliance upon the diagnostic and treatment decisions made by the medical professional caring for Plaintiff.

Equally, the Corrections Defendants in this case cannot be held liable for their actions wherein a medical professional was treating the Plaintiff. The medical doctor or physician's assistant, not the Corrections Health Care Administrator, Kitchen Manager or Unit Manager, prescribes medical care or restrictions that is followed by the personnel at SCI-Retreat when making decisions concerning the inmate's work schedule.

## CONCLUSION

For all the foregoing reasons, Plaintiff's complaint must be dismissed for failure to exhaust remedies and for failing to state a claim upon which relief can be granted.

Respectfully Submitted,

By: Marsha M. Davis
Assistant Counsel
Attorney No. 28018
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, Pa. 17011
(717) 731-0444
Fax: (717) 975-2217

Dated: Feb 8, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE, :
: 
  Plaintiff :
:
: No. 1: CV-01-1064
v. :
: (Judge Kane)
JAMES UPDIKE, JOSEPH :
MATALONI, et al., :
: (Magistrate Judge Smyser)
:
  Defendants. :

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of Corrections Defendants' Brief in Support of Motion to Dismiss Plaintiff's Complaint in the above-referenced matter.

Service by first-class mail Addressed as follows:
Phan Hue DY-0557
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

*Cathleen E. Phillips*
Cathleen E. Phillips
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: February 8, 2002