ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : : | (Judge Kane) Magistrate Judge Smyser |

BRIEF OF JAMES UPDIKE, P.A. IN SUPPORT OF HIS MOTION TO DISMISS
THE COMPLAINT OF PHAN HUE

I. PROCEDURAL HISTORY

Phan Hue ("Hue"), an inmate at the State Correctional Institution at Retreat ("SCI-Retreat") operated by the Commonwealth of Pennsylvania, initiated a complaint in the United States District Court for the Middle District of Pennsylvania against Updike, a physician assistant employed by a private corporation to provide medical care to inmates at SCI-Retreat, Joseph Mataloni ("Mataloni"), Edward O'Brian ("O'Brian") and Dale Hazlak ("Hazlak") contending that they provided inappropriate medical care to him for a problem with his shoulder. Hue bases this Court's jurisdiction solely upon 42 U.S.C. §1983. He does not attempt to state any pendent claims arising from the common law of any state. A copy of his complaint appears hereto as Exhibit "A".

Updike has now filed a motion to dismiss the complaint of Hue on two separate grounds. First, he asserts that Hue has not pled exhaustion of administrative remedies. Second, he contends that Hue has not alleged a serious medical need.

II. STATEMENT OF THE FACTS

The complaint identifies Updike as a physician assistant. See Exhibit "A", page 2. It

1

contends that Mataloni is the Chief Healthcare Administrator at SCI-Retreat for the Commonwealth of Pennsylvania. It identifies O'Brian as the Culinary Manager at SCI-Retreat. It identifies Hazlak as the Unit Manager of SCI-Retreat. Exhibit "A", pages 2 and 2a.

According to the complaint, on February 28, 2000, Hue had an accident in the kitchen area which seriously injured his shoulder and knocked out some of his teeth. The complaint never identifies which shoulder received the injury. It never indicates the nature of the injury to the shoulder. It never indicates how many teeth were knocked out. See Exhibit "A", page 2.

According to the complaint, prison officials transported Hue to an outside hospital where the emergency room physician informed him that he would need to see a bone specialist and prescribed medication for him. See Exhibit "A", page 2. Upon return to SCI-Retreat Hue contends that Updike discontinued his medication, confiscated his shoulder restraint and refused to schedule him to see a bone specialist. No other averments appear in the complaint against Updike.

### III. STATEMENT OF THE QUESTIONS INVOLVED

1. Does 42 U.S.C. §1997e(a) bar the complaint of Hue when he has not alleged that he has exhausted all three tiers of the administrative remedies provided to him by the Department of Corrections of the Commonwealth of Pennsylvania and when he has not alleged that he sought monetary damages during each of the three tiers of the administrative procedures?

2. Has Hue alleged a serious medical need when he only states that he injured his shoulder and never identifies the nature of his injury or the extent of his pain caused by the injury?

2

IV. <u>ARGUMENT</u>

A.  <u>Hue Has Failed To Allege With Sufficient Specificity That He Has Exhausted His Available Administrative Remedies Required By Congress When It Enacted 42 U.S.C. §1997e(a).</u>

Hue has not indicated in his complaint that he has exhausted all of his administrative remedies. He has only checked off a box that says that he has filed a grievance and that the grievance process is complete. The Department of Corrections of the Commonwealth of Pennsylvania has adopted a Consolidated Inmate Grievance Review Procedure, DC-ADM804 (effective November 20, 1994) that provides for attempted informal resolution of any problem. A written grievance may be submitted to the grievance coordinator. An appeal from the coordinator's decision may be made in writing to a facility manager or a community correctional regional director. A final written appeal must be presented to the Central Office Review Committee. As of May, 1998, the grievance review procedure also provided for the award of monetary damages at any level of the three tiered administrative proceeding. A copy of the administrative remedy and its amendments appears hereto as Exhibit "B".

Hue has not asserted utilization of either of the two tiers of the appellate process provided for as part of the administrative remedies created by the Department of Corrections of the Commonwealth of Pennsylvania. See Exhibits "A" and "B".

Hue has not alleged that he has asked for monetary damages either at the initial stage of the grievance procedure or during any of the two appellate levels of the administrative procedure provided for by the Department of Corrections of the Commonwealth of Pennsylvania. See Exhibits "A" and "B".

The Congress of the United States has enacted legislation requiring all inmates in all

3

prisons to exhaust all available administrative remedies before they have the right to file a claim pursuant to 42 U.S.C. §1983 or the United States Constitution. That statute, 42 U.S.C. §1997e(a), reads in relevant part as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Supreme Court of the United States in Booth v.Churner, 532 U.S. 731 (2001). decisively concluded that pursuant to 42 U.S.C. §1997e(a) an inmate had to exhaust all available administrative remedies prior to filing any claim pursuant to the United States Constitution or any federal statute even if the remedy provided failed to address the needs of the inmate and constituted an exercise in futility. The Supreme Court rejected the so called futility exception to exhaustion.

