IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE                                   Civil Action
Plaintiff                                  No.: 1:01-CV-1064

        vs.

James Updike D.A.,                         FILED
Joseph Mataloni,                           SCRANTON
Edward O'Brian, and
Dale Hazlak                                MAR 2 5 2002

                                           PER _____ _____
                                              DEPUTY CLERK

---

Motion In Opposition Of James Updike, P.A.'s Brief
In Support of James Updike's Motion to Dismiss The
Complaint of Phan Hue

## 1. Procedural History

Phan Hue, who is presently an inmate at the S.C.I. in Re-
treat, Hunlock Creek, PA.  Phan Hue filed a 42 U.S.C. sub.sec.
1983 Civil Action on the above named defendants who are em-
ployed at the aforementioned prison.  Phan Hue contends that
on February 28th, 2000 he injured his shoulder while working
(as all inmates must) in the "Kitchen Area" which also knocked
out a few teeth.  Both injuries came about by a fall in the
"Kitchen Area".  Phan Hue contends that he was not provided
appropriate medical care for his shoulder.

Phan Hue is now filing a Motion In Opposition of James
Updike's Motion to Dismiss.  The Brief of Updike's Motion to
Dismiss is dated 2/22/02 as this Honorable Court is aware.

## 2. Statement Of The Facts

Phan Hue's civil action does contend that the defendants
engaged in a more than minimal plan to discriminate against Phan
Hue's serious medical needs.  Medical needs that resulted from
a fall at S.C.I. Retreat.  About a week after, Phan Hue was taken
to an outside hospital after complaining of his injured should
day after day.  A doctor at that hospital diagnosed Phan Hue's
condition as needing a bone specialist and pain medication(s).

Prior to going to an outside hospital, Phan Hue was provided
a shoulder restraint.  When Phan Hue was returned to S.C.I.

2.

Retreat, he was immediately ordered to return his shoulder re-
straint and any pain medication was discontinued.  Phan Hue was
never scheduled to be seen by a bone specialist.  All recomen-
dations from the outside doctor were never honored.

Phan Hue's claims should be measured by a deliberate in-
difference standard, and that the defendants failed to forecast
any evidence sufficient to show that his claims are not as he
states.  In the defendant (James Updike's) brief it states that
Phan Hue "never identifies which shoulder received the injury,
never indicates the nature of the injury" and "indicates how
many teeth were knocked out never".

Simply, the defendants are quite aware what shoulder (right)
was injured, what the injury (Rotator Cuff) is and that several
front teeth were cracked off.  The Practitioner's examinations
are documented.

3. Statement of the Questions involved

In the defendant's brief to Dismiss, number 1, page 2 of
the "Statement of the Questions Involved" makes mention that
Phan Hue failed to exhaust all three tiers of his administrative
remedies.  Simply, it is to the contrary.  Phan Hue had made
every effort to follow administrative remedies.  This is shown
by what Phan Hue had already claimed and by the exhibits attached.
As shown in said attached exhibits, it shows the most recent
attempts of Phan Hue to acquire  proof he did in fact try to
exhaust his remedies.

On 2/15/02, Phan Hue sent another request to obtain "a photo-
copy of the grievance and subsequent review of same".  This re-
quest was answered on 2/20/02, which states, "you should take
your copy to the library to have it done".  The problem here
is Phan Hue was never sent a response to his grievance prior
to 3/12/02, which is shown in the response to another request
dated 3/11/02. (See attached)

Thus, this argument shows that Phan Hue did in fact begin
to exhaust his administrative remedies.  By not answering Phan
Hue's requests and grievances in a timely manner consequently
hampered (which was nothing short of a tactical delay) Phan Hue's
attempts to follow procedure.  As shown in the attached exhibits,
the grievance is dated 4/12/00, which makes it 2 years and 1

3.

month before Phan Hue received an administrative response. Harris v. Hegmann, 198 F.3d 153(5th Cir. 1999).

