ORIGINAL

FILED
HARRISBURG

APR 0 2 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHAN HUE, | : |
| Plaintiff, | : Civil No. 01-CV-1064 |
| v. | : (Judge Kane) |
| JAMES UPDIKE, et al., | : (Magistrate Judge Smyser) |
| Defendants. | : |

## CORRECTIONS DEFENDANTS RESPONSE BRIEF

Plaintiff filed his Petition for Review with this Court on December 17, 2001. Corrections Defendants filed their Motion to Dismiss on February 8, 2002. Counsel for James Updike, P.A., et al. filed their Motion to Dismiss on February 22, 2002. On March 14, 2002, this Court granted the Plaintiff an extension of time in which to file brief(s) in opposition to either or both

motions to dismiss, jointly or separately. Said brief(s) were to be filed on or before March 21, 2002.

On March 20, 2002, Plaintiff filed a response to James Updike, P.A., et al. motion to dismiss. The brief clearly states it is in response to the Motion to Dismiss filed on behalf of James Updike, P.A.,et al, only. See "Motion In Opposition of James Updike, P.A.'s Brief In Support of James Updike's Motion to Dismiss The Complaint of Phan Hue." The proposed order also only addresses the Motion to Dismiss filed on behalf of James Updike, P.A., et al. Nothing of substance within the Brief references the Department of Corrections.

In addition to the Plaintiff's Motion in Opposition to James Updike's Motion to Dismiss, Plaintiff filed, pursuant to Discovery Rule 35, Fed. R.C.P.35, a request for an independent medical evaluation.

Plaintiff failed to respond in any manner to the Corrections Defendant's Motion to Dismiss. Failure to respond to the Corrections Defendants Motion to Dismiss is deemed unopposed and therefore, Plaintiff's Complaint as to the Corrections Defendants should be dismissed. Fed. R.C.P, Rule 8 (e).

Additionally, or in the alternative, if the Court were to peek at the Response In Opposition to James Updike's Motion to Dismiss it would note

that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997 (e) (a) and case law. This issue was clearly raised in Corrections Defendants Motion to Dismiss. Clearly, Plaintiff has failed to appeal his grievances to the second and the final review tiers within the Department of Corrections. Plaintiff provides copies of only two initial grievances, which the Corrections Defendants admit were filed and responded to. Plaintiff does not submit copies of any appeals thereto or responses to an appeal from the initial determinations, because no appeals were taken. In order to have standing in this court the Plaintiff must first exhaust his administrative remedies. The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through a grievance process. *See Porter v. Nussle,* 122 S.Ct. 983, 992 (2002); *Booth v. Churner,* 121 S.Ct. 1819, 1825 n.6 (2001). Thus Plaintiff is required to exhaust available administrative remedies prior to seeking relief pursuant to §1983 or any other federal law.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System, DC-ADM 804 (effective October 20, 1994). A grievance is a complaint submitted by an inmate related to a problem encountered during the course of confinement. DC-ADM 804

provides that an inmate may submit a written grievance to the prison's Grievance Coordinator. An appeal from the decision of the Grievance Coordinator may be made in writing to the prison superintendent and a final written appeal may be presented to the Chief Hearing Examiner for the Department of Corrections. Instead of appeals using the Grievance Review System, Plaintiff submits "Requests to Staff," documents he submitted at a later time, attempting to gain the same relief as previously requested from the same persons. These are not appeals as governed by the Grievance Review System.

For the above stated reasons the Corrections Defendants Motion to Dismiss should be granted.

Respectfully Submitted,

Office of General Counsel

By *Marsha M. Davis*
Marsha M. Davis
Assistant Counsel
Department of Corrections
55 Utley Drive
Camp Hill, Pa. 17011
(717) 731-0444
Pa. License No. 28018

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,

    Plaintiff,

v.

JAMES UPDIKE, P.A.,
JOSEPH MATALONI
EDWARD O"BRIEN,
DALE HAZLAK,

    Defendants.

Civil No. 1:CV-01-1064

(Judge Yvette Kane)

(Magistrate Judge Smyser)

## PROOF OF SERVICE

I hereby certify that a copy of Corrections Defendants' Response Brief was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Phan Hue DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Alan S. Gold, Esquire
Monaghan & Gold, P.C.
7837 Old York Road
Elkins Park, PA 19027

_Cathleen E. Phillips_
Cathleen E. Phillips
Clerk Typist II

Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Dated: April 1, 2002