ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : | (Judge Kane) Magistrate Judge Smyser) |

FILED
HARRISBURG, PA
APR 10 2002
MARY E. D'ANDREA, CLERK
Deputy Clerk

BRIEF OF JAMES UPDYKE, P.A. IN OPPOSITION TO THE MOTION OF PHAN
HUE FOR AN EXAMINATION PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 35(a)

I. PROCEDURAL HISTORY

Phan Hue ("Hue") an inmate at the State Correctional Institution at Retreat ("SCI-Retreat") operated by the Commonwealth of Pennsylvania initiated a complaint in the United States District Court for the Middle District of Pennsylvania against James Updyke, P.A. ("Updyke"), a physician assistant, employed by a private corporation, to provide medical care to inmates at SCI-Retreat, Joseph Mataloni ("Mataloni"), Edward O'Brian ("O'Brian") and Dale Hazlak ("Hazlak") contending that he provided inappropriate medical care to him for a problem with his shoulder. He bases this Court's jurisdiction solely upon 42 U.S.C. §1983.

Updyke has filed a motion to dismiss the complaint of Hue on two separate grounds. First, he asserts that Hue has not plead exhaustion of administrative remedies. Second, he asserts that Hue has not alleged a serious medical need. Hue has responded to the motion conceding that he has not exhausted his administrative remedies.

Hue now asks this Court to send him to a bone specialist for an examination to help him secure evidence of his claim. See Hue's motion for an order for examination pursuant to Federal Rule of Civil Procedure 35(a).

## II. STATEMENT OF THE FACTS

The complaint identifies Updike as a physician assistant. See Exhibit "A", page 2. It contends that Mataloni is the Chief Healthcare Administrator at SCI-Retreat for the Commonwealth of Pennsylvania. It identifies O'Brian as the Culinary Manager at SCI-Retreat. It identifies Hazlak as the Unit Manager of SCI-Retreat. Exhibit "A", pages 2 and 2a.

According to the complaint, on February 28, 2000, Hue had an accident in the kitchen area which seriously injured his shoulder and knocked out some of his teeth. The complaint never identifies which shoulder received the injury. It never indicates the nature of the injury to the shoulder. It never indicates how many teeth were knocked out. See Exhibit "A", page 2.

According to the complaint, prison officials transported Hue to an outside hospital where the emergency room physician informed him that he would need to see a bone specialist and prescribed medication for him. See Exhibit "A", page 2. Upon return to SCI-Retreat Hue contends that Updike discontinued his medication, confiscated his shoulder restraint and refused to schedule him to see a bone specialist. No other averments appear in the complaint against Updike.

## III. STATEMENT OF THE QUESTIONS INVOLVED

1.   Does this Court have the authority to appoint an expert for Hue pursuant to Federal Rule of Civil Procedure 35(a) or any federal rule or statute and to pay for the expert out of court funds for the purpose of helping Hue prove his claim?

## IV. ARGUMENT

Hue asks this Court to appoint a bone specialist to examine him pursuant to Federal Rule of Civil Procedure 35 and to submit a report to the Court. Hue candidly concedes the reason for his request. He states that his "goals are to secure legal and relevant evidence to support his

claims." See paragraph 6 of Hue's motion for an order for an examination pursuant to Federal Rule of Civil Procedure 35(a).

Hue essentially ask that this Court pay for an expert to examine him and testify on his behalf at trial. This Court has no authority to do this. Federal Rule of Civil Procedure 35(a) does not permit this. That Rule only allows the Court to order one party to submit to a physical or mental examination by another party by a physician or expert whom that party pays for and designates. The rule specifically requires that the party seeking the examination specify the time, place, manner, conditions and scope of the examination and the person by whom it is to be made. The rule implicitly requires the party asking for the examination to pay for the examination. No federal court has ever authorized an examination by a party of himself by a physician selected by the court and paid by the Court. Hue asks this Court to do what no court has ever done.

