IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : | (Judge Kane) Magistrate Judge Smyser) |

### REPLY BRIEF OF JAMES UPDYKE, P.A. IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT OF PHAN HUE

Phan Hue ("Hue") has filed a complaint pursuant to 42 U.S.C. §1983 against James Updyke, P.A. ("Updyke"), Joseph Mataloni ("Mataloni"), Edward O'Brian and Dale Hazlak. Updyke filed a motion to dismiss the complaint. Hue has filed a response to the motion to dismiss. An examination of Hue's response shows that he concedes that he has failed to state a cause of action against Updyke pursuant to 42 U.S.C. §1983.

Hue admits that he has not exhausted his administrative remedies. He concedes that he has not appealed from the denial of the initial grievance. The Pennsylvania Department of Corrections has promulgated a grievance procedure which provides for two separate appeals from the denial of an initial grievance. See DC-ADM804 attached to the motion to dismiss as Exhibit "B". Hue contends that he has not exhausted his administrative remedies because he never received a response to them at the initial stage of the administrative procedure. But, Hue never indicates that anyone stopped him from appealing the alleged failure of prison officials to respond to his initial grievance. He also admits that they did respond to some of his grievances. He did not appeal the ones that they responded to.

In <u>Geisler v. Hoffman</u>, 234 F.3d 1264 (2000)(unreported) the United States Court of

1

Appeals for the Third Circuit rejected the exact argument Hue makes here. In Geisler, supra, Geisler, an inmate, asserted that he did not have to exhaust his administrative remedies because when he submitted his grievances on several occasions prison officials never responded. The United States Court of Appeals concluded that Geisler had misinterpreted his responsibilities. The United States Court of Appeals held that Geisler had to appeal the failure of the prison officials to act upon his grievances. According to the Court of Appeals even though Geisler received no response to his grievances on two separate occasions he had to appeal before he could bring a cause of action pursuant to 42 U.S.C. §1983 for the denial of medical care. In Geisler, supra, the inmate contended that a physician had denied him a feeding tube and that he was starving to death. Yet, the Court of Appeals still held that he had to exhaust the appellate remedies provided to him by the Department of Corrections when it enacted DC-ADM804. Until he did so, according to the Court of Appeals, Geisler lacked the ability to submit a claim to the United States District Court pursuant to 42 U.S.C. §1983 or any other federal statute. A copy of the Geisler opinion appears hereto as Exhibit "A".

Hue never indicates that he sought monetary damages in any of the grievances that he has filed. An examination of the grievances that he has submitted to this Court attached to his response to Updyke's motion to dismiss shows that he did not ask for monetary damages. In Geisler, supra, the United States Court of Appeals for the Third Circuit held that an inmate to exhaust his administrative remedies had to ask for monetary damages by means of the administrative procedures promulgated by the Department of Corrections at DC-ADM804.

In Laird v. Pennsylvania Department of Corrections, Civil No. 3:CV-00-1039, Slip Opinion at 3 (M.D. Pa. September 26, 2001) Judge Nealon of this Court concluded that based

2

upon Geisler, an inmate plaintiff's failure to seek monetary damages in prison grievance procedures precluded the inmate from seeking such relief in a civil rights action. Chief Judge Vanaskie of this Court reached the same conclusion in Chimenti v. Kimber, et al., Civil No. 3:CV-01-0273, Slip Opinion at 11 (M.D. Pa. March 15, 2002). A copy of Judge Vanaskie's opinion appears hereto as Exhibit "B".

Consequently, Hue's complaint must be dismissed for failure to exhaust administrative remedies on two separate grounds. First, he has not utilized his appellate procedures as provided for by DC-ADM804. Second, he has not sought monetary damages through the administrative process.

Hue's complaint suffers from another defect independent on his failure to exhaust administrative remedies. He has not set forth a serious medical need. He has not shown that the injury to his shoulder meets the standard required for a serious medical need. He has failed to address this issue in any meaningful way in his response to the motion to dismiss of Updyke.

In light of the foregoing and in light of the previous memorandum of law submitted by James Updyke, P.A., James Updyke, P.A. respectfully requests that his motion to dismiss the complaint of Phan Hue be granted.

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
James Updyke, P.A.

3

## CERTIFICATE OF SERVICE

  I hereby certify that I have sent a true and correct copy of defendant, James Updyke, P.A.'s Reply Brief in support of his Motion to Dismiss the Complaint of the Plaintiff by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

DATE: 4/9/02

ALAN S. GOLD

4