UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                          :   CIVIL NO. **1:CV-01-1064**
                                   :
         Plaintiff                 :   (Judge Kane)
                                   :
     v.                            :   (Magistrate Judge Smyser)
                                   :
JAMES UPDIKE, P.A.,                :
JOSEPH MATALONI,                   :
EDWARD O'BRIEN and                 :
DALE HAZLAK,                       :
                                   :
         Defendants                :

FILED
HARRISBURG, PA
APR 1 5 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### REPORT AND RECOMMENDATION

The complaint in this 42 U.S.C. § 1983 civil action was filed on June 15, 2001. The plaintiff, Phan Hue is a prisoner. The claim is a claim of deliberate indifference to serious medical needs of Hue's by the defendant prison health care personnel and correctional workers. Deliberate indifference by a state actor to a serious medical need of a prisoner gives rise to a 42 U.S.C. § 1983 cause of action because the Eighth Amendment to the United States Constitution

AO 72A
(Rev.8/82)

prohibits cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The defendants are James Updike, a Physician's Assistant at S.C.I. Retreat, Joseph Mataloni, Chief Health Care Administrator, Edward O'Brien, Culinary Manager, and Dale Hazlak, Unit Manager.

The complaint alleges that on February 28, 2000, while working in the prison kitchen area, Hue had an accident. He seriously injured his shoulder. Teeth were knocked out. He was taken to an outside hospital. An emergency room physician prescribed medication and told Hue that Hue would need to see a bone specialist. Upon Hue's return to S.C.I. Retreat, Updike discontinued his medication, confiscated his shoulder restraint and refused to schedule him to see the bone specialist. Defendant Mataloni knew of Hue's condition and of the prescribed medication and recommended referral to a bone specialist. Defendants O'Brien and Hazlak were adamant about not letting Hue off work. These defendants forced Hue to work,

it is alleged, because they feared he was going to sue over the conditions of his workplace. Defendant O'Brien would not recognize Hue's injury and used official pressure to see to it that Hue's injury not be recognized and that Hue be made to work. Defendant Hazlak retaliated against Hue by causing Hue to be punished for refusing to work. By way of relief, Hue seeks "repair of [his] medical maladies," "expungement of the misconduct from [his] record simply for fighting for [his] constitutional rights," and compensatory and punitive damages.

Defendants Mataloni, O'Brien and Hazlak filed a motion to dismiss the complaint on February 8, 2002, and a supporting brief. Defendant Updike filed a motion to dismiss the complaint on February 25, 2002, and a supporting brief. The plaintiff filed a brief in opposition to defendant Updike's motion on March 25, 2002. Defendants Mataloni, O'Brien and Hazlak filed a reply brief on April 2, 2002. Defendant Updike filed a reply brief on April 10, 2002.

The defendants argue that the complaint should be dismissed because the plaintiff has failed to allege with sufficient specificity that he has exhausted all available administrative remedies and because the plaintiff has not pled sufficient facts to show that he suffered from a serious medical need. Both arguments are incorrect, and the motion should be denied.

Exhaustion of administrative remedies is a prerequisite to a 42 U.S.C. § 1983 prisoner's civil rights action, 42 U.S.C. § 1997e(a), and a defendant who believes that a plaintiff has failed to exhaust may present a defense on that basis. It is an affirmative defense that must be pleaded and proven. *Ray v. Kestes*, ____ F.3d ____ (3d Cir. 2002), 2002 WL 499454. The defendants' motion for a dismissal on exhaustion grounds on the basis of the face of the plaintiff's complaint is not meritorious. On the face of his complaint, the plaintiff alleges that he has exhausted administrative remedies (specifically, that the grievance process is completed).

Defendants Mataloni, O'Brien and Hazlak cite *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998), holding that the prisoner's complaint must "allege and show" exhaustion. The Court in *Ray* specifically discussed and declined to follow *Brown v. Toombs*.

The complaint should not be dismissed as to defendants Updike, Mataloni, O'Brien or Hazlak on exhaustion grounds. This basis may be raised as an affirmative defense, and can be adjudicated through a summary judgment motion.

We will turn to the other argument for dismissal. A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.

*Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id.* at 449-50. A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The argument that this complaint fails to state a claim upon which relief can be granted of deliberate indifference on the part of defendant Updike to a serious medical need of the plaintiff is not correct. Hue pleaded that he seriously injured his shoulder and knocked out teeth. He was taken to an outside hospital emergency room. The emergency

6

room physician prescribed medication and told Hue that he would need to see a bone specialist. Hue pleaded that defendant Updike discontinued his medication, confiscated his shoulder restraint and refused to schedule Hue to see a bone specialist.

Defendant Updike acknowledges that, "[a] medical need rises to the level of seriousness required for the Eighth Amendment if it has been diagnosed by a physician as mandating treatment...." (Doc. 18, p.7). This principle as applied to the facts alleged by Hue in his complaint for purposes of Rule 12(b)(6) requires that the motion to dismiss be denied. Hue's complaint may be construed as claiming that Hue was diagnosed by an emergency room physician to have certain medical needs. Moreover, defendant Updike asserts that in *Davidson v. Scully*, 914 F.Supp. 1011 (S.D. N.Y. 1996), the court granted a motion to dismiss a prisoner's Eighth Amendment medical care claim when in fact the court there denied the prisoner plaintiff's motion for a preliminary injunction.

Plaintiff Hue has stated a claim of deliberate indifference on the part of defendant Updike to a serious medical need of Hue upon which relief can be granted.

The complaint should not be dismissed as to defendants Mataloni, O'Brien or Hazlak on grounds of a lack of specificity in the complaint as to these defendants' alleged involvement in the alleged indifference to the plaintiff's alleged serious medical need(s). Defendant Mataloni, it is alleged, acquiesced in the denial of prescribed medication and a shoulder harness and in the denial of a recommended referral to a bone specialist. The allegations against O'Brien and Hazlak, construing them for purposes of Rule 12(b)(6) in the light most favorable to the plaintiff, are that these defendants forced Hue to work when he had a serious injury. We construe the complaint to assert that Hue's injuries and treatment needs called for a period of leave from work and that defendants O'Brien and Hazlak nevertheless forced him to work

8

to minimize the apparent seriousness of the injury and to retaliate for Hue's pursuit of his medical treatment interests.

It is noted that Hue filed no brief specifically addressing the motion of defendants Mataloni, O'Brien and Hazlak. However, he filed a brief in opposition to defendant Updike's motion. We do not think that he can be deemed on this record not to oppose the motion of defendants Mataloni, O'Brien and Hazlak.

It is recommended that the motion to dismiss of all defendants be denied and that the case be remanded to this magistrate judge.

                                                /s/ J. Andrew Smyser
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated:   April  15 , 2002.

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE, | : | CIVIL NO. 1:CV-01-1064 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JAMES UPDIKE, P.A., | : | **FILED** |
| JOSEPH MATALONI, | : | HARRISBURG, PA |
| EDWARD O'BRIAN and | : | |
| DALE HAZLAK, | : | APR 1 5 2002 |
| | : | |
| Defendants | : | MARY E. D'ANDREA, CLERK |
| | | Per _____ Deputy Clerk |

### NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: April 15, 2002.

AO 72A
(Rev 8/82)