

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## SCRANTON, PENNSYLVANIA

PHAN HUE,                         :    NO. 1:CV-01-1064
         Plaintiff               :
                                 :    (Judge Kane)
     VS.                         :
                                 :    (Magistrate Judge Smyser)
JAMES UPDIKE, JOSEPH MATALONI :
EDWARD O'BRIEN, DALE HAZLAK       :    JURY TRIAL DEMANDED
         Defendants.             :

**FILED**
**SCRANTON**

APR 1 6 2002

PER _____
        DEPUTY CLERK

### MOTION FOR APPOINTMENT OF
### COUNSEL, TITLE 28 U.S.C.A. §1915 (d) (e)

Now Comes before this Honorable District Court, "Phan Hue",
who is the complaintiff in said caption above.  Who request
this courts evaluation and its discretion to appoint counsel
so that the merits of this case will not be deflected and
ignored by this court.  "Jury Trial is Demanded".

1)    There are a number of matters in which need  to  be
      addressed in this court.  The complaintiff is Informa
      Pauperis 1915 (d).  And is handicapped by his lack of
      understanding    of    the    English    Language.    The
      complaintiff is at this  time being  helped by myself

Anthoney Rish, an inmate at S.C.I. Retreat.   It is very hard to understand the full nature of these proceedings. Due to the inability of Phan Hue's speech impediment in English and the fact that I don't speak any vietnamese.   I am also going home on April 12, 2002.

2)   There have been a number of requests by the defendant's attorney's and the district court, regarding materials on discovery F.R.C.P. 26 (c).   The complexity will alone diminish these claims for proper discovery.

3)   This case involves a number of individual who refused to give fair medical treatment to one of it's patient's namely, "Phan Hue".   A complete back ground check of their professional conduct needs to be established, whether other complaints have been filed against the above named persons.   Like from other institutions that they had worked or had been removed from, and an investigation of any criminal or civil matters against above mentioned persons.   Deliberate indifference is part of the nature in the Eight Amendment violations, and Phan (complaintiff) was given a misconduct for not working.   The above named defendants pretended that nothing was wrong with Phan Hue and they were very wrong.

4)   The need for appointment of counsel would benefit both the court and the complaintiff with a fair trial.   14th Amendment United States Constitution, Equal protection.

5)   **Nance Vs. Vieregge, 144 F.3d 589**, A complaint may not be dismissed unless no relief could be granted "under any set of facts that could be proved consistent with allegations".   **Hishon Vs. King & Spalding, 104 S.Ct. 2229.   Conley Vs. Gibson, 78 S.Ct. 99.**   The

hardship of an inmate with out any medical assistance.
So called loyal professionals who refuse a person
reconstruction operation to his rotator cuff. Four
muscles in which need attention and then to cut off his
medication. And Mr. Hazlak in writing a misconduct to
a person in a sling, with very limited use of the said
arm, "right shoulder".

6)   An outside specialist had stated that Phan
(complaintiff) would need an operation to fix the
damage. Phan was then forced to work in the kitchen
and then on the block as a result of the misconduct
written by Mr. Hazlak. Mr. Joseph Lengyel, the inmate
grievance coordinator has been removed from this
institution due to possession of pornographic material
(Adult and Child) on 3/06/02. See attached Exhibit of
R 35 for an outside view by a doctor. This would clear
up the medical factor to clarify the needed medical
treatment.

7)   The Eighth Amendment also protects against future harm
to an inmate. See **Helling    Vs. McKinney,   113
S.Ct. 2775**. Even the innocent facts of a person who
was convicted of a crime. That is why the courts
created the appeal process. The persumtions of
innocence to be treated so prejudicely. A non English
speaking person.

8)   **U.S. Febus, 218 F.3d 784**, The act required that the
court provide an interpreter for a defendant who
primarily speaks a language other than english, 28
U.S.C. §1827(d)(1)(a) its purpose is to ensure that the
defendant can comprehend the proceedings and to
communicate effectively with counsel.
**U.S. Vs. Sanchez, 928 F.2d 1450**. How many people will
speak vietnamese during this trial, Phan does and is

requesting a trial to resolve his arguments.

