ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                              :

    Plaintiff,                      :    Civil No. 01-CV-1064

                        :

    v.                              :    (Judge Kane)

                        :

JAMES UPDIKE, et al.,                  :    (Magistrate Judge Smyser)

                        :

    Defendants.                     :

## NOTICE TO PLEAD

**FILED**
**HARRISBURG, PA**

TO:  Phan Hue, DY 0577
       SCI-Retreat
       660 State Route 11
       Hunlock Creek, Pa. 18621

MAY 1 5 2002

MARY E. D'ANDREA, CLERK
Per _____

YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED RESPONDENTS' ANSWER WITH NEW MATTER TO PETITION FOR REVIEW IN THE NATURE OF MANDAMUS WITHIN THIRTY (30) DAYS FROM SERVICE HEREOF OR A JUDGMENT MAY BE ENTERED AGAINST YOU.

                           Respectfully Submitted,
                           Office of General Counsel

                           *Marsha M. Davis*

                           Marsha M. Davis
                           Assistant Counsel
                           Attorney No. 28018
                           Department of Corrrections
                           Office of Chief Counsel
                           55 Utley Drive
                           Camp Hill, Pa. 17011

Dated: May 14, 2002             717-731-0444

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,           :
                       :
      Plaintiff,       :      Civil No. 01-CV-1064
                       :
      v.               :      (Judge Kane)
                       :
JAMES UPDIKE, et al.,   :      (Magistrate Judge Smyser)
                       :
      Defendants.    :

## CORRECTIONS DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

**AND NOW COMES**, Marsha M. Davis, who avers the following in response to Plaintiff's Complaint:

I.      **Previous Lawsuits.**

      A.      It is **DENIED** as beyond the knowledge information and belief of the Respondents that Plaintiff has not filed any other lawsuits in federal court.  It is **ADMITTED** that Plaintiff has filed this action under

42 U.S.C. §1983, charging all defendants as individuals and in their official capacities.

It is **DENIED** that plaintiff has stated a cognizable claim or that there is any liability on the part of the Corrections Defendants for at no time did the Corrections Defendants, or to their knowledge did any Defendant, violate any of the Plaintiff's rights and strict proof thereof to the contrary is demanded, if relevant, at time of trial.

Further, allegations and recovery against a State employee, such as the Corrections Defendants, in their "official capacity" is barred by the Eleventh Amendment, sovereign immunity, and other doctrines. While it is **ADMITTED** that the Corrections Defendants are individuals, employed as Corrections employees by the Commonwealth Department of Corrections (Department) it is **DENIED** that at any time the Corrections Defendants, or to their knowledge any Defendant, violated any of the Plaintiff's rights.

II.    **Exhaustion of Administrative Remedies**

   A.    **Is there a grievance procedure available at your institution? Yes**

   **ANSWER:**  It is **ADMITTED** that there is a grievance procedure available at SCI-Retreat.

2

B.      **Have you filed a grievance concerning the facts relating to this complaint? Yes.**

**ANSWER:** It is **ADMITTED** that Plaintiff has filed two grievances during his incarceration. Those grievances are RET 0112-00, dated April 12, 2000, which alleged that Plaintiff wanted a pain reliever and wanted to see a Doctor, not "just an assistant physician". Plaintiff was told to sign up for sick call and that Mr. Mataloni, could not over-rule the medical practitioner's. The second grievance, RET 185-00 was filed June 8, 2000, Plaintiff complained of not being able to get his dentures. A response was filed by Mr. Mataloni, which set forth all the Plaintiff's appointments with the dentist, to include five "no-shows" by the Plaintiff. Mr. Mataloni set an appointment with the dentist on the date of response and the Plaintiff again, failed to appear for the appointment. It is **DENIED** that the filed grievances relate to the issues raised in this Complaint.

