

FILED
HARRISBURG, PA

MAY 15 2002

MARY E. D'ANDREA, CLERK
Per_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                        :
                                 :
     Plaintiff,                 :        Civil No. 01-CV-1064
                                 :
     v.                         :        (Judge Kane)
                                 :
JAMES UPDIKE, et al.,            :        (Magistrate Judge Smyser)
                                 :
     Defendants.                :

## CORRECTIONS DEFENDANTS BRIEF IN OPPOSITION TO MOTION FOR EXAMINATION

### STATEMENT OF THE CASE

**A.  Identity of the Parties and Statement of Claim**

Plaintiff, Phan Hue ("Hue"), is an inmate currently incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat").   The Corrections Defendants are: Joseph Mataloni, Health Care Administrator, Dale Hazlak, Unit Manager and Edward O'Brien, Food Manager.

In his 42 U.S.C. §1983 action Hue alleges the Corrections Defendants violated his Eighth Amendment rights.[1]    Hue is suing the Corrections Defendants in their individual and official capacities.[2]    Hue seeks injunctive relief as well as compensatory and punitive damages.[3]

## B.  Relevant Procedural History

Hue initiated his action with the filing of a Complaint and an Application for *in forma pauperis* status on June 15, 2001.  The Corrections Defendants filed a Motion to Dismiss the Complaint on February 8, 2002.  That Motion to Dismiss was denied by the Court on May 10, 2002. The court issued a scheduling order on March 6, 2002 indicating discovery is to be completed by August 5, 2002. Corrections Defendants served interrogatories and request for production of documents on the Plaintiff on April 1, 2002.  The Plaintiff failed to timely respond to Defendants Discovery requests, instead Hue filed extensive interrogatories on the Corrections Defendants and other defendants, by filing them with the court on April 30, 2002.  In addition, the Plaintiff filed a Motion for Order for Examination[4] and Motion for enlargement of time to comply with interrogatories by the Defendants on April 30, 2002.

---

[1] See Complaint, p.1.
[2] See Complaint, p. 1
[3] See Complaint, p. 3.
[4] Plaintiff has not filed a brief on this matter but in recognition of his status we are now filing our brief.

## C. Statement of the Alleged Facts

Hue's complaint generally alleges claims of deliberate indifference to his medical needs.[5]

## QUESTION PRESENTED

**IS HUE ENTITLED TO AN ORDER FOR EXAMINATION BY AN OUTSIDE EXPERT?**

**Suggested Answer: NO**

## ARGUMENT

Initially we will note that Plaintiff has requested an Order for Examination pursuant to Federal Discovery Rule 35 instead of Rules of Evidence 706 for Court appointed experts.  However, in the interest of judicial process, we respond as if the Motion were filed pursuant to Fed. Rule of Evid. 706.

The United States Court of Appeals for the Third Circuit in *Boring v. Kozakiewicz*, 833 F.2d 468 (3rd Cir. 1987) has conclusively held that this Court lacks the ability to appoint an expert for the purpose of aiding an indigent prison plaintiff in establishing a serious medical need in order to prove his claim pursuant to 42 U.S.C. §1983.  In that case the United States Court of Appeals for the Third Circuit affirmed the trial court's dismissal of claims of the plaintiffs pretrial detainees, based on deliberate indifference to a serious medical need arising under 42 U.S.C. §1983.  The trial court dismissed the

---

[5] See Complaint, p. 2-2B.

claims because the plaintiffs had failed to produce expert testimony that the injuries alleged were serious.   833 F.2d at 470.   The Plaintiffs appealed contending that the trial court had caused their inability to prove their claim because the trial court refused to pay for their expert medical witnesses.  They contended that they had the ability to produce medical expert witnesses and establish their claim if only the trial court had paid the experts.  The United States Court of Appeals for the Third Circuit rejected this argument and held that a plaintiff proceeding under the *in forma pauperis* statute had no right to have expert witness fees paid by the Court.  The United States Court of Appeals stated that:

> Although plaintiffs complained that the district court wrongfully refused to pay for an expert medical witness, they fail to point to any legislative provision for such funds. Congress has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed *in forma pauperis*. 28 U.S.C. §1915.  However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages.  Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. 3006A(e)(1), but not in civil damage suits.

