ORIGINAL

FILED
HARRISBURG, PA

MAY 1 5 2002

MARY E. D'ANDREA, CLERK
Per_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                       :
                                :
        Plaintiff,              :        Civil No. 01-CV-1064
                                :
    v.                          :        (Judge Kane)
                                :
JAMES UPDIKE, et al.,           :        (Magistrate Judge Smyser)
                                :
        Defendants.             :

## CORRECTIONS DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO CORRECTION DEFENDANTS INTERROGATORIES

### A.  Identity of the Parties and Statement of Claim

Plaintiff, Phan Hue ("Hue"), is an inmate currently incarcerated at the State Correctional Institute at Retreat ("SCI- Retreat").  The Corrections Defendants are: Joseph Mataloni, Health Care Administrator, Dale Hazlak, Unit Manager and Edward O'Brien, Food Manager.

In his 42 U.S.C. §1983 action Hue alleges the Corrections Defendants violated his Eighth Amendment rights.[1]  Hue is suing the Corrections Defendants in their individual and official capacities.[2]  Hue seeks injunctive relief as well as compensatory and punitive damages.[3]

## B. Relevant Procedural History

Hue initiated his action with the filing of a Complaint and an Application for *in forma pauperis* status on June 15, 2001.  The Corrections Defendants filed a Motion to Dismiss the Complaint on February 8, 2002.  That the Motion to Dismiss was denied by the Court on May 10, 2002. The Court issued a scheduling Order on March 6, 2002 indicating discovery is to be completed by August 5, 2002.  The last day to file discovery motions is July 1, 2002.[4]  Corrections Defendants served interrogatories and request for production of documents on the Plaintiff on April 1, 2002.  The Plaintiff failed to timely respond to Defendants Discovery requests, instead Hue filed extensive interrogatories on the Corrections Defendants, and other defendants, by filing them with the court on April 30, 2002. In addition the Plaintiff filed a Motion for Order for Examination[5] and Motion for enlargement of time to comply with interrogatories by the Defendant all on

---

[1] See  Complaint,  p.1, doc 1.
[2] See Complaint, p. 1, Doc. 1.
[3] See Complaint, p. 3, Doc. 1.
[4] See Case Management Order filed March 6, 2002, Doc.#20.
[5] Plaintiff has not filed a brief on this matter but in recognition of his status we are now filing our brief.

2

April 30, 2002. The Motion for Enlargement of Time requests essentially that the court allow Plaintiff to wait until the Defendants respond to his request for documents and interrogatories, because he has no access to medical reports, and so he can make more meaningful answers to Defendants request. No brief was filed on this matter.[6]

## C. Statement of the Alleged Facts

Hue's complaint generally alleges claims of deliberate indifference to his medical needs.[7]

**QUESTION PRESENTED**

**SHOULD HUE BE ORDERED TO RESPOND TO THE CORRECTIONS DEFENDANT'S INTERROGATORIES AND REQEUST FOR PRODUCTION OF DOCUMENTS PRIOR TO HIS RECEIPT OF DEFENDANTS MATERIALS?**

**Suggested Answer: YES**

**ARGUMENT**

**HUE SHOULD BE DIRECTED TO RESPOND TO THE CORRECTIONS DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PRIOR TO HIS RECEIPT OF DEFENDANTS DISCOVERY RESPONSES.**

---

[6] See Motion for Enlargement of Time to comply with interrogatories by the Defendants and their attorneys (1 Page) and attached Order, Doc. 34. Due to Plaintiff's status, in spite of Plaintiff's failure to file a brief on this matter, we are, without further delay, responding with our Brief.

[7] See Complaint, p. 2-2B, Doc.1.

"It is well established in civil cases, utmost liberality, in respect to allowing discovery, should prevail in favor of each party against the other party."[8]  It setting the bounds for discovery, Fed.R.Civ.P. 26(b) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and the location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii) and (iii).

