39
5/17/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE, Plaintiff

v.

JAMES UPDIKE, JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK, Defendants

CIVIL NO. **1:01-CV-1064**

(Judge Kane)

(Magistrate Judge Smyser)

FILED
HARRISBURG, PA

MAY 17 2002

MARY E. D'ANDREA, CLERK
Per ________ Deputy Clerk

**ORDER**

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

On March 28, 2002, the plaintiff filed a "Motion of Order for Examination Pursuant to Rule 35(a)." The plaintiff is seeking an Order from the court directing that he be examined by a bone specialist not affiliated with the prison.

Federal Rule of Civil Procedure 35(a) provides:

> **(a) Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made

"The moving party must bear the expense of the [Rule 35] examination itself." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* §2234 (2d ed. 1994). "Rule 35(a) does not give the district court authority to order an independent . . . examination at government expense." *Kruitbosch v. VanDeVeire*, No. 91-4200, 1992 WL 313121 at *1 (10th Cir. Oct.



AO 72A
(Rev.8/82)

23, 1992). Moreover, there is no statutory authority for the court to pay for expert witness fees. *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987), *cert. denied*, 485 U.S. 991 (1988).

The plaintiff's motion for an Order from the court directing that he be examined by a bone specialist not affiliated with the prison will be denied.

On April 16, 2002, the plaintiff filed a second motion for the appointment of counsel.

28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.

In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989), the Court held that 28 U.S.C. § 1915 does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit set forth a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. The court in *Tabron* discussed the following factors: 1) the merits of the plaintiff's claim; 2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues; 4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases meeting the *Tabron v. Grace* criteria has been addressed in Local Rule 83.34. The Middle



AO 72A
(Rev.8/82)

District Federal Bar Association has assembled a panel of attorneys who may accept appointments at the request of the court in these cases.

The plaintiff's principal claims in this case are Eighth Amendment medical claims. The claims have survived motions to dismiss, and we can not say that they are without legal merit.

The plaintiff claims that he lacks the ability and knowledge to pursue this case. The documents filed by the plaintiff thus far indicate that he is able to communicate effectively with the court. However, the plaintiff's motion for the appointment of counsel makes clear that the documents filed by the plaintiff thus far have been prepared by another inmate, Anthony Rish, on the plaintiff's behalf. Rish states in the plaintiff's motion for the appointment of counsel that he is to be released from custody on April 12, 2002. Mr. Rish states that the plaintiff speaks Vietnamese and that the plaintiff can not read English. The plaintiff attached a

letter to his motion for appointment of counsel. The letter is in Vietnamese.

The court has little basis to evaluate the potential merits of a civil rights complaint in a meaningfully predictive manner, but the court can see in a case such as the present the possibility of the development of the evidence to support the case only with the assistance of counsel.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do justify a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case. A communication to that end will be initiated to Mr. Rubendall, the panel administrator.

AND NOW, this 17th day of May, 2002, **IT IS HEREBY ORDERED** that the plaintiff's motion (Doc. 32) for the appointment of counsel is conditionally **GRANTED. IT IS ORDERED**



AO 72A
(Rev.8/82)

that a copy of this Order shall be sent to Mr. Rubendall. Mr. Rubendall may inform the court in due course whether an attorney will enter his or her appearance on behalf of the plaintiff or, in the alternative, that no panel attorney accepts the appointment. **IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 23) for an Order from the court directing that he be examined by a bone specialist not affiliated with the prison is **DENIED.** **IT IS ALSO ORDERED** that the plaintiff's motion (doc. 34) for an enlargement of time to respond to the defendants' interrogatories is **GRANTED.** The plaintiff shall respond to the interrogatories on or before June 28, 2002.

J. Andrew Smyser
Magistrate Judge

Dated: May 17, 2002.



AO 72A
(Rev.8/82)