IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : : | (Judge Kane) Magistrate Judge Smyser) |

**ANSWER AND AFFIRMATIVE DEFENSES OF JAMES UPDYKE, P.A.
TO THE COMPLAINT OF PHAN HUE**

James Updyke, P.A. ("Updyke") answers the complaint of Phan Hue ("Hue") as follows:

1. It is admitted that there are no previous law suits.

2. Denied. Hue has not exhausted his administrative remedies. He has not utilized either of the two appellate procedures provided to him by the Commonwealth of Pennsylvania by means of DC-ADM804. He has not sought monetary damages at any level, including the initial grievance procedure. He has not challenged any action of Updyke through any grievance. Consequently, he has not exhausted his administrative grievances. 42 U.S.C. §1997e(a) bars his claim.

3. It is admitted that Updyke is a defendant. It is denied that he engaged in any wrongful conduct.

4. **STATEMENT OF CLAIM:**

    1. Denied.

    2. It is admitted that prison officials transported Hue to an outside hospital. It is denied that the emergency room physician informed him that he

1

would need to see a bone specialist. It is admitted that he prescribed medication. He received the medication prescribed.

3. Denied. Updyke did not refuse to schedule the plaintiff to see a bone specialist. No doctor recommended it. No other averments in this paragraph are directed to Updyke.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Hue has failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a). He has not sought monetary damages at any level of the administrative procedures. He has not utilized the second and third level of the administrative procedures. He has not even filed a grievance at the first level relating to any of his claims against Updyke contained in his complaint.

### SECOND AFFIRMATIVE DEFENSE

2. Hue has failed to establish a serious medical need.

### THIRD AFFIRMATIVE DEFENSE

3. Hue has not established that Updyke acted with deliberate indifference to his serious medical needs since he has not shown that Updyke knew that his conduct presented a substantial risk of harm to Hue.

### FOURTH AFFIRMATIVE DEFENSE

4. To the extent that Hue contends that the actions of Updyke or the omissions of Updyke caused emotional distress to him he must establish physical harm as required by 42 U.S.C. §1997e.

2

### FIFTH AFFIRMATIVE DEFENSE

5.  Updyke incorporates all of the limitations on damages and attorney's fees imposed upon Hue's claim by 42 U.S.C. §1997e.

### SIXTH AFFIRMATIVE DEFENSE

6.  To the extent that Hue seeks punitive damages pursuant to the common law of the Commonwealth of Pennsylvania the claim is barred because the method of allocating punitive damages utilized by the courts of the Commonwealth of Pennsylvania is unconstitutional because it requires no relationship between compensatory and punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

7.  To the extent that Hue seeks delay damages based on any claim arising from the common law of the Commonwealth of Pennsylvania such damages are barred because the method of award delay damages adopted by Pennsylvania Rule of Civil Procedure 238 violates the Fourteenth Amendment of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Updyke asserts all defenses provided by any Pennsylvania statute to any cause of action arising out of medical malpractice.

WHEREFORE, James Updyke, P.A. respectfully requests that judgment be awarded in his favor and against Phan Hue together with attorneys fees and costs incurred in defending this action.

                                         GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
       ALAN S. GOLD
       Attorney for Defendant,
       James Updyke, P.A.

       7837 Old York Road
       Elkins Park, PA 19027
       (215) 635-2000

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, James Updyke, P.A.'s Answer and Affirmative Defenses to Plaintiff's Complaint by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

ALAN S. GOLD

DATE: 5-22-02