See attached.

44
6/6/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE, | : | CIVIL NO. **1:01-CV-1064** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| JAMES UPDIKE, JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK, | : | |
| Defendants | : | |

FILED
HARRISBURG, PA
JUN - 5 2002
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**ORDER**

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

On May 15, 2002, defendants Mataloni, O'Brian and Hazlak filed an answer to the complaint. Defendants Mataloni, O'Brian and Hazlak attached a "Notice to Plead" to their answer to the complaint. A "Notice to Plead" is not proper in this court. The "Notice to Plead" attached to the answer provides that the plaintiff must file a response to the answer within thirty days or risk having a judgment entered against him. This is inconsistent with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 7(a) sets forth which pleadings are allowed. A reply to an answer is not a pleading that is allowed as a matter of course. Rather, a reply to an answer is only allowed if specifically ordered by the court. The "Notice to Plead" attached to defendants Mataloni, O'Brian and Hazlak's answer will be stricken.

By an Order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted conditioned upon finding an attorney willing to enter an appearance on behalf of the plaintiff in this case.



AO 72A
(Rev.8/82)

On May 24, 2002, defendant Updyke filed an answer to the complaint.

On May 30, 2002, defendants Mataloni, O'Brian and Hazlak filed a motion for summary judgment.[1] Also on May 30, 2002, defendants Mataloni, O'Brian and Hazlak filed a motion for an enlargement of time. Although titled a motion for an enlargement of time, the motion is actually a motion for the court to stay the defendants' obligation to respond to the discovery requests served by the plaintiff until after the court decides the pending summary judgment motion.

Motions to stay discovery may be granted pursuant to Fed.R.Civ.P. 26(c). Pursuant to Rule 26(c), if good cause is shown the court may protect a party from annoyance, embarrassment, oppression, or undue burden or expense by entering a protective order that the disclosure or discovery not be had or that the disclosure or discovery may be had only

---

1. We note that defendants Mataloni, O'Brian and Hazlak did not file a statement of material facts with their motion for summary judgment as required by Local Rule 56.1.



AO 72A
(Rev.8/82)

on specified terms and conditions, including a designation of the time or place. Good cause is established by a showing that disclosure will work a clearly defined and serious injury to the party seeking the protective order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) "The injury must be shown with specificity." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Id.* The burden of establishing good cause is on the party seeking the protective order. *Id.* at 786-87.

This court will not automatically stay discovery pending the disposition of a motion. Stays of discovery pending the disposition of motions "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Speciality Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Nevertheless, where good cause for a stay is shown discovery will be stayed pending the



AO 72A
(Rev.8/82)

resolution of a motion. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The Case Management Order in the instant case provides that all discovery shall be planned and commenced so as to be completed by August 5, 2002. If a stay of discovery is granted and the motion for summary judgment is ultimately granted, then there will be no need for discovery and the defendants will be spared the time and expense of answering the plaintiff's discovery requests. On the other hand, if a stay of discovery is granted and the motion for summary judgment is ultimately denied, a new discovery deadline will have to be established. This will result in delay.

In the instant case, we have no basis to make a reasonable determination about whether or not the defendants' motion for summary judgment is likely to be granted or denied.



AO 72A
(Rev.8/82)

The defendants have not yet filed a brief in support of that motion.

The defendants have failed to show good cause for the issuance of a protective order. Apart from their argument that they should not be required to respond to any discovery because of the pending motion for summary judgment, the defendants have not even argued that the discovery would be burdensome or oppressive. Additionally, we note that the defendants opposed the plaintiff's request for an extension of time to respond to the discovery requests served by the defendants. The defendants appear to want to force the plaintiff to respond to their discovery requests while at the same time they want to be relieved of the duty to respond to the plaintiff's discovery requests.

We will not grant a stay of discovery. We will however, grant the defendants an extension of time until June 28, 2002 (the same date of the extension of time received by



AO 72A
(Rev.8/82)

the plaintiff) to respond to the plaintiff's discovery requests.

AND NOW, this 5th day of June, 2002, **IT IS HEREBY ORDERED** that the defendants' motion (doc. 41) for a stay of discovery is **DENIED.** The defendants shall respond to the plaintiff's discovery requests on or before June 28, 2002. **IT IS FURTHER ORDERED** that the "Notice to Plead" attached to the answer filed by defendants Mataloni, O'Brian and Hazlak is **STRICKEN FROM THE RECORD.** The plaintiff shall not file a reply to the answer.

J. Andrew Smyser
Magistrate Judge

Dated: June 5, 2002.



AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 5, 2002

Re: 1:01-cv-01064 Hue v. Updike

True and correct copies of the attached were mailed by the clerk to the following:

Phan Hue
SCI-RETREAT
DY-0577
660 State Route 11
Hunlock Creek, PA 18621

Alan S. Gold, Esq.
Gold, Butkovitz & Robins, P.C.
7837 Old York Rd.
Elkins Park, PA 19027 Fax No.: 12156352543

Marsha M. Davis, Esq.
Office of Chief Counsel
PA Dept of Corrections
55 Utley Drive
Camp Hill, PA 17011 Fax No.: 17179752217

cc:
Judge ( )
Magistrate Judge ( ✓ )
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Ct Reporter ( )
Ctroom Deputy ( )
Orig-Security ( )
Federal Public Defender ( )
Summons Issued ( ) with N/C attached to complt. and served by: U.S. Marshal ( ) Pltf's Attorney ( )
Standard Order 93-5 ( )
Order to Show Cause ( ) with Petition attached & mailed certified mail

( ) Pro Se Law Clerk
( ) INS
( ) Jury Clerk

6/5/02

[signature]