UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                                : CIVIL NO. 1:01-CV-1064
                                         :
           Plaintiff                     : (Judge Kane)
                                         :
     v.                                  : (Magistrate Judge Smyser)
                                         :
JAMES UPDIKE,                            :
JOSEPH MATALONI,                         :
EDWARD O'BRIAN and                       :                FILED
DALE HAZLAK,                             :           HARRISBURG, PA
                                         :
           Defendants                    :             JUN 12 2002
                                         :
                                         :        MARY E. D'ANDREA, CLERK
                                                  Per _____
                          ORDER                          Deputy Clerk

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

AO 72A
(Rev 8/82)

On May 15, 2002, defendants Mataloni, O'Brian and Hazlak filed an answer to the complaint.

By an Order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted, on the condition that an attorney from the Panel of Voluntary Attorneys (LR 83.34) would enter an appearance on behalf of the plaintiff in this case.

On May 24, 2002, defendant Updyke filed an answer to the complaint.

On May 30, 2002, defendants Mataloni, O'Brian and Hazlak filed a motion for summary judgment. Defendants Mataloni, O'Brian and Hazlak did not file a statement of material facts with their motion for summary judgment as required by Local Rule 56.1.

On June 4, 2002, the plaintiff filed a motion to stay this case pending an appearance by counsel on behalf of the plaintiff.

On June 6, 2002, defendants Mataloni, O'Brian and Hazlak filed a statement of material facts, exhibits and a brief in support of their motion for summary judgment. On June 7, 2002, defendants Mataloni, O'Brian and Hazlak filed a motion for leave to file *nunc pro tunc* their statement of material facts and exhibits in support of their motion for summary judgment.

AND NOW, this 12th day of June, 2002, **IT IS HEREBY ORDERED** that the motion (doc. 47) filed by defendants Mataloni, O'Brian and Hazlak for leave to file *nunc pro tunc* their statement of material facts and exhibits in support of their motion for summary judgment is **GRANTED.** The exhibits and statement of material facts filed by defendants Mataloni, O'Brian and Hazlak on June 6, 2002 are accepted as timely filed. **IT IS FURTHER ORDERED** that the plaintiff's motion

(doc. 43) to stay the proceedings pending an appearance by counsel on behalf of the plaintiff is **GRANTED IN PART.** The plaintiff's obligation to respond to the motion for summary judgment is stayed for a period of 60 days. The Clerk of Court is directed to send a copy of this Order to Mr. Rubendall, the pro bono Chair of the Middle District Chapter of the Federal Bar Association. Mr. Rubendall is requested to inform the court on or before July 12, 2002 pursuant to LR 83.34 whether counsel will enter an appearance in this case on behalf of the plaintiff. If more time should be allotted to the search for an attorney, the court may be informed of that.

_____
J. Andrew Smyser
Magistrate Judge

Dated: June  12 , 2002.

4