IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : : | (Judge Kane) Magistrate Judge Smyser) |

FILED
HARRISBURG, PA
JUN 17 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

BRIEF OF JAMES UPDYKE, P.A. IN SUPPORT
OF HIS MOTION TO COMPEL THE DEPOSITION OF PHAN HUE

I. PROCEDURAL HISTORY OF THE CASE

Phan Hue ("Hue") has brought an action pursuant to 42 U.S.C. §1983 contending that while confined as an inmate at the Pennsylvania State Correctional Institution of Retreat ("SCI-Retreat"), James Updyke, P.A. (hereinafter referred to as "Updyke") violated his constitutional rights by denying him adequate medical treatment. Updyke now seeks to depose Hue by filing this motion.

II. STATEMENT OF THE FACTS

Hue contends that Updyke violated his constitutional rights pursuant to 42 U.S.C. §1983 by allegedly denying him adequate medical care. Updyke seek to depose Hue who is currently a prisoner at S.C.I. Retreat.

III. STATEMENT OF THE QUESTIONS INVOLVED

Should the Court pursuant to Federal Rule of Civil Procedure 30(a) permit a defendant to depose an inmate plaintiff?

IV. ARGUMENT

Updyke seeks to take the deposition of Hue within thirty days of the Court's order at S.C.I. Retreat. Hue currently resides at S.C.I. Retreat as an inmate. Ordinarily as a litigant,

Updyke, would not have to ask the Court's approval to take a deposition of the plaintiff Hue. But Federal Rule of Civil Procedure 30(a) states in relevant part:

> The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

Consequently, Updyke needs the approval of the court before taking the deposition of Hue. In order to defend himself and to determine the basis of Hue's claim against him, Updyke need Hue's deposition. Without it Updyke lacks the ability to prepare his defense and to determine whether or not a motion for summary judgment is appropriate. No reason exists to deny the motion. The thirty day time period contained in the order permits both the Warden of S.C.I. Retreat and all involved the necessary flexibility in arriving at a convenient date for the deposition.

## V. CONCLUSION

In the light of the foregoing defendant, James Updyke, P.A., respectfully requests that his motion to compel the deposition of Phan Hue be granted.

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
James Updyke, P.A.

7837 Old York Road
Elkins Park, PA 19027
(215)635-2000

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of Defendant, James Updyke, P.A.'s Motion to Compel the Deposition of Phan Hue by First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

DATE: 6/12/02

ALAN S. GOLD