# JUDGE'S COPY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE, Pro Se | : | |
| **Plaintiff** | : | CIVIL ACTION-LAW |
| | : | |
| vs. | : | NO#01:CV:1064 |
| | : | |
| JAMES UPDIKE; | : | MAGISTRATE JUDGE(SMYSER) |
| JOSEPH MATALONI; | : | |
| EDWARD O'BRIEN; | : | OPPOSITION MOTION AND THE |
| and DALE HAZLAK; | : | RESPONSE TO SUMMARY REQUEST |
| **Defendant's** | : | |

**FILED**
HARRISBURG, PA

JUN 1 8 2002

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

### BRIEF OF PHAN HUE
### IN OPPOSITION TO DEFENDANT'S REQUEST
### FOR SUMMARY JUDGMENT'S

## I.PROCEDERAL HISTORY:

Phan Hue is a <u>pro se</u> prisoner whose currently confined
as a state prisoner at the locale of S.C.I. Retreat, #660, State
Route #11, Hunlock Creek, Pennsylvania, 18621-9580. Phan Hue has
initiated a civil rights action pursuant to 42 U.S.C.sec.§1983
and the Civil Rights Act of 1871. Phan Hue initiated the instant
proceedings as a result of filing his complaint with a request to
proceed in propia persona status, pursuant to §1915 and 3006 (a)(g)
of the Federal Statutes on June 15, 2001.

The Corrections Defendant's filed a Motion to Dismiss the
Complaint on February 8, 2002. That Motion to Dismiss was denied
by the Court on May 10, 2002. The Court issued a scheduling order
on March 6, 2002, indicating discovery is to be completed by the
date of August 5, 2002. On May 15, 2002, Corrections Defendant's
filed their answer to Plaintiff's Complaint with affirmative
defenses. On May 17, 2002, Magistrate Judge, Smyser ordered the

The Plaintiff after the untimely filed Brief has reviewed said Arguments and Points of Defendant's defense's and thereby, argues said Brief should be denied as "moot" for Counsel's errors to file their brief." However, the Plaintiff further asserts in this brief that Defendant's are incorrect and further there are genuine issues of material facts and circumstances in dispute between all parties." Moreoverly, the Plaintiff avers to this Court he shall further set forth the issue's the Defendant's seem to have neglected to bring to the Courts attention, so through his translator( John Doe, AKA ) he shall propound as follows to warrant a denial of the Defendant's request and a trial by jury is therefore the appropriate avenue and it's further requested this matter be scheduled for a trial by jury."

## MEMORANDUM OF LAW

To bring a claim under 42 U.S.C.§1983 and §1985 a plaintiff must allege that a person acting under the color of state law has deprived him of his State and/or Constitutional Rights. See Paratt vs.Taylor, 451 U.S. 527, 535, (1981), U.S. SCt.___,_____ (Overruled in part on other grounds). Although prisoners do not forfeit all their Constitutional Rights upon entering into a prison setting. See, Wolff vs.Mcdonell, 418 U.S. 539, 555,___,___ SCt.___,___,1974.

There is a fundamental difference between depriving a prisoner of privileges that he may enjoy and depriving him of the basic necessities of human existence. See, Young vs.Quinlan, 960 F2d 364,(3rd Cir.1991); Cruz vs.Beto, 405 U.S. 319, 322 (1972) and Lee vs.Washington, 390 U.S. 333,(333-334), 1968.

It goes without question that the Constitution's extend beyond prison wall's to inmate's. See, Cruz vs.Beto, 405 U.S. 319, 321,(1972), "stating,"that Federal Courts should enforce the Constitution's and Right's of "all persons" which include Phan Hue a prisoner."

that the Plaintiff's Motion for the Appointment of Counsel
be granted based upon language handicapp, lack of understanding
of the English Lingua(Reading, Writing, etc.) and further the
lack of the Plaintiff's education based upon being a Native of
the Vietnameese Culture." The Court at said date and time denied
the Plaintiff's request to see a Bone Specialist under Federal
Rule of Civil P.35, thus the Court granted the PLaintiff's
request for enlargement of time in which to file answers to the
Defendant's Interrogatoies, written in English."On May 24, 2002
Defendant, James Updike filed his answer in affirmative defense.
The last day of discovery was scheduled to occur on July 1, 2002.