In Geisler v. Hoffman, 234 F.3d 1264 (2000)(unreported) the United States Court of Appeals for the Third Circuit upheld the dismissal of the complaint of the plaintiff, an inmate, against a private physician, Stanley Hoffman, M.D., based on 42 U.S.C. §1983 solely because of the failure of the plaintiff to exhaust appellate administrative remedies. In that case the plaintiff tried to excuse his failure to exhaust by stating that he had filed two initial grievances concerning his lack of medical care and no one had ever responded. The Court indicated that he still had to exhaust his administrative remedies and that he should have utilized the appellate procedures provided for by the administrative remedies. A copy of the Court's opinion appears hereto as

4

Exhibit "C".[1]

The Court also held in Geisler, supra, that an inmate's refusal to seek monetary damages during all three levels of the administrative process constituted a failure to exhaust his administrative remedies. That analysis applies here and requires the dismissal of Hue's complaint for failure to exhaust administrative remedies.

In Peoples v. Horn, No. 3:97-0205 (M.D. Pa. 1997), Exhibit "D", Judge Conaboy concluded that a complaint brought by an inmate for inadequate medical care based on 42 U.S.C. §1983 had to be dismissed for failure to exhaust administrative remedies. Plaintiff, an inmate, contended that he had filed his Part 1 grievance but he was "put down via semantics, etc., etc., etc. And I was persecuted (sic) because of my efforts to obtain relief." Judge Conaboy concluded that no indication existed in the complaint that he appealed the dismissal of his grievance. Judge Conaboy held:

> In that connection, the procedure contemplates several tiers of review and the Grievance Review System is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance is not resolved to his or her satisfaction.

Exhibit "D", pp. 3-4.

Judge Conaboy concluded that the failure to proceed with the appeals constituted a failure to exhaust available administrative remedies. The Court dismissed the complaint without prejudice. Exhibit "D".

The district court has the power to take judicial notice of the fact that the Pennsylvania

---

[1] Although the opinion of the United States Court of Appeals for the Third Circuit in Geisler, supra, fails to constitute binding authority because it is not reported, Updike has submitted it to the Court because of its persuasive reasoning.

5

Department of Corrections had in place at the time of the alleged facts giving rise to the incident set forth in Hue's complaint a consolidated inmate grievance system available to all state prisoners. See Federal Rule of Evidence 201(b); Peters v. Delaware River Port Auth., 16 F.3d 1346, 1356 n. 12 (3d Cir. 1994); see also, City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998)(finding that to resolve 12(b)(6) motion, court may properly look at public records...in addition to allegations in complaint). Sykes v. Horn, Civil Action No. 99-6208 (E.D. Pa. March 21, 2000)(Judge Robreno), Exhibit "E".

Many federal courts have required an explicit statement of exhaustion of administrative remedies. The failure to do this has resulted in dismissal of the complaint. The reason many federal courts have taken this approach is because of the strong statement from Congress when it enacted 42 U.S.C. §1997e(a) that it desired the utilization of administrative remedies before the filing of a suit in federal court.

In Brown v. Toombs, 139 F.3d 1102, 1103-4 (6th Cir.) cert. den., 119 S.Ct. 88 (Oct. 5, 1998) the United States Court of Appeals for the Sixth Circuit concluded that because of the plain mandatory language of the statute requiring exhaustion of remedies and the legislative purpose underlying the plain language prisoners filing §1983 cases would have to allege and show that they had exhausted all available administrative remedies to survive a motion to dismiss. The reasoning of that case constitutes persuasive authority for this Court to dismiss the complaint of Hue here.

    B.    Hue Has Failed To State A Claim Pursuant To The Eighth Amendment Of The United States Constitution Because He Has Not Pled Sufficient Facts To Show That He Suffered From A Serious Medical Need.