The injuries Phan Hue sustained have been aggravated due to being denied serious medical evaluation. Simply, there is a break down in proper procedure and the defendants are guilty due to a deliberate and prejudice delay. There can be no rational excuse that the defendants can present to this court on why Phan Hue has, and still is, being denied the greatly needed medical treatment(s). This delay is the reason why Phan Hue seeks $10,000 from each named defendant, and repair of his teeth and shoulder as mentioned in the complaint.

The defendants can not even argue that they were not aware of Phan Hue's injuries and their serious nature. Simply, all the injuries are documented in and at the medical department. If said medical reports are not documented there surely is documentation at the outside hospital Hue was taken to. This answers number 2 of the defendant's "Statement of the "Questions Involved".

4. Argument

The defendant's attorney argues that Phan Hue did not exhaust his administrative remedies throughout his (their) brief. The attached exhibits shows that Phan Hue attempted just that but the procedure was deliberately delayed. This wanton and deliberate act(s) was followed up by retaliation by the prison via a misconduct given to Hue on May 1, 2000. (See Exhibit)

Phan Hue's injuries caused him enough pain that he could not work. But yet he received a misconduct for refusing to work, and was forced to use his left arm only in his 3 days of cleaning showers with a scrub brush and mop as his sentence of the misconduct demanded. He would be placed in R.H.U. if he did not comply. Hue was also forced to return to the kitchen. (See McCarthy v. Madigan, 112 S.Ct. 1081; Hunt v. Uphoff, 199 F.3d 122d)

The defendants argue that Phan Hue failed to state a claim. Throughout Hue's plight to obtain medical treatment he has, and still is, stating a claim to his serious medical need(s). (See Petrichko v. Kurtz, 52 F.Supp. 503; 834 F.2d @ 347) There seems to be no process that Hue can take to obtain medical

4.

treatment(s). Hue's avenues of obtaining said help have been and still are blocked. This is nothing short of an 8th Amendment violation of Cruel and Unusual Punishment. (See Castillo v. Cook County Mail Room Dept., 990 F.2d 304)

Simply, there is nothing factually frivolous about Hue's complaint. The longer Hue goes without treatment(s), the worse his condition(s) become. This alone should alert the court that this is a sufficient standard for nonfrivolousness. The continued interference by the defendants not to help Hue is in itself a Constitutional claim. Hue's claims are by no means irrelevant. Throughout Hue's battle to get proper medical treatment has not come easy.

Phan Hue is Vietnamese and his English reading and writing skills are very poor. The defendants are quite aware of this fact and are nothing shy of prejudicial towards Hue's needs. The defendants have and still are using this as an advantage for them. It is only fair that this Honorable Court afford Hue an opportunity to be heard. (See Sullivan v. Carignan, 733 F.2d 8) Hue's knowledge of the English language is very limited. He should be granted professional judgment as to not violate any further his Constitutional rights. (See Winnetage County Dept's of Social Services, 109 S.Ct. 998) Hue's continued deter- mination to be heard has been a rough road.

To maintain a sub.sec. 1983 claim, in addition to a Con- stitutional violation, Hue must demonstrate injury such as denial of meaningful access to medical treatment(s) and the courts. Hue believes he has shown these to the best of his ability with the only help coming from so-called "jail-house" attorneys. Hue is not asking for millions of dollars, but only ten thousand dollars from each defendant as punitive and to get the medical treatment(s) he needs.

The defendants have treated Hue inappropriately and have used Hue's non-American disabilities against him. (See Rios-Ber- rios v. I.N.S., 776 F.2d 859) In Rios-Berrios it makes mention of his inability to speak English. Simply, Hue' "inabilities" should be a factor for this Court to consider prior to making any judgments.

5.

*** <u>Conclusion</u> ***

Wherefore, Phan Hue prays that this Court focus on <u>Handeberry</u> <u>v Thompson</u>, No. 96 Civ. 6161 (KMW) (S.D.N.Y. Dec. 10, 1996), and that he has met the requirement of F.C.P. 12b.6 thus, satisfied the sub.sec. 1983 pleadings.