No other authority exists permitting the Court to order what Hue seeks. The United States Court of Appeals for the Third Circuit in <u>Boring v. Kozakiewicz</u>, 833 F.3d 468 (3d Cir. 1987) has conclusively held that this Court lacks the ability to appoint an expert for the purpose of aiding an indigent prison plaintiff in establishing a serious medical need in order to prove his claim pursuant to 42 U.S.C. §1983. In that case the United States Court of Appeals for the Third Circuit affirmed the trial court's dismissal of the claims of the plaintiffs, pretrial detainees, based on deliberate indifference to a serious medical need pursuant to 42 U.S.C. §1983. The trial court dismissed the claims because the plaintiffs had failed to produce expert testimony that the injuries alleged were serious. 833 F.3d at 470. The plaintiffs appealed contending that the trial court had caused their inability to prove their claim because the trial court refused to pay for their expert medical witnesses. They contended that they had the ability to produce medical expert witnesses and establish their claim if only the trial court had paid the experts. The United States

Court of Appeals for the Third Circuit rejected this argument and held that a plaintiff proceeding under the in forma pauperis statute had no right to have expert witness fees paid by the Court. The United States Court of Appeals stated that:

> Although plaintiffs complained that the district court wrongfully refused to pay for an expert medical witness, they fail to point to any legislative provision for such funds. Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. §1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. §3006A(e)(1), but not in civil damage suits.

833 F.2d at 474.

The United States Court of Appeals for the Third Circuit in Boring, supra, 833 F.2d at 474 noted that even if a plaintiff prevails in litigating a claim pursuant to 42 U.S.C. §1983 "...[a] prevailing party in a civil rights case is not entitled to tax such expert fees as costs." Id., citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987). Thus, while Congress has authorized the award of attorneys' fees to a prevailing plaintiff in an action brought pursuant to 42 U.S.C. §1983 Congress has refused to authorize the payment of expert fees to such a prevailing party.

No indication exists that Federal Rule of Evidence 706 authorizes the payment of expert fees for a plaintiff in any kind of case. Several noted commentators have concluded that a district judge should show great reluctance to appoint an expert pursuant to Federal Rule of Evidence 706 unless the parties agree and should never do so merely because a party lacks the ability to afford an expert and needs the expert to prove his claim. See Saltzburg, The Unnecessary Expanding Role of the American Trial Judge, 64 Va. L. Rev. 1 (1978).

No federal court has ever utilized Federal Rule of Evidence 706 for the purpose of compensating an expert of a plaintiff. Instead, the district courts have sparingly utilized it when a unique scientific dispute exists between the parties and the court believes that an impartial expert appointed by the court will aid the court and the jury in deciding the dispute.

That fails to constitute the situation here. Hue contends that Updyke denied him appropriate care for his shoulder. No unique scientific dispute exists between the parties.

Hue candidly concedes that he desires the appointment of an expert to prove his claim.

If this Court appoints an expert in this case for Hue how does it avoid appointing an expert every time a prisoner plaintiff contends he needs an expert to establish his cause of action? It cannot. This Court will have no choice but to appoint an expert for every indigent plaintiff in every medical malpractice case or claim based on 42 U.S.C. §1983 who contends that he cannot afford an expert and needs an expert to prove his claim. Congress and the Supreme Court never intended such a result when they approved Federal Rule of Evidence 706 and when they adopted Federal Rule of Civil Procedure 35. Congress deliberately refused to authorize payment of expert fees under any circumstances in civil cases.

## V. CONCLUSION

In the light of the foregoing, James Updyke, P.A. respectfully requests that the motion of Phan Hue for an examination pursuant to Federal Rule of Civil Procedure 35(a) be denied.

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
James Updyke, P.A.

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, James Updyke, P.A.'s Answer and Brief in Opposition to Plaintiff's Motion for Medical Evaluation by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577  
SCI-Retreat  
660 State Route 11  
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire  
Pa Department of Corrections  
Office of Chief Counsel  
55 Utley Drive  
Camp Hill, PA 17011

DATE: 4/9/02

_____  
ALAN S. GOLD