9)   In prison a individual only has superiors who must act
     reasonably and not as to conspiracy and neglect their
     duties as to false information when it comes to
     adjusting matters, when someone has been injured. Phan
     Hue fell in the kitchen while he was mopping up. The
     floor was wet at the time. It was the awkward way the
     he had fallen that damaged the area of his right
     shoulder. "Defendant's Attorney's know of a Second
     Grievance No. 0185-00".

10)  Phan Hue should have received the operation on his
     shoulder here, and the medical department should have
     scheduled him for further x-rays and examinations and
     not to be cheap with their spendings. To cheat someone
     of medical care and attention.

11)  **Tabon Vs. Grace, 6 F.3d 147**, courts generaly should
     consider the plaintiff's education, literacy, prior
     work experience, and factors such as the plaintiff's
     ability to understand english. See **Castillo Vs. Cook
     County Mailroom Dept., 990 F.2d 304** (instructing
     district courts to appoint counsel on remand to present
     indigent plaintiff who had difficulty with the English
     language, who was hampered by his confinements, and the
     lack of the use of typewriters and computers. The case
     at bar Phan Hue does not know how to operate the said
     machines in the English language. He can not even read
     the English Alphabet, only in vietnamese.

12)  **Luttrell Vs. Nickle, 129 F.3d 933**, as to the
     representation of legally inclined with case laws and
     background experience with conducting ones own defense
to   establish their side of the story. **Luttrell** was denied
     counsel because he was involved with law, a jail house

lawyer.   See Exhibit of my affidavit.   I did Phan's legalwork, and it's a violation to correspond with him, because I was an inmate.  A breech of the Department of Corrections Security.

13) See a number of cases in support of **Hamilton Vs. Leavy, 117 F.3d 742**, colorable claims.  **Plummer Vs. Grimes, 87 F.3d 1032**, factual and legal complexity, Existence of conflict testimony, ability to press his claims. **Id. at 852 In re Lane 801 F.2d 1040-43,44**, Plummer's case was not complex enough to warrant appointment of counsel.  Check out the defendant's discovery materials requested and the institution has them all and Phan has to file his own motion for discovery.

14) Interlocking the Unit Manager, Mr. Hazlak, **Sandin Vs. Conner, 515 U.S. 472, (1995)**, does not preclude prisoners from suing prison guards for retaliating against them for filing grievances or from issuing bogus misconducts.  In law, the concept of "grievance" by a prisoner is equated with the exercise of First Amendment rights.  **Graham Vs. Henderson, 89 F.3d 75, Rivera Vs. Chesney, 1998 U.S. Dis. Lexius (ED Pa. 1998)**.

15) The Plaintiff is seeking monetary damages as well as an operation.  And if the court finds punitive damages, so that this will not happen to any one else.  A lot can be achieved if counsel is appointed. **Ruck Vs. Boergerman 57 F.3d 978**, circumstance with particular emphasis upon certain factors that are highly relevant to a request for counsel.  See **U.S. Vs. Cronic, 104 S.Ct. 2039**, counsel is not a luxury and factors regarding match skills of the prosecution.  Here we have a civil matter matched skill of the defendant's attorney's.  Phan has a __3.6__ grade

reading and writing.   See Second Exhibit, "letter by
Phan Hue".

Wherefore the plaintiff prays that this district court does
grant appointment of counsel, §1915 (d) and that it finds in
it's discretion the necessity for counsel, §1915 (e).   And
grant to amend original complaint  to specify in dept of
Eighth Amendment violations.


_____          Dated: _4_/4-02___
Phan Hue, DY-0577
660 State Route 11
Hunlock Creek, PA    18621

IN THE U.S. DISTRICT COURT, MIDDLE DISTRICT OF PA.

PHAN HUE, PLAINTIFF,               : CIVIL NO. 1:CV-01-1064

        V.                       : (JUDGE YVETTE HAN)

JAMES UPDIKE, JOSEPH               : (MAGISTRATE JUDGE SMYSER)
MATALONI, EDWARD O'BRIEN,
DALE HAZLAK, DEFENDANTS,           : JURY TRIAL DEMANDED

### AFFIDAVIT OF ANTHONY RISH

I, Anthony Rish a "jailhouse lawyer," does now respectfully alter this Honorable Court that I can nolonger help the above named Plaintiff, nor assist him anylonger in the above captioned case and avers the following:

As of April 12th, 2002 I, Anthony Rish will be released from custody. Phan Hue is not competent enough to move forward without assistance in this case. Phan Hue is not learned in the English language, nor does he understand the legal systems numerous laws, rules, filing procedures and has no one else to assist him in his plite for justice.