C.      **Is the grievance process completed? Yes.**

It is **DENIED** that the grievance process is completed. Plaintiff has filed only two grievances during his incarceration. Plaintiff has not filed an appeal to either grievance. Exhaustion means using all available administrative remedies, including all levels of appeal. The

Commonwealth of Pennsylvania's Department of Corrections Consolidated Inmate Grievance System consists of a three-part administrative process. Grievances must be submitted, in writing, for initial review to the Facility/Regional Grievance Coordinator, within fifteen days after the events upon which the claims are based. Within five days of the receipt of the initial determination, the grievant may appeal the determination to the appropriate intermediate review. It is **DENIED** that this appeal ever occurred with either of Plaintiff's grievances. An inmate who is dissatisfied with the disposition of an appeal from an initial review may within seven (7) days of receiving the decision, appeal to the Central Office Review Committee for final review. Policy No. DC-ADM-804 §VI. It is **DENIED** that the second and third steps of the administrative appeal process were used. Therefore, strict proof of Plaintiff's allegations that he exhausted the administrative remedies is hereby required.

III.    **Defendants.**

    A.    **Defendant James Updike is employed as Physician's Assistant at SCI-Retreat.**

    B.    **Additional Defendants, Joseph Mataloni is the Chief Health Care Administrator at SCI Retreat; Edward O'Brien is the Culinary**

Manager at SCI-Retreat; Dale Hazlak is unit manager at SCI-Retreat.

**ANSWER:** It is **ADMITTED** that James Updike was formerly working at SCI-Retreat as a Physician's Assistant. James Updike was not an employee of SCI-Retreat. It is **ADMITTED** that Joseph Mataloni is the Health Care Administrator at SCI-Retreat. It is **ADMITTED** that Edward O'Brien is the Food Service Manager at SCI-Retreat. It is **ADMITTED** that Dale Hazlak is a Unit Manager at SCI-Retreat.

It is **DENIED** that any of the above named defendants violated any of the Plaintiff's rights and strict proof thereof to the contrary is demanded.

IV.     **Statement of Claim.  FACTS.**

A.     **On February 28th, 2000, while working in the kitchen area, I had an accident, which seriously injured my shoulder and knocked out teeth.**

**ANSWER:** It is **ADMITTED** that Plaintiff fell in an area of the kitchen on February 28, 2000. It is **ADMITTED** that Plaintiff injured his shoulder, although it is **DENIED** that this was the initial injury or a serious injury to Plaintiff's shoulder. Strict proof thereof to the contrary is demanded at trial, if relevant. Further it is **DENIED** that Plaintiff received any injuries to his teeth or had any teeth knocked

5

out by his fall on February 28, 2000. To the contrary, X-rays were taken of Plaintiff's teeth on January 19, 2000 and an entire lower extraction had been ordered due to gum disease. An entire lower extraction was done at SCI-Retreat on February 29, 2000, at which time no teeth were noted as having changed since the date of X-rays on January 19, 2000. Strict proof thereof is demanded to the contrary, if relevant, at the time of trial. However, at no time did Corrections Defendants, or to their knowledge, any Defendant, violate any of Plaintiff's rights, and strict proof is demanded to the contrary, if relevant, at time of trial, any liability or responsibility on behalf of the Corrections Defendants is hereby expressly **DENIED**.

B.     **I was taken to the outside hospital where the emergency room physician informed me that I would need to see a bone specialist and prescribed medication.**

**ANSWER:** It is **ADMITTED** that Plaintiff was taken to an outside hospital, Wyoming Valley Health Care System, Inc., emergency service department. It is **ADMITTED** that Plaintiff saw a physician, who provided instruction sheets. It is **DENIED** that the physician informed Plaintiff to see a bone specialist. Rather, it is **ADMITTED** that the instruction sheet states "If no improvement in 5-7 days, or if

6

your condition worsens, or if any new symptoms arise, call your private physician or return to the Emergency Department for feedback. Follow up with orthopedics." It is also **ADMITTED** that Plaintiff was later seen by an Orthopedic surgeon, on more than one occasion. It is **ADMITTED** that the patient was instructed to take Ibuprofen 200mg, taken 2-3 tablets with food every 6 hours for pain and/or Tylenol 500 mg, take 2 tablets every 6 hours as needed for discomfort." It is **ADMITTED** that Plaintiff was provided the medications by SCI-Retreat medical personnel, for an even longer period than prescribed by the emergency department physician.