833 F.2d at 474.

The United States Court of Appeals for the Third Circuit in *Boring, supra*, 833 F.2d at 474, noted that even if a Plaintiff prevails in litigating a claim pursuant to 42 U.S.C. §1983 "...[a] prevailing party in a civil rights case in not entitled to tax

4

such fees as costs." *Id.,* citing *Crawford Fitting Co v. J.T.Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct 2494 (1987). Thus, while Congress has authorized the award of attorneys' fees to a prevailing plaintiff in an action brought pursuant to 42 U.S.C. §1983, Congress has refused to authorized the payment of expert fees to such a prevailing party.

No indication exists that Federal Rule of Evidence 706 authorizes the payment of expert fees for a plaintiff in any kind of case. No federal court has ever utilized the Federal Rule of Evidence 706 for the purpose of compensating an expert of a plaintiff. Instead, the district courts have sparingly utilized Federal Rule of Evidence 706 when a unique scientific dispute exists and the court believes that an impartial expert appointed by the court will aid the court and the jury in deciding the dispute. That is not the situation here.

Hue alleges Corrections Defendants denied his adequate medical treatment by taking away his arm harness, his medication and in not referring him to a bone specialist. He also alleges the Corrections Defendants forced him to work in spite of his injury, which constituted cruel and unusual punishment.

Hue admits he seeks appointment of an expert to establish his claim. This fails to constitute the showing of good cause required by Federal Rules of Evidence 706.

Hue has no independent constitutional right to outside medical care in addition to or supplemental to the medical care provided by the institution's medical staff. *See Estelle v. Gamble,* 429 U.S. 97 (1976); *See also Roberts v. Spalding,* 783 F.2d 867 (9th Cir.1986); *Randle v. Mesrobian,* 165 F.3d 32 (7th Cir. 1998) (Table) (inmates have no automatic right to consult with outside physicians); *Gahagan v. Pennsylvania Bd. Of Probation and Parole,* 444 F.Supp. 1326 (D.C. Pa. 1978) (refusal to allow inmate to consult doctor of his own choice at his own expense would not violate inmate's constitutional rights). As such, the Plaintiff's request to be seen by an outside medical specialist should be denied.

## CONCLUSION

In light of the foregoing, Corrections Defendants respectfully requests that the motion of Phan Hue for an examination be denied.

Respectfully Submitted,
Office of General Counsel

by *Marsha M Davis*
Marsha M. Davis
Assistant Counsel
Attorney ID No. 28018
Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Date: May 15, 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                                    :
                                             :
    Plaintiff,                         :        Civil No. 01-CV-1064
                                             :
    v.                                 :        (Judge Kane)
                                             :
JAMES UPDIKE, et al.,                        :        (Magistrate Judge Smyser)
                                             :
    Defendants.                        :

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of Corrections Defendants Brief in Opposition to Examination to the following by first class regular mail on this date to the following:

Phan Hue, DY 0577                    Alan Gold, Esquire
SCI Retreat                          Monaghan & Gold, P.C.
660 State Route 11                   7837 Old York Road
Hunlock Creek, Pa. 18621             Elkins Park, Pa. 19027


                      Marilyn Jones
                      Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, Pa. 17011
(717) 731-0444

Date: May 15, 2002

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                              :

    Plaintiff,                   :        Civil No. 01-CV-1064

    v.                             :        (Judge Kane)

JAMES UPDIKE, et al.,                  :        (Magistrate Judge Smyser)

    Defendants.                  :

## PROOF OF SERVICE

I hereby certify that a copy of Corrections Defendants Brief in

Opposition to Motion for Examination was served upon the person(s) in the

manner indicated below:

Service by first-class mail addressed as follows:

Phan Hue, DY 0577                      Alan Gold, Esquire
SCI-Retreat                            Monaghan & Gold, P.C.
660 State Route 11                     7837 Old York Road
Hunlock Creek, PA. 18621               Elkins Park, PA  19027


                        Marilyn Jones
                        Clerk Typist 2

PA Department of Corrections
55 Utley Drive
Camp Hill, PA. 17011
(717) 731-0444

Date: May 15, 2002