See also People's Trust Bank v. United States, 103 F.R.D. 519, 522 (N.D. Ind. 1983)(noting that relevance for discovery purposes is not to be limited to the precise issues formed by the pleadings, but is to be measured by the general relevance to the subject matter.); Roesburg v. Johns Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980)(finding that requests for discovery should be upheld if there is any possibility that the information sought may be relevant to the subject matter.)

Plaintiff's, such as Hue, are not relieved from participating in discovery solely because he is pro se and incarcerated.[9]  In Padro, the Court recognized that:

---

[8] See Rorer International Cosmetics, Ltd. v. Halpern, 85 F.R.D. 43, 45 (E.D. Pa. 1979) (citations omitted).

> Although *pro se* pleadings are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and time constraints for prisoner filings are subject to equitable considerations relating to prisoners' "unique circumstances", Grandison v. Moore, et al., 786 F.2d 146, 149 (ed Cir. 1986), the Court can discern no requirement of unlimited patience toward prisoners who file civil rights complaints. Such plaintiff's are required to respond to notices from the Court and to defendants' discovery requests and motions. Too often, prisoner plaintiffs assume that they are free to abdicate all responsibility for pursuing their cases once they have filed a complaint. Typically, the complaint is followed shortly by a request for appointment of counsel, as was done in this case. When, as here, the request is denied, many *pro se* plaintiffs refuse to do anything further, apparently in the hope that the Court will reconsider its decision not to appoint counsel. The case may languish for months or even years as the plaintiff maintains that he is unable to proceed or, as here, does nothing at all.

110 F.R.D. at 335; accord McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)(upholding decision of trial court that *pro se* prisoners should be given special solicitude, but it does not extend to "the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.")(citation omitted).

As the procedural background of this action indicates, Hue's *pro se* Complaint makes vague factual allegations of deliberate indifference to his medical needs, and due process deficiencies under the United States Constitution.[10]

---

[9] See Padro v. Heffelfinger, 110 F.R.D. 333, 334 (E.D. Pa. 1986).

[10] See Complaint, pp. 1-3, Doc 1.

5

The Corrections Defendants argue, *inter alia infra*, that their Interrogatories and Request for Production of Documents served upon Hue on April 1, 2002, are relevant as defined by Fed.R.Civ.P 26(b), given the present form of the allegations contained in the Complaint.  The Corrections Defendants seek further clarification through Hue's responses to their discovery requests to pinpoint the claims against them.

Yet, the essence of what Hue seeks through the Motions before the Court is relief from his obligation to respond to the Corrections Defendants' Interrogatories and Request for Production of Documents.[11]  The very core of his argument centers on his preference that the Corrections Defendants' provide their discovery prior to and ultimately, in lieu of, his obligation to respond to discovery motions.  Id. However, Hue cannot refuse to answer the Corrections Defendants' Interrogatories and Request for Production of Documents because he prefers to get Defendants

---

[11] See Motion for Enlargement filed on April 30, 2002, Doc. 34.

answers first.[12]   Further, the Corrections Defendants submit Hue's Request for Enlargement to their discovery lacks any basis based on the facts or the law. [13]

First, the Corrections Defendants intend to utilize the responses provided to their Interrogatories and Request for Production of Documents to frame the questions for the deposition of Hue, and to find possible issues in which to which the parties can agree, together limiting the length of time of Hue's deposition.  It appears that Hue fails to realize that it is costing the taxpayers of the Commonwealth (that funds the Department of Corrections, which is indemnifying the costs of this action for Corrections Defendants) money to depose him.  Further, Hue has the advantage of answering the Corrections Defendants' questions and requests thoughtfully, during his own time, and at his own pace.

---

[12] See Fed.R.Civ.P. 26(d) (providing, in part, that "[u]nless the court upon motion, for the convenience of the parties and witnesses and in the interests of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery by deposition or otherwise, does not operate to delay any other party's discovery.)  See also Mungin v. Stephens, 164 F.R.D. 275, 281 (S.D. Ga. 1995)(finding that "[n]o litigant has a right to dictate the course of discovery or demand that discovery proceed in the sequence that he prefers.")