   Corrections defendant's served Interrogatories and Request for
the production of documents and things on the Plaintiff on April 1,
2002. The Plaintiff at the same time initiated Interrogatories and
his request for the Production of Documents and Things on the named
Defendant's, which were sent through the Court on April 30, 2002.
The Defendant's then filed a Motion for Enlargement of Time, as a
first request on May 30, 2002, with a limited Motion for Summary
Judgment. However, the Defendant's sought to delay the Plaintiff's
requests for Discovery and Interrogatories, wherein at the same
time they requested of such to be accorded." On June 5, 2002, the
Court denied the Defendant's request's and Ordered they comply with
Discovery and Interrogatories, thus rendering an "opinion" and
denied the Summary JUdgment request in pertinent part for the
Defendant's failure to file briefs." The Court further ordered
the Defendant's Motion to be inconsistent with Federal Rule of
Civil Procedure 7(a) and thereby, determined the Defendant's
Notice to Plead be stricken from the record and Plaintiff was
Ordered not to respond and/or answer." The Court in return also
ordered said parties to complete discovery by August 5, 2002."
The Court further ordered defendant's discovery to be accorded
by June 28, 2002." Subsequent to the Courts Order the Defendant's
then filed a Nunc Pro Tunc, Motion for Summary Judgment and therein
requested a dismissal under 42 U.S.C.sec.§1997(a)(e).

Prison actions alleged to infringe on constitutional rights
are judged under a reasonableness test, less stringent then those
ordinarily applied to those alleged infringements of the fundamental
Constitutional Rights.See, Thornburgh vs.Abott, 490 U.S. 401, 409,
410(1989). An action is upheld if it is related to a legitimate
penological interest.See, O'Lone vs.Estate of Shabazz, 482 U.S.
342, 350(1987), discussing prison regulations." True factors to
be considered relevant to evaluating reasonableness include;
(1) Whether alternative means for exercising the right being
asserted remain available; (2) Whether a valid rational exists
between the regulation and the legitimate interests to justify
it; (3) Whether accomadation of the asserted right will "adversly"
affect guards, other inmates and the allocation of prison resources
generally; (4) Whether an obvious alternative to the regulation
exists, which fully accomodates the prisoners right to a de minimus
cost to valid penological interests. The SUpreme COurt has rejected
the :least alternative: test in assessing the Constitutionallity of
Prison regulations." However, the existence of alternatives may be
evidence of exaggerated responses  to prison concerns." Prisoners
also retain substantive rights and administrative code rights,despite
being incarcerated." The types of deprivations at issue are clearly
that of our Constitutions." Moreoverly, the only summary judgment
request should be made in favor of the plaintiff and the defendant's
request should be held in abatement until after discovery is finished."
There is obviously issues in dispute between the parties and this
case should be scheduled for a trial by jury." There is more then
a mere scintallia of evidence to support the claims presented by
the plaintiff."

## OPPOSITION TO SUMMARY JUDGMENT:

As indicated in the defendant's request for Summary Judgment
they concede that Plaintiff's claims are barred under the 1997(e)(a)
for the Plaintiff, Phan Hue having not exhausted his three tier
remedy." The Plaintiff however, conceded herein that he filed his
appeal's to the Defendant's subordinates, agents, successors and
servants." As"annexed" the Plaintiff shows he in fact did exhaust
these remedies.

However, when the Plaintiff filed his Grievance's the prison
official's refused to furnish him with copies upon request."
Moreoverly, it should be noted the Plaintiff solely relied
upon other inmate's to assist him in the filing of his
grievance's." This can easily be shown of the Plaintiff's
reliance on inmate's based upon his language handicapp's,
lack of education, lack of understanding of the English
Lingua and illiteracy."<u>See</u>, Defendant's Summary Judgment
Brief at Exhibit "C:C" which it is patently clear this
Grievance was written by another inmate, based upon not
just the handwriting but the method of not being written
in first person context." Surely the Defendant's never
accomodated Phan Hue with the Department of Corrections
Policies to be translated and/or written in Vietnameese
Language." The Defendant's and Department of Corrections
do this for Lantino inmate's." Moreoverly, the named
Defendant's fail to bring to the Courts attention in their
Summary Judgment brief the fact they retaliated against
Phan Hue for the filing of Grievance's." In fact this shows
violations of the First Amendment and impeding of access to
any meaningful process." With this in mind it is respectfully
submitted to this Court that the Defendant's claims for any
Summary Judgment be denied."