In order to state a cause of action for deliberate indifference to a serious medical need

6

pursuant to the Eighth Amendment of the United States Constitution and 42 U.S.C. §1983, Hue must meet an objective component and a subjective component. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). To meet an objective component he must establish a serious medical need. Otherwise, he does not satisfy the requirements of the Eighth Amendment of the United States Constitution. A medical need rises to the level of seriousness required for the Eighth Amendment if it has been diagnosed by a physician as mandating treatment or if it constitutes a condition so obvious that even a lay person recognizes the necessity for a doctor's attention. <u>Johnson v. Busby</u>, 953 F.2d 349, 351 (8th Cir. 1991); <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) <u>cert</u>. <u>den</u>., 486 U.S. 106 (1988). The serious medical need requirement contemplates a condition of urgency, one that produces death, degeneration or extreme pain. See <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d at 347; <u>Archer v. Dutcher</u>, 733 F.2d 14, 16-17 (2d Cir. 1984). Not every injury or illness invokes Constitutional protection. Only those that rise to the level of seriousness have that affect. <u>Monmouth County Correctional Institutional Inmates</u>, <u>supra</u>, 834 F.2d at 347.

An examination of the complaint of Hue shows that he has not alleged a serious medical need. He indicates that he injured his shoulder. He has not indicated that he suffered pain from the injured shoulder. He has not shown that it has interfered with his ability to perform important life functions. No indication exists that his injured shoulder constitutes a condition of urgency which produces death, degeneration or extreme pain. He does not even identify which shoulder he injured.

Federal courts have found that similar conditions to those alleged by Hue that failed to produce death, degeneration, extreme pain or a condition of urgency are insufficient to state a

7

cause of action based on the Eighth Amendment of the United States Constitution. In <u>Rodriguez v. Joyce</u>, 693 F.Supp. 1250 (D.Me. 1988), the Court concluded that a broken finger failed to rise to the level of a serious medical need. In <u>Glasper v. Wilson</u>, 559 F.Supp. 13 (W.D. N.Y. 1982), the court stated that bowel problems failed to rise to the level of a serious medical need. In <u>Jones v. Lewis</u>, 874 F.2d 1125 (6th Cir. 1989) the United States Court of Appeals for the Sixth Circuit concluded that a mild concussion, together with a broken jaw failed to constitute a serious medical need sufficient to support a claim based on the Eighth Amendment of the United States Constitution. In <u>Hutchinson v. United States</u>, 838 F.2d 390 (9th Cir. 1988) the United States Court of Appeals for the Ninth Circuit concluded that a kidney stone failed to rise to the level of seriousness necessary to support a cause of action based on a violation of the Eighth Amendment of the United States Constitution. In <u>Ware v. Fairman</u>, 884 F.Supp. 1201, 1206 (N.D. Ill. 1995) the court held that the failure to treat a rash, acne and flu failed to state a cause of action for violation of the Eighth Amendment of the United States Constitution. According to the Court none of these conditions including the flu constituted a serious medical need. If the flu, which causes thousands of deaths every year, does not rise to the level of a serious medical need how can the condition identified by Hue in his complaint?

In <u>Davidson v. Scully</u>, 914 F.Supp. 1011 (S.D. NY 1996), the Court granted a motion to dismiss the complaint of a prisoner contending that he received inadequate medical care in violation of the Eighth Amendment. The court concluded that he failed to allege a serious medical need. In that case, plaintiff complained of tinnitus. The court concluded that tinnitus failed to constitute an urgent medical condition, the maltreatment of which presents a Constitutional claim. The court stated that tinnitus was a condition of the ear manifested in a

8

ringing sensation to the sufferer. According to the court,

> While this condition may very well be painful, it does not cause death, and Plaintiff has not adduced sufficient evidence that his condition is degenerative or causes extreme pain.

Id. at 914 F.Supp. at 1015. (Emphasis added).

In Davidson, supra, 914 F.Supp. at 1015, plaintiff also contended that he had an allergy condition, a podiatric condition, a post-surgery hernia condition, a problem with his knee, urological problems, dermatological problems and cardiological problems. The court concluded as a matter of law that none of these problems stated a claim pursuant to the Eighth Amendment. According to the court:

> However appropriate certain care of these conditions may be, the conditions themselves, as presently alleged, are not life-threatening and <u>do not cause the type of extreme pain cognizable in a constitutional claim</u>. (Emphasis added).

Id. at 914 F.Supp. at 1016.

The analysis of the court in Davidson, supra, 914 F.Supp. at 1015 and 1016 applies here. However, appropriate care may be for the problem that Hue has the condition as presently alleged by him fails to constitute a life threatening condition and fails to rise to the level of a serious medical need.

9

## IV. <u>CONCLUSION</u>

In the light of the foregoing James Updike, PA respectfully requests that his motion to dismiss the complaint of Phan Hue be granted.

                                          GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
                                ALAN S. GOLD
                                Attorney for Defendant,
                                James Updike, P.A.

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, James Updike, P.A.'s Motion to Dismiss the Complaint of the Plaintiff, along with supporting Brief by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

DATE: 2/22/02

ALAN S. GOLD