<u>Certificate Of Service</u>

I hereby certify that I have sent a true and correct copy of the Plaintiff's "Motion In Opposition Of James Updike's P.A.'s Brief In Support of James Updike's Motion To Dismiss. The Complaint of Phan Hue, via the U.S. Postal Service First Class Mail on the below mentioned date and to the following:

Marsha M. Davis, Esquire
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA    17011

Gold, Butkovitz, & Robins, P.C.
7837 Old York Road
Elkins Park, PA    19027

U.S. District Court
235 W. Washington Ave.
P.O. Box 1148
Scranton, PA    18501-1148

Date: 3-20-02                          Signed _____
                                              Phan Hue

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>Jos. Lengyel /Griev. Coor. | 2. Date:<br>2-15-02 |
|---|---|

| 3. By: (Print Inmate Name and Number)<br>Hue Phan, DY-0577<br>Hue Phan<br>Inmate Signature | 4. Counselor's Name,<br>miller |
|---|---|
| | 5. Unit Manager's Name<br>Hazlak |
| 6. Work Assignment<br>Laundry | 7. Housing Assignment<br>AA-19 |

8. Subject: State your request completely but briefly. Give details.

Sir, I need a photocopy of the grievance & subsequent review of same. I'll defer the costs.

9. Response (This Section to Staff Response Only)

You should take your copy to the library to have it done.

To DC-14 CAR only ☐        To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ Print _____ / _____ Sign _____ Date 2-20-02

Revised July 2000

XC: Mr. D. Hazlak A Block
medical
File- F.S. Suprs

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INSTRUCTIONS**

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) Mr Edward OBrian Food Service Manager | 2. DATE 5-6-00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) PHAN Hue DY0577 | 4. COUNSELOR'S NAME Ms Simmons |
| 5. WORK ASSIGNMENT Kitchen | 6. QUARTERS ASSIGNMENT A-Block AA-10 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Since I have been back to work, I am still Suffering from severe pain in my right shoulder and arm, since my fall in the kitchen my last time at work. I am being forced to work heavy labor when staff reconizes my poor or hampered use of my right shoulder and arm. Mr OBrion would you please schedule me for light duty work only till my medical problems have been cleared by necessary physician. At the beginning of my Injury I was by the DOC medical dept referred to a outside attending physcian which that physician said that I need To see a Bone Specialist for my shoulder problem. To this date and Time I have not been seen by any such doctor. Till this issue is addressed and resolved would you please respond Back to me on the issues that concern you and the kitchen dept.
Thank You

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

I CONTACTED MR. HAZLAK WHO IN TURN WILL CONTACT MEDICAL FOR AN EVALUATION OF MEDICAL STATUS. AT THIS POINT - 05/08/00 YOU ARE PENDING A DECISION FROM MEDICAL STILL ASSIGNED TO THE KITCHEN.

Ed O. Brien CFSM

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER

DATE

DC-135A

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) Joseph Mataloni  Health care administrator | 2. DATE 5-6-00 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) PHan Hue  DYO577 | 4. COUNSELOR'S NAME Ms Simmons |
| 5. WORK ASSIGNMENT Kitchen | 6. QUARTERS ASSIGNMENT A-Block  AA10 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

I am not aware if I have Been taken off of medical Restriction due to my still present shoulder condition. I have been put Back to work in the kitchen and at Block janitorial Labor. I am having terriable pain in shoulder and slight numbess in Lower part of right arm. I was last refered to a outside physican By the DOC medical doctor because Injury was to technical to treat in house. The outside doctor said I would or need to see a Bone specialists for proper treatment and or diagnosis. This has not Been done, and I feel that I am being denied proper medical services. Please respond soon as can

Thank you,

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr Hue,
Sign-up for sick-call + Ask the PA About work restrictions. He will Address your concerns.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER _____ J. MATALONI, CHCA                    DATE 5/10/00

**DC-804**
**PART II**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.  **RET 0112-00**

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| HUE PHAN, DY-0577 | SCI-RETREAT | A-UNIT | 4/12/00 |

The following is a summary of my findings regarding your grievance:

This Grievance was referred to Mr. Mataloni, designated Grievance Officer for this type of Grievance.