It is understood by me, Anthony Rish, that Civil litigants do not have a Constitutional right to counsel. See Luttrell v. Nickel, 129 F.3d 933; Donald v. Cook County Sheriff's Dept., 95 F.3d 548; Farmer v. Haas, 990 F.2d 319. Simply, the presence of counsel in Phan Hue's case is a requirement or Phan Hue will never see the ends of justice met, nor will he get the necessary medical treatments he desperately needs or he becomes permanately physically damaged.

Phan Hue's plea for help from this Court must not go unheard. This Court should establish a connection to the physical and moral needs of Phan Hue. The rule and laws of this Country are created to force responsibility on those that trespass against another's Constitutional rights and its protections. Being an "inmate" does not deminished Phan Hue's physical pains and, the deliberate indifference of the named Defendants'. Any attempt on Phan Hue's part to represent himself will no doubt be unsuccessful.

Now, I respectfully move this Court to appoint counsel for the Plaintiff and take personal responsibility to have justice met.

DATED: *April 8,2002.*        RESPECTFULLY BY: *Anthony Rish* .

Civil No. 01:_ CV01 1064
Judge Kane
Magistrate Judge Smyser

— Thưa quan toà tôi không biết viết hay nói tiếng anh rành, cho nên hôm nay tôi viết mấy hàng chữ nầy mong rằng sẽ có người dịch lại cho quan toà.

— Như quan toà đã biết tôi bị té trong khi làm việc ở nhà bếp, vai tôi bị trật hay bể ở phía trong không biết, cả mỗi lần tôi vơ cánh tay lên và hạ xuống thì tôi nghe rắt rắt ở phía trong xương. Khi ngủ tôi lỡ lăn mình thì vai tôi rất đau. Tôi nhớ rằng khi té họ chở tôi ra nhà thương ở bên ngoài. Bác sĩ có nói rằng tôi cần phải gặp Bác sĩ chuyên môn về xương. C.O. chở tôi về và nói lại Bác sĩ ở trại. Bác sĩ ở trại có nói với tôi rằng họ sẽ liên lạc cho tôi biết. Tôi đợi cho đến hai tháng sau không ai chở tôi trị bệnh. Tôi có viết mấy lần request và mấy lần grievance rốt cuộc cũng không hữu hiệu. Ngày tôi bị té từ 2-28-2000 cho đến nay vai tôi cũng không được chữa. Tôi muốn gặp quan toà để quan toà thấy vai tôi nên chữa hay không? Tôi chỉ muốn quan toà để tay lên vai tôi rồi tôi dơ lên dơ xuống để quan toà nghe tiếng rắt rắt trong xương của tôi rất đau, đau lắm khi tôi bưng vật nặng. Tất cả những gì nói trên đều hoàn toàn sự thật mong quan toà xét xử cho tôi càng sớm càng tốt. Thành thật cảm ơn quan toà.

HUE PHAN   DY0577

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## SCRANTON, PENNSYLVANIA

PHAN HUE,             :    NO. 1:CV-01-1064
       Plaintiff     :
                :    (Judge Kane)
   VS.           :
                :    (Magistrate Judge Smyser)
JAMES UPDIKE, JOSEPH MATALONI :
EDWARD O'BRIEN, DALE HAZLAK  :    JURY TRIAL DEMANDED
       Defendants.    :

## CERTIFICATE OF SERVICE

     I, Phan Hue, "Complaintiff", do hereby certify that on this date I served a copy of the forgoing **MOTION FOR APPOINTMENT OF COUNSEL** by placing the same in the United States Mail, first class in Hunlock Creek, Pennsylvania, addressed to the following:

Alen S. Gold, Esq.         Marsha Davis
Monaghan & Gold P.C.      55 Utley Drive
7837 Old York Road       Camphill,    PA     17011
Elkins Park, PA   19027

           Middle Distric Clerk's office
           235 N. Washington Ave.
           P.O. Box 1148
           Scranton, PA  18501

Dated: 4-14-02

Phan Hue, DY-0577
660 State Route 11
Hunlock Creek, PA  18621