C.    **Subsequent to my return to the institution, defendant Updike discontinued my medication; confiscated my shoulder restraint and refused to schedule me to see the bone specialist.**

**ANSWER:** It is **DENIED** as beyond the knowledge, information and beliefs of the Corrections Defendants as to the exact time period indicated by "subsequent." Strict proof of the time period in which the alleged actions are said to have occurred is demanded, at the time of trial. To the contrary, it is **ADMITTED** that medical records maintained by SCI-Retreat indicate that medication, of the nature prescribed by the emergency department doctor was provided to

Plaintiff up to and including the present, whether for this injury or subsequent injuries. The shoulder restraint was taken from Plaintiff on March 23, 2000. The Plaintiff was referred to an orthopedic surgeon, by Dr. Marana, on March 3, 2000. Plaintiff saw the orthopedic surgeon on March 8, 2000. Additional appointments with the orthopedic surgeon were also made. Strict proof to the contrary is demanded, if relevant, at the time of trial.

D. **Defendant Mataloni was apprised of my inability to use my arm or move my shoulder and he acquiesced to the continuation of denying me the prescribed medication, the continued denial of my shoulder arm restraint-harness, the continued refusal to honor the outside doctor's referral to a bone specialist and when defendant O'Brien and defendant Hazlak were adamant about not letting me off of work, concurred with their forcing me to work because they feared I was going to sue over the conditions of the work place hence the subsequent injury.**

**ANSWER:** In response to the allegations of this paragraph, the Corrections Defendants incorporate by reference as if set out in full his answer to paragraph 3 above. By way of further answer, the Corrections Defendants **DENY** as beyond their information,

8

knowledge or belief that the work place conditions caused the injury.

Strict proof thereof is demanded, if relevant, at the time of trial. It is

further **DENIED** that at any time any Corrections Defendant forced

the Plaintiff to work, or acquiesced in forcing the Plaintiff to work, or

that any of the Corrections Defendants forced or acquiesced in the

forcing of the Plaintiff to work out of fear he was going to sue for any

reason. Strict proof of said facts, if relevant, are demanded at trial. It

is further **DENIED** that Corrections Defendants O'Brien and Hazlak

were adamant about not letting Plaintiff off work. To the contrary

neither Hazlak nor O'Brien have the authority to determine if a person

is medically capable of working. Medical determinations are made by

medical personnel. Strict proof to the contrary is demanded, if

relevant, at the time of trial. During the first six (6) months after the

fall on February 28, 2000 the Plaintiff saw someone in the medical

department on a minimum of fifteen times (not including physical

therapy sessions). At no time did Plaintiff seek a medical waiver to be

removed from work. Strict proof to the contrary is demanded, if

relevant, at trial. Further to the contrary, Defendants Hazlak and

O'Brien initiated a medical appointment for Plaintiff to discuss

medical limitations regarding work, but Plaintiff did not discuss any

limitations with the doctor. Strict proof to the contrary is required, if relevant, at the time of trial. Defendant Mataloni, is not a treating physician, nor is he employed as a medical doctor at SCI-Retreat, therefore he is unable to prescribe medicine or tell the doctors what to prescribe. Defendant Mataloni is also unable to over-ride the medical opinions as to diagnosis or treatment of the inmates. In response to grievance No. RET 0112-00, referenced in paragraph II. A. above, and adopted in full, as if more fully set forth herein, Defendant Mataloni told the Plaintiff this and directed that Plaintiff sign up for sick call to discuss his medical issues with the physician. Strict proof to the contrary is demanded, if relevant at trial. If is **DENIED** in full that Defendant Mataloni, had the ability or knowledge that any other Defendants having the ability, were denying the Plaintiff adequate medical treatment. It is **ADMITTED** that Defendant Mataloni was aware Plaintiff was seeing the medical personnel regularly and they were attending to the medical needs of the Plaintiff. Defendant Mataloni was also aware of Plaintiff's referral to the orthopedic surgeon and referral for other tests. However, as the Health Care Administrator, Defendant Mataloni, does not treat patients nor does he

have the ability to override the treating physicians. Strict proof to the contrary is demanded.