[13] The Corrections Defendants submit that this matter was prematurely brought to the Court for review, without prior consultation with their undersigned attorney, when Hue filed his Discovery Motions on April 30, 2002.  However, also recognizing that Hue is a *pro se* inmate litigant, counsel respectfully requests that the Court direct Hue to consult, through correspondence, with the Corrections Defendants' attorney in the future so that stipulations may be reached pursuant to Fed.R.Civ.P. 29, or so the parties can at least confer in good faith in an effort to secure the information or material without Court action, as is required by Fed.R.Civ.P. 37(a)(2)(b).

Second, the Corrections Defendants seek responses to their Interrogatories and Request for Production of Documents given the confusing averments surrounding the Complaint. The undersigned attorney, through the discovery requested, seeks to clarify and pinpoint the claims against his clients. As noted above, upon receiving complete answers to the discovery request, counsel will utilize the material in preparing for Hue's deposition. The Interrogatories are framed, in recognition of Hue's *pro se* status, so that he can provide factual and legal arguments to the numerous claims he ambiguously presents in the Complaint. Hue will further the timely resolution of his case by answering the Interrogatories in the form and place requested.

Third, Hue's argument he needs Defendants Discovery in order to make a meaningful answer to requested interrogatories and so he can state each answer correct as possible lacks merit.[14] The Corrections Defendants have provided him with two copies of the Interrogatories, as required by Pa.MDLR 33.1, for him to write his responses. He simply needs to provide a written response on one of the copies and send it back to the Corrections Defendants' counsel. The reasons why the Plaintiff believes he did not receive adequate medical treatment and/or his facts to support retaliation are not responses to which the Corrections Defendants materials will assist in a response. In addition, any argument that he does not have

---

[14] See Motion for Enlargement filed April 30, 2002, Doc.34.

postage to do so is frivolous given his ability to submit both Motions to the Court at issue in this Brief.

Additionally, the Corrections Defendants have stated in the Request for Production of Documents that he can make arrangements with the Superintendent at SCI-Retreat, Edward Klem, to produce the documents for the production and review by submitting a Request to Staff Member form. Hue can produce for examination and inspection any relevant documents he has in his possession responsive to the Corrections Defendants' Request for Production of Documents at that time. Importantly, through this method, Hue would not incur the cost of the making copies; instead, the Department of Corrections would make the copies and return the original documents to him.[15]   The same procedure could be utilized by the Plaintiff to make arrangements to review his inmate file, and to review his medical records.

Fourth, in the event this Honorable Court deems Hue's document titled "Motion for Enlargement of time to comply with interrogatories by the defendants " as a response in compliance with the Federal Rules of Civil Procedure, the Corrections Defendants' submit that even for a *pro se* litigant the document is critically deficient in terms of substance and form. Specifically, the "burden of

---

[15] See Corrections Defendants' Document Request to Hue, p.2 attached hereto as Exhibit A.

showing that the requested discovery is not relevant or is unduly burdensome is on the party resisting discovery."[16]

Here, the Corrections Defendants, as required by the Local Rule 33.1, served Hue with two copies of the Interrogatories and allowed plenty of space for his answers and responses.[17]  In reviewing the Motion, Hue denies that he unable to respond to any discovery without the prior full discovery by Corrections Defendants.[18]   A facial review of the Request for documents and the Interrogatories themselves, makes it clear that some of the information requested is known only by the Plaintiff and for the most part, no additional materials are needed in order to respond to the interrogatories.[19]    Any objections to Interrogatories could just as easily, and in clear compliance with the Federal Rules and instructions provided, be made on the appropriate documents provided.  It is just as clear that the questions presented by the Plaintiff in his interrogatories do not relate directly to the interrogatories posed by Corrections Defendants.