Despite the Defendant's allegations of Phan Hue having never
exhausted his three tier process of Administrative Remedies
to the contrary Phan Hue did in fact file appeal's to the
Department of Corrections in Camp Hill." In fact the proof
of this is attached as Exhibit "A" and surely the address
on the envelope proves this." It is the duty of the State
and Governmental Office's to keep simple record keeping
of inmate's who file appeal's." In fact the D.O.C. returned
Phan Hues appeal's back to him with a copy of his Grievance's."
Therefore, Phan Hue has exhausted all remedies the Defendant's
made available to him." Therefore, Summary Judgment should be
denied on the grounds being raised by the Defendant's under
42 U.S.C.sec.§1997 (a)(e) and this matter be scheduled for a

trial by jury." Clearly the Supreme Court declared in
Mcarthy vs.Maddigan,__,__,U.S.__,S.Ct.__, 1998, that a
prisoner can file a §1983 if his rights being lost are
futile and cause risk of his health and safety and/or
jeopardize other important rights."

The Defendant's also "proclaim" they were willing to
compensate Phan Hue through prison administrative remedies
had he exhausted these remedies." To the contrary of this
argument being raised by the Defendant's, they appear to
be misleading in their argument's based upon this matter
was about Phan Hue being accorded surgeory upon the date
of the initial injuries." Clearly, Phan Hue informed all
of the Defendant's repeatedly of his injuries and they
failed to accord him the rights of proper medical assis-
ances and treatments for his serious injuries." As a
result of this deliberate indifference to the serious
medical needs of Phan Hue, these injuries went untreated."
Moreoverly, to the contrary of the Defendant's misleading
argument's trying to allege Phan Hue failed to come to
his appointment's, these argument's go without merit."
At the outset of this argument, Phan Hue asserts that
he is a prisoner and does not hold the "keys" to his
cell and/or push the buttons to unlock the door to his
cell." Therefore, this obligation was the defendant's
and their subordinate's responsibility to ensure that
Phan Hue was made available for his appointment's."
Therefore, these argument's should be denied and the
case scheduled for a trial by jury." As indicated in
Defendant's Summary Judgment Brief, at Exhibit "C:C"
at Grievance 185-00 it clearly states Phan HUe filed
11 request forms to the Defendant's."

The Defendant's seemingly proclaim they should not be
held liable for their unconstitutional practices, policies,
proceedures, customs and decisions." To the contrary the

the Defendant's all have an obligation to ensure the health, safety and general welfare of Phan Hue." In fact this was not done and the failure to recognize of such an obligation shows deliberate indifference to the serious medical needs of Phan Hue." Moreoverly, Defendant Joseph Mataloni, is the head of Medical and was even assigned the Grievance's." It respectfully is requested based upon Matalonis knowledge of Phan Hues injuries he continue to be held accountable." Summary Judgment should further be denied for all defendant's based upon the 1st, 8th and 14th Amendments are clearly established rights." Clearly, Joseph Mataloni has the obligation to assist to medical needs of Phan Hue." Moreoverly, when the Pennsylvania State Department of Corrections established subcontracting of the Medical Department they designated Mr.Mataloni as head of the Medical Department here at Retreat." Pursuant to Phan Hue's third party beneficiary rights under the contract entered into with the Medical Department." It further should be noted that under the contract Phan Hue is entitled to surgeory and to be seen by proper outside Specialists for exams." The Defendant's clearly are in violation of this contract by the refusal of Phan Hue to be accorded necessary treatment for the two year period." Therefore, Summary Judgment should be denied on all these grounds and the Defendant's defense of not being held liable for malpractice should also be denied." The named Defendant's have all exerted the components of deliberate indifference towards Phan Hue." As for the Defendant's they all had knowledge of these injuries and continued to force Phan Hue to work." Moreoverly, the Defendant's not only violated State Created rights under the Title 37 of Pa.Codes, they violated Phan Hues rights of Due Process and each of these codes." Clearly the named Defendant's further violated their duties under Department of Corrections Professional Conducts and Codes of Ethics." Based upon all this Summary Judgment should be denied and this case listed for trial by jury."