Mr. Mataloni reports, "What medication is given and for how long is the decision of the M.D. or P.A. This is a medical decision made by the Practitioners."

If you are having problem with your medication, you should sign up for Sick Call again.

JLL/mts

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR | DATE |
|---|---|---|
| | *[signature]* | 4-14-2000 |

**DC-804**
PART 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

*mat* ✓

OFFICIAL INMATE GRIEVANCE

GRIEVANCE NO. `RET0112-00`

| TO: GRIEVANCE COORDINATOR | INSTITUTION SCI Retreat | DATE 4-13-2000 |
|---|---|---|
| FROM: (Commitment Name & Number) HUE PhAN DY0577 | INMATE'S SIGNATURE | |
| WORK ASSIGNMENT (Previous) Kitchen worker | QUARTERS ASSIGNMENT A-A-10 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I'm Filing this greivance twonrds MATT ALoni head of the medical Department. Because I had an accident in the kitchen where I used to work Feb 28, 2000 was the Date. I hurt my shoulder and my teeth were Broke when I fell. My shoulder wns looked at by A Doctor At An outside hospital, he said it was not broke but I need to see A Bone Speacilist I was gaven pain medication, then I was taken off it After A mouth I'm still having terrible pain in my shoulder, I have went to sick Call A numerous amount of times and the assistant physican tells me I'm okay And I don't need A sling or medication no more. I cannot hardly move my shoulder I explained All of the complications I am having And They will not listen. Something is wrong, or I wouldn't have to see A Bone Speacinlist, I Just want A Pain Reliever till they Do something.

B. Actions taken and staff you have contacted before submitting this grievance:

Have went to Sick Call, Seen the Assistant Physician, he never lets me see A Doctor.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator

4-13-00
Date

WHITE

DC-141
Rev. 6-84        PART II B        COMMONWEALTH OF PENNSYLVANIA
DISCIPLINARY HEARING REPORT        DEPARTMENT OF CORRECTIONS

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| DY0577 | Phan | SCIRT | 01 May 00 | 1300 hrs | |

| INMATE PLEA | ☐ Guilty ☐ Not Guilty | ☐ No Plea ☐ Other | Verdict | ☒ Guilty ☐ Not Guilty | |

HEARING ACTION

CHARGES  Class I Category B #39, Refusing to work

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED                01 May 00

This is an informal resolution

Return to work in Kitchen

and

3 days of cleaning Showers, of pay

effective May 3, 2000 through May 5, 2000

| | | |
|---|---|---|
| ☐ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
| ☐ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☐ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☐ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

SEE APPENDICES
☐

NAME(S) OF HEARING EXAMINER/COMMITTEE
(TYPED OR PRINTED)

Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.

_____
SIGNATURE OF HEARING EXAMINER/COORDINATOR

**19**

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) Lengyel  
Grievance Accordinater

2. Date: 3-11-2

3. By: (Print Inmate Name and Number)  
Phan Hue DY0577

_____  
Inmate Signature

4. Counselor's Name  
Miller

5. Unit Manager's Name  
Hazlak

6. Work Assignment  
Laundry,

7. Housing Assignment  
AA 19

8. Subject: State your request completely but briefly. Give details.

I had filed a grievance back in 2000,
April 12, 2000. And I want a copy of the
resolution resolts. I was never given
a copy in the past as too date. Here
is my grievance Number Ret. 0112-00. It
is for my person record. I was a kitchen
worker then. I will pay the cost of the
photo copy or copies.

Thank you

9. Response: (This Section for Staff Response Only)

Mr. Hue,

Copy of grievance is attached

RECEIVED

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☒ |
|---|---|

Staff Member Name     E. Klen           S. Kl           Date 3/12/02  
                Print                                Sign

Revised July 2000