E.  **Defendant O'Brien would not recognize my injury thus my inability to work and used all his official pressure to see (1) that my injury was not recognized, (2) that I be made to work.**

ANSWER:  It is **DENIED** that Defendant O'Brien failed to recognize Plaintiff's injury.  To the contrary, Defendant O'Brien initiated a call to the medical personnel to review the limitations of the Plaintiff to work.  Strict proof thereof to the contrary is demanded, if relevant, at trial.  It is **ADMITTED** that Defendant O'Brien's staff, pursuant to policy, supervised Plaintiff in the kitchen, subsequent to his injury.  It is specifically **DENIED** that Defendant O'Brien made the Plaintiff work.  Defendant O'Brien does not assign individuals to work locations within the prison.  He accepts those assigned to him and uses them to work in the kitchen. Only the medical personnel may excuse an inmate from working for medical reasons.  Strict proof of the said allegations, and anything contrary to the response of Corrections Defendants, if relevant, are demanded at the time of trial.

F.  **Defendant Hazlak retaliated against me by seeing that I was punished for refusal to work based upon my contentions of the 8th**

**Cruel and Unusual punishment violations and my attempts to get the prescribed medical attention.**

**ANSWER:** It is **DENIED** that Defendant Hazlak at any time retaliated against the Plaintiff. It is further **DENIED** that Defenadant Hazlak retaliated against Plaintiff by seeing that he was punished for refusing to work. It is further **DENIED** that Defendant Hazlak retaliated against Plaintiff by seeing that he was punished for refusing to work based on any Eighth Amendment claims and/or for attempts to get prescribed medical attention. In response to the allegations of this paragraph, all preceedings paragraphs as relate to medical treatment provided the Plaintiff are incorporated by reference as if set out in full in answer to this paragraph. It is further **DENIED** that Defendant Hazlak punished the Plaintiff at any time as retaliation for any conduct of the Plaintiff. To the contrary on May 1, 2000 Defendant Hazlak, as unit manager for Plaintiff, was asked to hold a misconduct informal hearing because the Plaintiff refuse to go to work. At that informal hearing, Plaintiff said he wanted to work in the kitchen and he promised to go back to work in lieu of a formal hearing. This option, elected by the Plaintiff, to have an informal hearing is pursuant to Department's policy, the equivalent of an

admission and acceptance of some kind of punishment. At this informal hearing Plaintiff never said he could not work, or was not working due to any medical reason. It is **DENIED** that Defendant Hazlak violated any rights of the Plaintiff or was aware of any actions or allegations against other Defendants, that they were violating Plaintiff's Eighth Amendment rights. Strict proof of the allegations herein are required, if relevant, at the time of trial. It is **DENIED** that Plaintiff has had any other punishments for failure to work subsequent to his February 28, 2000 injury. Strict proof to the contrary is demanded, if relevant, at trial.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Corrections Defendants acted at all times within the scope of their authority and without any actual or imputed knowledge that their actions violated any of the Plaintiff's constitutional rights, if judicially determined to have occurred and, therefore, is immune from suit.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Corrections Defendants at all times were acting in reliance upon valid federal and/or state laws and regulations.

### THIRD AFFIRMATIVE DEFENSE

The Corrections Defendants asserts each and every defense available to them under the existing Civil Rights Act.