---

[16] See Flora v. Hamilton, 81 F.R.D. 576, 578 (M.D. N.C. 1978).  Further, "[t]he party objecting discovery must state with particularity how each request is not relevant or is unduly burdensome, overly broad, or oppressive."  Roesberg, 85 F.R.D. at 296.

[17] See Corrections Defendants' Interrogatories to Plaintiff, pp.1-18, attached hereto as Exhibit B.

[18] See Motion for Enlargement of time to respond Interrogatories by the Defendants and their attorneys, filed April 30, 2002, Doc.34.

[19] See Corrections Defendants Interrogatories to Plaintiff, attached hereto as Exhibit B, pages 1-18.

"[T]he fact that answering the [requests] will require the objecting party to expend considerable time, effort, and expense . . . ." is not a reason to delay the discovery.  <u>Id</u>. at 297 (citations omitted).  At bare minimum, Hue should be required to take the time and give some effort to respond appropriately to the Corrections Defendants' discovery in this action prior to seeking this Honorable Court's valuable judicial resources to intervene.  The Motion should be denied.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, the Corrections Defendants respectfully request this Court to deny Hue's Enlargement of Time to Respond to Corrections Defendant's Interrogatories and order him to respond to their discovery requests within 20 days of the date of Court's Order herein.

Respectfully submitted,
Office of General Counsel

Marsha M. Davis
Assistant Counsel
Attorney Id. No. 28018
Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  May 15, 2002

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PHAN HUE,      :
          :
  Plaintiff,    :  Civil No. 01-CV-1064
          :
  v.      :  (Judge Kane)
          :
JAMES UPDIKE, et al.,   :  (Magistrate Judge Smyser)
          :
  Defendants.   :

## <u>EXHIBITS</u>

EXHIBIT A   CORRECTIONS DEFENDANTS' DOCUMENT REQUEST TO
       PLAINTIFF

EXHIBIT B   CORRECTIONS DEFENDANTS' INTERROGATORIES TO
       PLAINTIFF

*A*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                                :
                                         :   Civil Action No.  1:-CV-01-1064
    Plaintiff,                       :
                                         :   (Judge Yvette Kane)
    v.                               :
                                         :   (Magistrate Judge Smyser)
JAMES UPDIKE, JOSEPH                     :
MATALONI, EDWARD O"BRIEN,                :   JURY TRIAL DEMANDED
DALE HAZLAK,                             :
                                         :
    Defendants.                      :

## CORRECTIONS DEFENDANTS'
## DOCUMENT REQUEST TO PLAINTIFF

The Corrections Defendants, by and through their undersigned attorney,

hereby request that the Plaintiff produce documents (as defined below) or tangible

things in accordance with Fed.R.Civ.P. 26 and 34 and Rules of Court for the

Federal District Court for the Middle District of Pennsylvania, 5.4 and 26.1, *et.*

*seq.*, and in accordance with the following instructions and definitions:

## INSTRUCTIONS

1.    Within thirty (30) days of the date of service of these Document Requests,

you must produce the document for the inspection by the attorney, or his agent,

whose name and address appear below:

Marsha M. Davis, Esq.
Office of Chief Counsel
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

The documents may be sent to the above-listed address for their review or may be produced at the State Correctional Institution at Retreat ("SCI-Retreat"). In the event that Plaintiff chooses to produce the documents at SCI-Retreat, arrangements for the production and review should be made with the Superintendent Edward Klem by submitting an Inmate Request to Staff Member.

2.      If you have any objections to the production, state each and all of your reasons for any objection you make in a separate response.

3.      THESE DOCUMENT REQUESTS ARE CONTINUING.  If at any time after the production of the requested documents, you become aware of other additional documents subject to these requests, a suitable supplemental production must be promptly made in accordance with the instructions herein.