<u>Celotex</u>, 477 U.S. at 324; <u>Schoch vs. First Fidelity Bancorporation</u>, 912 F2d 654, 657( 3rd Cir.1990). Summary Judgment is only appropriate if," viewing all the evidences, which has been tendered and should have been submitted in the light most favorable to the party opposing the motion, no jury could decide in favor of the paryt." <u>Tigg Corporation vs. Dow Corning Corporation</u>, 822 F2d 358, 361 (3rd Cir.1987).

## Summary Judgment in the First Amendment Retaliation Context.

Summary Judgment is particularly inappropriate in the First Amendment Retaliation context. In order for the Defendant's to prevail on their motion this Court must conclude that no reasonable jury could conclude that retaliatory animus was a substantial or motivating factor in the actions taken against Phan Hue." Specifically," in a First Amendment retaliation case, the Plaintiff has the initial burden of showing that his constitutionally protected conduct was a "substantial" or"motivating factor" in the relevant decision." <u>Suppan vs.Dadonna</u>, 203 F3d 228, 235(3rd Cir.2000), citing, <u>Mt.Healthy City School District Board of Education vs.Doyles</u>, 429 U.S. 274, 287 (1977). Under the framework," the plaintiff is not required to prove "but for cause in order to warrant a judgment in his favor."<u>Suppan</u>," 203 F3d at 236."

Indeed, as the Supreme Court has noted, plaintiffs are not required to show that the decisions in question were "motivated solely by a single concern, or even that a particular purpose was the dominant or primary one." <u>Village of Arlington Heights vs.Metropolitan Housing Development Corporation</u>, 429 U.S. 252, 265 (19770. Rather a plaintiff must only show that his constitutionally protected interest was a motivating factor or substantial factor driving the decisions at issue. <u>Suppan</u>,203 F3d at 235." Once this threshold is reached, the burden shifts to the defendant's to "establish not merely that he could properly have taken the same adverse action based on a independant "legally sufficient" reason, but also that he would have done so in the absence of the protected conduct." <u>Larsen vs.Senate of Commonwealth of Pennsylvania</u>, 154 F3d 82, 95 n.19(3rd Cir 1998), cert.denied, 525 U.S. 1144 (1999), citing,<u>Bradley vs.Pittsburgh Board of Education</u>,913 F2d 1064, 1075 (3rd Cir.1990)

Making this inquiry more difficult to resolve at the summary judgment stage is the simple fact that a defendant in a §1983 retaliation case seldom will "confess" directly to an illegal motive." Indeed, precisely because the ultimate fact of retaliation turns on the defendant's state of mind, it is particularly difficult to establish by direct evidence." See, Smith vs.Maschner, 899 F2d 940, (10th Cir.1990). To determine whether defendant's were motivated by an illegal motive, a jury must evaluate the credibility of the witnesse As the Supreme Court has established," credibility determinations, the weighing of the evidence, and the drawing of the legitimate inferences from the facts are jury functions, not those of a judge, whether he or she is ruling on a motion for summary judgment or for a direct verdict. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." Anderson vs.Liberty Lobby, 477 U.S. 242, 255(1986). Therefore, because the credibility of the witn sses;" and the weighing of the evidences are jury functions, summary judgment is particularly unwarranted in this case."

PHAN HUES CLAIMS OF INTERFERENCES WITH GRIEVANCE PROCESS AND
RETALIATIONS ARE LEGALLY SUFFICIENT WITH PROOF TO DENY SUMMARY
JUDGMENT UNDER 42 U.S.C.SEC.§1997 AND THE FIRST, EIGHTH,FOURTEENTH

Phan Hue has produced sufficient evidence to demonstrat the existenc of a dispute of material facts regarding his claims pursuant to this §1983 action, and the factors leading up to the filing of this complain based upon the Eighth, First and Fourteenth Amendments, to include but not limited to all other claims against the defendant's." Accordingly summary judgment is inappropriate. Specifically to prevail on his claim of unconstitutional retaliations and interferences of grievances the plaintiff must ultimately prove: (a) he engaged in protected activity; (b) he was subjected to adverse actions by a state actor; and (c) the protected activity was a substantial motivating factor in the State actor's decision to take adverse actions. "Anderson vs.Davilla, 125 F3d 148, 160(3rd Cir.1997)citing, Mt.Healthy, 429 U.S.at 287.

Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the con-
stitution actionable under §1983.See,White vs.Napoleon,897
F2d 103,111-12(3rd Cir.19990)....any restrictions of a inmates
rights under the First Amendment must operate under a neutral
fashion, without regard to the content of the expression."
Abu-Jamal vs.Price, 154 F3d 128, 133 (3rd Cir.1998),citing
Turner vs.Safely, 482 U.S. 78, 90(1987). Assuming the alleg-
ations as being true in the plaintiff's civil rights complaint,
it is therefore, inappropriate of a dismissal." Assuming the plaintiff'
allegations as being true it would thereby, be incorrect to dismiss
the complaint, and the Court could reasonable conclude the defendant's
have interfeared with his Grievance/Complaint rights under administrati
remedies and rights." Put more simply the defendant's retaliated again:
Phan HUe for filing grievances for failure to treat his injuries." The
defendant's further retaliated against Phan Hue for exercising of his
rights to be provided treatment and surgeory." The defendant's did
not care for either the nature of the filed grievance's or the health
and safety of the inmate." Such retaliations and interfearences if
proven would constitute an impermissable content based restriction
upon an inmate's free speach and rights to seek redress for these
acts of deliberate indifference to Hue's serious injuries and need
for medical attentions." Further the interfearences were to deny
the right to seek attention's from the Prison's Institutional Branches
and Court Branches of the State and Government." Rivera vs.Chesney,
U.S. Dist LEXIS___,14619)(1998) at No.97-7547
    This Circuit has similarly held that "it is well settled" that
no prison official may retaliate or interfear with grievances and/or
complaints, through retaliations."See,Murray vs. Terra ,No.95-0003,
1995 U.S.Dist LEXIS 21662,*15(E.D.Pa.Sept.8th 1995)(Reuter J.), See,
Watkinds vs.Phillips, No.'s 98-3622, 98-3919, 1999 U.S.App.LEXIS 24302
*7-9,(6th Cir.Sept.27, 1999),Hinez vs.Gomez, 108 F3d 265(9th Cir.1998)
The use of Grievances can be used to support such claims of retaliation
against a prisoner for their filing.See,Penrod vs.Zavaras, 94 F3d 1399,
1404-05(10th Cir.1996). As the Courts have stated, retaliations for
for the exercising of Constitutional Rights such as the Eighth Amend-
ment is a violation of the constitution's."

See, Isenberg vs.Wigen, 1995 U.S.Dist.LEXIS 3529, 1995 W.L.121560
*1 E.D.Pa.March 21, 1995, citing,Millhouse vs.Carlson, 652 F2d 371
(3rd Cir.1981). An act of retaliation for the exercising of rights
is actionable under §1983, even if the act taken for different reasons
would have been proper." See,Drexel vs.Vaughn, 1997 U.S.Dist.LEXIS
8939 *17, 1997 W.L. 356484 *6(E.D.Pa. June 20, 1997) affirmed, 142 F3d
__,(3rd Cir.1998); Anderson vs.Divilla, 37 VI 496, 125 F3d 148, 161
(3rd Cir.1997)." Filing of Grievances/Complaints against any prison
official's is a protected right under the 1st Amendment."See,Hill
vs.Blum, 916 F.Supp. 470, 473(474),(E.D.Pa.1996); "Prison Official's
may not retaliate for the filing of grievances or exercising of the
right to constitutions and therefore, is protected under the First
Amendment for"any" interfearences of these rights." See, Quinn vs.
Cunningham,879 F.Supp at pg.25 (1992); Keenan vs.City of Philadelphia,
983 F2d 459, 466(3rd Cir.1992)."Anderson vs.Horn, 1997 U.S.Dist.LEXIS
3824, 1997 W.L.152801 *4*9(E.D.Pa.March 28, 1997)."
Based upon these interferences with Phan Hues rights under the
First, Eighth and Fourteenth Amendments it is respectfully requested
this matter continue to be scheduled for trial." Moreoverly the
defendant's request for summary judgment should be denied on all
these grounds based upon the issues are in dispute and the claims
at issue are not barred under §1997 B(e)(a) or administrative remedies
because the Defendant's never intended to treat Phan Hues injuries
and well over two years has elapsed." The defendant's had plenty of
time to compensate Hue and do the requested and necessary Surgeory
allowed by law under the Eighth Amendment and Third Party Beneficiary
Rights under the Prison Health Care Contractual Agreement." In fact
this was not done and now that Phan Hue seeks relief the Defendant's
request of this Court to release them of responsibility for their
Unconstitutional Decisions and Acts." It should further be taken
into account Phan Hue is illiterate and lacks command of these
Defendant's American Language." Phan Hue continues to rely on
inmate's to assist him and in fact this clearly shows his access
to the courts is impaired and absent of help his claims would be
dismissed."