### FOURTH AFFIRMATIVE DEFENSE

Whatever injuries or damages, if any, were sustained by the Plaintiff, as alleged, were caused in whole or in part or were contributed to by reasons of the negligent or intentional conduct of the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The acts or omissions which were alleged to constitute negligent or more culpable conduct of the Corrections Defendants were not substantial causes or factors in the injuries, if any or at all, sustained by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Any and all damages or injuries sustained by Plaintiff, if any or at all, resulted not from the conduct or acts of the Corrections Defendants, but from the conduct or acts of Plaintiff or other persons.

### SEVENTH AFFIRMATIVE DEFENSE

Whatever actions or inactions may have been taken by the Corrections Defendants that caused loss to Plaintiff, if any or at all, were justified.

## EIGHTH AFFIRMATIVE DEFENSE

The Corrections Defendants conduct was neither negligent nor more culpable.

## NINTH AFFIRMATIVE DEFENSE

The Corrections Defendants lacked personal or direct involvement in any of the alleged violations, if any or at all, of Plaintiff's rights.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims, if any, are barred by sovereign immunity and are not waived by any of the exceptions thereto. 1 Pa. C.S. §2310; 42 Pa. C.S. §8522.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that immunity has been waived with respect to any of Plaintiff's claims, the Corrections Defendants asserts all defenses to and limitations upon those claims, which are or may hereafter be set forth at 42 Pa. C.S. §§8522 - 8528.

## TWELFTH AFFIRMATIVE DEFENSE

The Corrections Defendants are entitled to official immunity from Plaintiff's claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto any actions or inactions of the Corrections Defendants were done within the scope of their authority, in good faith and without malice.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Corrections Defendants are entitled to objective good faith immunity from Plaintiff's claims and have not violated any rights and/or clearly established rights of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff consented to any actions or inactions committed by the Corrections Defendants, and therefore, Plaintiff's claims are barred against the Corrections Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any actions or inactions committed by the Corrections Defendants were done pursuant to duties required by statute, regulation or directive and therefore the Corrections Defendants are immune.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any actions or inactions committed by the Corrections Defendants were matters within the discretion granted to the Corrections Defendants by statute, regulation or directive; therefore, the Defendants are immune from suit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

The Corrections Defendants conduct was neither more negligent nor more culpable than that of the Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

The complaint fails to state a claim or cause of action upon which relief may be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Under Section 1997(e)(a) of Title 42 U.S.C., added by the Prison Litigation Reform Act (PLRA), a state prisoner, as Plaintiff is and was, must exhaust all available administrative remedies with regard to each and every issue prior to seeking relief pursuant to 42 U.S.C. §1983 or any other federal law. The Plaintiff is prohibited and barred from proceeding in federal court due to his failure to exhaust his administrative remedies.

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Further, the Prison Litigation Reform Act of 1995 (PLRA) provides under 42 U.S.C. §1997(e)(e) that "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury".

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Corrections Defendants affirmatively plea any other matter constituting an avoidance or affirmative defense.

**WHEREFORE,** the Corrections Defendants demand that the Complaint be dismissed and judgment entered in their favor and against the Plaintiff together with such costs, expenses and attorneys fees that are authorized by law and which the court deems necessary, just and appropriate under the circumstances.

Respectfully submitted,
Office of General Counsel

Marsha M. Davis
Assistant Counsel
Attorney I.D. No. 28018
Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  May 14, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                              :

    Plaintiff,                    :     Civil No. 01-CV-1064
                                       :
    v.                            :     (Judge Kane)
                                       :
JAMES UPDIKE, et al.,                  :     (Magistrate Judge Smyser)
                                       :
    Defendants.                   :

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and

correct copy of Corrections Defendants Answer to Plaintiff's Complaint with New

Matter in the above-referenced matter.

Service by first-class mail addressed as follows:

Phan Hue, DY 0577                    Alan Gold, Esquire
SCI-Retreat                          Monaghan & Gold, P.C.
660 State Route 11                   7837 Old York Road
Hunlock Creek, Pa. 18621             Elkins Park, PA 19027

 

                     *Marilyn Jones*
                 Marilyn Jones
                 Clerk Typist 2

Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: May 14, 2002