## DEFINITION:

"Document(s)":  Any written or graphic matter of any kind whatsoever, however produced or reproduced, any electronically or magnetically recorded matter of any kind or character, however produced or reproduced, and any other matter constituting the recording of data or information upon any tangible thing by

2

any means, whether recorded visually, such as by videotape, in writing, sound, electronic or magnetic impulse, or in any other manner, and including non-identical copies, preliminary versions, drafts, revisions or amendments of any of the foregoing any supporting, underlying or preparatory material.

### **DOCUMENT REQUESTS**

1. Any and all statements, descriptions of statements, summaries or statements, memoranda, records of writing (signed or unsigned) of any and all witnesses, including any statements from the parties herein, or their respective agents, servants or employees, including tapes or other mechanically transcribed information;

2. Any and all documents containing the names and home address of all individuals contacted as potential witnesses.

3. Any and all reports complied or prepared by an individual who has been retained as an expert in this matter including the expert's Curriculum Vitae as well as all items given to or examined by experts including not limited to all photographs, diagrams, drawings, reports, and statements;

4. All writings, memoranda, journals, diaries, notes, data and/or tangible things which relate directly or indirectly to the incident and damages which are the subject of this action;

3

5.　　All bills, reports, and records from any and all hospitals, physicians, or other providers or medical and health care, relating directly or indirectly to those damages alleged to be resulting from the incident which is the subject matter of this action;

6.　　Any and all records and reports of previous and/or subsequent health care involving the Plaintiff;

7.　　Any and all grievances related to the averments in the Complaint, filed by you, as well as all appeals taken thereto and the results of those appeals. (SCI-Retreat files contain only grievance numbers RET 0112-00 and RET 0185-00 and no appeals or responses to appeals)

8.　　Any and all copies of documents identified and/or referenced in your Answers to the Corrections Defendants' Interrogatories;

9.　　Any and all misconduct reports you aver were given as a result of the exercise of your constitutional rights.

10.    Any and all documents, records, evidence and anything whatsoever that will be introduced at trial for use in direct examination or impeachment.

Office of General Counsel

by _Marsha M Davis_
Marsha M. Davis
Assistant Counsel
Pa.  Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Pa. License No. 28018

Dated:  April 1, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                                     :
      Plaintiff                    :
                                   :   No. 1: CV-01-1064
    v.                               :
                                   :   (Judge Yvette Kane)
JAMES UPDIKE, JOSEPH                          :
MATALONI, EDWARD O'BRIEN                      :   (Magistrate Judge Smyser)
DALE HAZLAK,                                  :
      Respondents.                 :

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of Corrections Defendants' Interrogatories and Correction Defendants' Document Request to Plaintiff were served upon the person(s) in the matter indicated below.

### Service by first-class mail
### addressed as follows:

Phan Hue DY-0557          Alan S. Gold, Esquire
SCI-Retreat                Monaghan & Gold, P.C.
660 State Route 11         7837 Old York Road
Hunlock Creek, Pa. 18621   Elkins Park, Pa. 19027

*Cathleen E. Phillips*
Cathleen E. Phillips
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: *April 1, 2002*



**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**OFFICE OF CHIEF COUNSEL**
**55 UTLEY DRIVE**
**CAMP HILL, PENNSYLVANIA 17011**
**(717) 731-0444**

April 1, 2002

Phan Hue
SCI-Retreat
660 State Route 11
Hunlock Creek, Pa. 18621

Re: *Phan Hue, v. James Updike, Joseph Mataloni, et al.*
    *No. 4: CV-01-1064*

Enclosed please find the original and one copy of the Corrections

Defendants' Document Request to Plaintiff and the Corrections Defendant's

Interrogatories to Plaintiff in the above referenced matter. You are required

to provide answer to the Defendants' within thirty days of service hereof.

Very truly yours,

Marsha M. Davis

Marsha M. Davis

Enc. Corrections Defendants' Interrogatories to Plaintiff, and
    Corrections Defendants' Document request to Plaintiff.