Under a totality of the circumstances of this case the named Defendant's have shown treatments towards Phan Hue that are shocking to evolving decency and standards of Society, in a total violation fo the inmate's rights." The Eighth Amendment is a right prisoners retain while in prison."See,Musgrove vs. Broglin, 651 F.Supp.769(1986). In Musgrove it was determined when prison official's are apprised of injuries and conditions yet failed to correct of such, they were liable for injuries." See,Estelle vs.Gamble, 429 U.S. at 105-106." The defendant's have acted with sufficient culpable state of mind and the elements of deliberate indifference is clearly of existence." Based upon the defendant's desisions to deny Phan Hue of his surgeory, arm-sling and honor the request not to work because he was unable to based upon his injuries, the defendant's are all liable for forcing him to work." Moreover, the defendant's have a duty to ensure the safety of Phan Hue and restore his health, which was not done and they clearly retaliated when Phan Hue, exercised his Grievance rights." Based upon these actions the components are met and the request for any summary judgment should be denied." All allegations of Phan Hue not to have attempted to exhaust the remedies available to him are a farce." Moreoverly, the defendant's on the same token never gave Phan Hue any Grievance remedy based upon he lacks command of the English Lingua and is Illiterate." Clearly, it should be denied as the reasons and complaint's for redress are not all about money." The complaint's were about surgeory for the injury and being accorded the rights of the Contract entered into by the State and Prison Health Care Services, which entitle Phan Hue to third party beneficiary rights." Based upon this the request for summary judgment should be denied caused by Discovery has not even been furnished to Phan Hue." Nor has Phan Hue furnished his Discovery and/or answered the Interrogatories." The United States Constitution affords all persons the right to Due Process and Equal Protections of the law."

There simply can not be any of this when the Seventh Amendment
is violated and Phan Hue does not have a fair adjudication
process based upon his being from a different Country." As
indicated perhaps if the Defendant's would have created a
Department of Corrections Handbook in Vietnam they could
then allege Phan Hue failed to exhaust his remedies made
available." As the Courts have held such inmate's like
Phan Hue qualify as illiterates, language handicapped and
the fact of not having education, qualify Hue for Counsel."
The Defendant's seemingly continue to try to take advantage
of these pertinent factors to manipulate Phan Hue's claims to
be dismissed." As indicated herein, it was the Defendant's who
retaliated and denied Phan Hue of Grievance remedies and exhaustion
requirements." They seem to have not placed this relevant information
in their Summary Judgment brief." Despite their intentions, all process
available to Phan Hue was utilized."

> **Suggested Answer based on the Retaliations and Information
> Summary Judgment for Defendant's Should be Denied and this
> Case should be Scheduled for a Trial By Jury."**
> **Answer: Yes, Hue is correct and Defendant's 1997(a)(e)
> argument is denied."**

WHEREFORE, for all the foregoing reasons Phan Hue through his John Doe
Interperator respectfully requests that Summary Judgment be denied due
to the foregoing reasons and proof Phan Hue attempted to exhaust his
Grievance Tier Process." And He shall, Ever Pray."

Respectfully Submitted,
Phan Hue, Pro Se

## CERTIFICATION

I Phan Hue, duly deposeth and says I believe these facts interperated
for me are true and correct to the best of my belief, knowledge and info-
rmations under 28 U.S.C. §1746.