File

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                               :
                                        :    Civil Action No.  1:-CV-01-1064
      Plaintiff,                    :
                                        :    (Judge Yvette Kane)
      v.                            :
                                        :    (Magistrate Judge Smyser)
JAMES UPDIKE, JOSEPH                    :
MATALONI, EDWARD O'BRIEN,               :
DALE HAZLAK                             :
                                        :    JURY TRIAL DEMANDED
      Defendants.                   :

## CORRECTIONS DEFENDANTS'
## INTERROGATORIES TO PLAINTIFF

The Corrections Defendants, by and through their undersigned attorney, propound these Interrogatories to the Plaintiff pursuant to Federal Rule of Civil Procedure 33, and Pa.MDLR 33.1 through 33.3. Plaintiff is required to answer these Interrogatories in writing under oath, based upon all information available to him and to his attorneys, agents, or representatives. Plaintiff is also required to serve answers to these Interrogatories within thirty (30) days after service thereof, and to supplement his answers, when necessary, in accordance with Federal Rule of Civil Procedure 26(e) and PaMDLR 33.2.

## **INSTRUCTIONS**

A.     The words "you" or "your" when used herein refer to all Plaintiff(s), their agents, servants and/or employees.

B.     "Identify" when used herein with respect to an individual means to state: (1) the person's full name and present or last know address; and (2) the person's position, employer and employer's address at the time of the events referred to in the Interrogatory.

C.     "Identify" when used herein with respect to an entity other than an individual (e.g. a corporation, partnership, unincorporated association, governmental agency, etc.), or a division or subdivision thereof, means to state the full name and present or last known address of the entity, and, if applicable, the full name and present or last known address of the entity's division or subdivision.

D.     "Document" when used herein means any record, including any object containing written, printed, or magnetically recorded information, a graphic or photographic representation, or sound. "Document" includes the original or any copy of any statement, report, letter, memorandum, book, article, note, blueprint, drawing, sketch, photograph, motion picture, videotape, sound recording. "Document" also includes any card, disc, tape, printout or any other article designed for use with a computer or other word or data processing system.

E.     "Identify" when used herein with respect to a document means to state: (1) the nature of the document (i.e., whether it is a statement, report, etc.); (2) the title of the document, or, if the document has no title, a description of the document; (3) the identity of the person or persons who prepared the document; (4) the identity of the person or persons for whom the document was prepared or to whom the document was directed; (5) the date the document was prepared; and, (6) the identity of the present custodian of the document or any copy of the document.

F.     When the word "incident" is used in these Interrogatories it is to refer to those occurrences alleged in Plaintiff's Amended Complaint.

G.    When the word "Corrections Defendants" is used in these Interrogatories it references to the Department of Corrections employees named as defendants in the Complaint and or Amended Complaint.

1.    State the name and address of each school, college, or educational institution you have attended listing the dates of attendance, the courses of study and any degrees or certificates received.

ANSWER:

2.  Have you ever been a party to a lawsuit other than the present one?  If so, for each lawsuit state the name of the suit; what your status was therein; the kind of suit involved; the court in which it was filed and the docket number; the date it was filed; whether there was a trial; and the ultimate disposition of the case.

    ANSWER:

3.   Have you or anyone acting on your behalf obtained from any person any statement concerning the matters you aver in the Complaint? If so, state: (a) the name and last known address of each person; (b) when, where and by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded; (c) state the name and address of any person who has custody of any such statements that were reduced to writing or otherwise recorded; and (d) please consider this a request to provide those statements referred to in the above answer.

ANSWER:

4.    Have you given any statement concerning this action or its subject matter? If so, state: (a) the name and the last known address of each person to whom a statement was given; (b) when and where each statement was given; and (c) please consider this a request to produce any and all statements in the above answer.

ANSWER:

5.    Have you filed any grievances relating to the matters you aver in your Complaint?  If so, state a) date of grievance; b) who grievance addressed to; c) response received; d) if an appeal was filed; e) response(s) to appeal(s); and f) please consider this a request to provide copies of those grievances and responses thereto referred to in the above answer.