PROOF OF SERVICE(SENT BY FIRST CLASS MAIL)          Phan Hue, Plaintiff

CLERK OF COURTS, JUDGE SMYSER, DEFENDANTS

PENNSYLVANIA DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PENNSYLVANIA 17001-0598

Central Office
Review Committee For
Medical Grievance's
Pennsylvania Department
of Corrections P.O.Box
#598-2520 Lisburn Road
Camp Hill,Pennsylvania
17001-0598

Phan Hue
Id#DY-0577 A-Unit                    6-26-2000
#660, State Route 11
Hunlock Creek, Pa.
18621-9580

   Re: <u>Notice of Appeal of Decision Entered In Grievance</u>

   No# 0185-00 6-23-00


The purpose of this Appeal from the decision entered on 6-23-00
is based on the response of Joseph Mataloni." This appeal shall
be deemed appealed under the Pennsylvania Department of Correc-
tions policies of DC-ADM-804(c).

I request surgeory on my shoulder and to see a bone specialist
for outside exminations." In the event this is not provided I
will seek further Court action pursuant to 37 Pa. Administrative
Codes on Grievances (a)(b). I am in excruciating pain and will
seek damages for pain and suffering and what ever else the Court
deems appropriate or my lawyer.

                          Thank You,

                          Phan Hue


cc.#2



Proof of Service( U.S. Mail)
Review Committee
Chief Hearing Examiner
D.O.C. at S.C.I. Retreat

Central Office
Review Committee For
Inmate Grievances On
Medical Department
P.O.Box #598-2520
Lisburn Road, Camp Hill
Pa.,17001-0598

4-21-00

Phan Hue
Id#DY-0577 A-Unit
660 State Route 11
Hunlock Creek, Pa.
18621-9580

### Notice of Appeal of Decision Entered in 00112-00 of J,Mataloni

The appeal at issue is based upon title 37 of Pa.Administrative
Codes on Grievances and Medical. Further under DC-ADM-804. I am
appealing the decision of Mr Mataloni for not providing me with
necessary medical care." I am in excruciating pain and my meds,
sling were taken from me." I need surgeory and to see a bone
specialist to fix my shoulder." I was injured in the kitchen
at Retreat and to date remain with a serious medical injury.
If there is nothing done I am telling you I have to seek a
court redress." This may include money, orders for surgeory
and other awards the court deems proper." I signed up for
sick-call and nothing has been done." If this problem continues
to go uncorrected my injuries will worsen." I need this fixed
because something is seriously wrong with my shoulder."

                                        Thank You,

                                        Phan Hue

cc.#2


Proof of Service( First Class U.S.Mail)
Central Office Committee, Chief Hearing
Examiner and SCI Retreat Official's

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

EXHIBIT
C: A

OFFICIAL INMATE GRIEVANCE                GRIEVANCE NO.  RET0112-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION  SCI Retreat | DATE  4-12-2000 |
|---|---|---|
| FROM: (Commitment Name & Number)  HUE Phan  DY0577 | INMATE'S SIGNATURE | |
| WORK ASSIGNMENT  (Previous) Kitchen worker | QUARTERS ASSIGNMENT  A-A-10 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance

I'm Filing this grievance twowards MATT Aloni head of the medical Department, Because I had An accident in the kitchen where I used to work Feb.28, 2000 was the Date. I hurt my shoulder and my teeth were Broke when I fell. My shoulder was looked at by a Doctor At An outside hospital, he said it was not broke but I need to see a Bone Specialist I was gaven pain medication, then I was taken off it after a month I'm still having terrible pain in my shoulder, I have went to sick Call a numerous amount of times and the assistant physican tells me I'm okay And I don't need a Sling or medication no more. I can not hardly move my shoulder I explained All of the complications I'm having And They will not listen Something is wrong, or I wouldn't have to see A Bone specialist I Just want A Pain Reliever till they Do something.