ANSWER:

6.    Please state the names, home addresses, business addresses (if any) and job classification of all persons whom you intend to call as non-expert witnesses on your behalf at the trial of this case.


ANSWER:

7.    If you know of any person believed or understood by you to have any knowledge of your health care and medical condition(s), <u>not affiliated with the Department of Corrections</u>, during the time period that is subject of this action, identify each person including his/her name, present or last known address, telephone number, and his/her location during the time period in question.

ANSWER:

8.    State the date(s) and event(s) when you feel you received misconduct reports by the Department of Corrections Defendants as a direct result of pursuing action on the claims alleged in your Complaint.  Please include copies of those misconduct report referred to in response to the above question.

ANSWER:

9.    Identify anyone you have received information from that the Corrections Defendants were deliberately indifferent or negligent in attending and treating your medical needs including the qualification of that person, description of the information received, the date the information was received, a description of the facts upon which the information was based, whether a record was made of the information, and if so the name and address of the person who has such record, and provide a copy of the record.

ANSWER:

10.    Identify each injury (medical, physical and/or psychological) you claim to have suffered as a result of the alleged deliberate indifference of the Corrections Defendants to your medical needs including:  (a) its nature, extent, and how it was caused; and (b) the date it was caused.

ANSWER:

11.  If it is your contention that the Corrections Defendant Mataloni violated
your Eighth Amendment rights involving cruel and unusual punishment,
please:  (a) identify the facts supporting your contention; (b) identify any
documents containing facts supporting your contention; (c) identify each
individual who has knowledge of a fact supporting that contention; (d)
identify each individual who will testify to the facts supporting that
contention; and (e) provide a summary of the substance of the testimony of
each individual identified in (d) above.

ANSWER:

12. If it is your contention that the Corrections Defendant O'Brien violated your Eighth Amendment rights involving cruel and unusual punishment, please: (a) identify the facts supporting your contention; (b) identify any documents containing facts supporting your contention; (c) identify each individual who has knowledge of a fact supporting that contention; (d) identify each individual who will testify to the facts supporting that contention; and (e) provide a summary of the substance of the testimony of each individual identified in (d) above.

ANSWER:

13. If it is your contention that the Corrections Defendant Hazlak violated your Eighth Amendment rights involving cruel and unusual punishment, please: (a) identify the facts supporting your contention; (b) identify any documents containing facts supporting your contention; (c) identify each individual who has knowledge of a fact supporting that contention; (d) identify each individual who will testify to the facts supporting that contention; and (e) provide a summary of the substance of the testimony of each individual identified in (d) above.

ANSWER:

14.  If it is your contention that any Corrections Defendants violated your Fourteenth Amendment rights involving due process concerns, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER:

15.    State the name, address, and telephone number of any and all persons who prepared or assisted in the preparation of answers to these Interrogatories.


ANSWER:


Office of General Counsel

by *Marsha M. Davis*
Marsha M. Davis
Assistant Counsel
Attorney Id. No. 28018
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 1, 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                                :
                                         :
    Plaintiff,           :          Civil No. 01-CV-1064
                                         :
    v.                    :          (Judge Kane)
                                         :
JAMES UPDIKE, et al.,                    :          (Magistrate Judge Smyser)
                                         :
    Defendants.          :

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of Corrections Defendants Brief in Opposition to Plaintiff's Motion for Enlargement of Time to Respond to Correction Defendants Inerrogatiories in the above-referenced matter.

### Service by first-class mail addressed as follows:

Phan Hue, DY 0577               Alan Gold, Esquire
SCI-Retreat                    Monaghan & Gold, P.C.
660 State Route 11           7837 Old York Road
Hunlock Creek, Pa. 18621     Elkins Park, PA  19027

Marilyn Jones
Clerk Typist 2

Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  May 15, 2002