B. Actions taken and staff you have contacted before submitting this grievance:

HAve went to Sick Call, Seen the Assistant Physician, he never lets me see a Doctor.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

4-13-00

**Commonwealth of Pennsylvania**
**State Correctional Institution at Retreat**

4-13-2000

INMATE GRIEVANCE #: RET 0112 -00

*SJCT:* Joe Metoloni

*ROM:* J. Lyngel
Joseph L. Lengyel
Inmate Grievance Coordinator

RECEIVED

APR 14 2000

SCI RETREAT
SUPERINTENDENT'S
OFFICE

**EXHIBIT**

C: B

Attached Grievance was submitted by an inmate, and deals with your area of responsibility. I am assigning it to you, requesting you look into it, and take whatever action you feel is appropriate. *Return this Page & Grievance to me by* 4-20-2000 , with your actions listed below.

**\* INMATE HAS / HAS NOT REQUESTED AN INTERVIEW. \***

mts

TO:      Joseph L. Lengyel
         Inmate Grievance Coordinator

FROM:

___ Actions listed below were taken.

___ Inmate was interviewed on _____

___ The following staff members were interviewed:

**RESULTS & CONCLUSIONS:** (*Continue on back, if necessary*)

I do not prescribe medication. What medication on inmate is given and for how long, is the decision of the MD or PA. This is a Medical decision made by the practioners.

J. MATALONI, CHCA

**EXHIBIT**

C: C

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

GRIEVANCE NO. RET0185-00  5

INMATE GRIEVANCE

| GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| PH L. LENGYEL (Commitment Name & Number) | S.C.I. RETREAT | 6-8-00 |
| HAN HUE DY-0577 | INMATE'S SIGNATURE | |
| ASSIGNMENT KITCHEN | QUARTERS ASSIGNMENT BLOCK AA 10 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

Brief, clear statement of grievance:

There has been many attempts by Phan Hue at the dentist office in a attempt to get his dentures. Uper's and bottom's are needed. Several months ago Phan did have his bottom teeth removed, and he was told that this dentist office will take measurement to order the needed false teeth. Since last September 1999, these appointment have been taken place, and it is allmost one year period of time to do this work. It has been difficult for Phan to obtain a daily balance of allowance diet, do to him not having some way of eating certian foods, which need to be broken up by the process of suctioning teeth. This is the Second GREVANCE filed because the first may had been lost False teeth are needed.

B. Actions taken and staff you have contacted before submitting this grievance:

Submitted eleven request form to the dentist office, action taken reschedule appointment nothing fulfilled. And one to J. MATALONI and be implied of a date Dec 27, 99 but Phan was never called. STAFF was given notice properly DC-ADM 804, v Policy (B).

Your grievance has been received and will be processed in accordance with DC-ADM 804.

6-14-00

June 8, 00
Date



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**



**EXHIBIT**

C : D

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.    **RET 0185-00**

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| **Phan Hue, DY-0577** | **SCI-RETREAT** | **A-UNIT** | **6/23/00** |

The following is a summary of my findings regarding your grievance:

Your Dental History is as follows:

7/30/99 – Initial Exam
8/20, 8/31, 9/7/99 – No Show for schedule appointments, rescheduled.
12/3/99 – Seen by Dr. Mika, treatment plan arranged
1/19/00 – X-rays taken
1/24/00 – No-show
2/23/00 – Oral Surgery consult ordered for lower extraction
2/29/00 – Oral Surgeon completed extraction
4/27/00 – Impressions taken after appropriate healing time
6/7/00 –Refused to be seen
6/23/00 –Seen today, several calls to the block after inmate Phan fail to show-up for scheduled appointment.

I suggest you start keeping his scheduled appointments.


JPM\cec


J. MATALONI, CHCA

Refer to DC-ADM 804, Section VIII.    SIGNATURE OF GRIEVANCE COORDINATOR    DATE

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

EXHIBIT

tabbies

C: B

GRIEVANCE NO. **RET 0112-00**

CIAL INMATE GRIEVANCE
AL REVIEW RESPONSE

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| HUE PHAN, DY-0577 | SCI-RETREAT | A-UNIT | 4/12/00 |

The following is a summary of my findings regarding your grievance:

This Grievance was referred to Mr. Mataloni, designated Grievance Officer for this type of Grievance.

Mr. Mataloni reports, "What medication is given and for how long is the decision of the M.D. or P.A. This is a medical decision made by the Practitioners."

If you are having problem with your medication, you should sign up for Sick Call again.

JLL/mts

SIGNATURE OF GRIEVANCE COORDINATOR

DATE