JUDGE'S COPY                                    copy 53

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, P

| | | |
|---|---|---|
| PHAN HUE, Pro Se | : | |
| **Plaintiff** | : | CIVIL ACTION-LAW   JUL 1 6 2002 |
| | : | |
| vs. | : | NO#01:CV:1064   MARY E. D'ANDREA, C |
| | : | Per _____ |
| | | Deputy Clerk |
| JAMES UPDIKE; | : | MAGISTRATE JUDGE(SMYSER) |
| JOSEPH MATALONI; | : | |
| EDWARD O'BRIEN; | : | OPPOSITION MOTION AND THE |
| and DALE HAZLAK; | : | RESPONSE TO SUMMARY REQUEST |
| **Defendant's** | : | |

**BRIEF OF PHAN HUE**

**IN OPPOSITION TO DEFENDANT'S REQUEST**

**FOR SUMMARY JUDGMENT'S**

**I.PROCEDURAL HISTORY:**

Phan Hue is a <u>pro se</u> prisoner whose currently confined
as a state prisoner at the locale of S.C.I. Retreat, #660, State
Route #11, Hunlock Creek, Pennsylvania, 18621-9580. Phan Hue has
initiated a civil rights action pursuant to 42 U.S.C.sec.§1983
and the Civil Rights Act of 1871. Phan Hue initiated the instant
proceedings as a result of filing his complaint with a request to
proceed in propia persona status, pursuant to §1915 and 3006 (a)(g)
of the Federal Statutes on June 15, 2001.

The Corrections Defendant's filed a Motion to Dismiss the
Complaint on February 8, 2002. That Motion to Dismiss was denied
by the Court on May 10, 2002. The Court issued a scheduling order
on March 6, 2002, indicating discovery is to be completed by the
date of August 5, 2002. On May 15, 2002, Corrections Defendant's
filed their answer to Plaintiff's Complaint with affirmative
defenses. On May 17, 2002, Magistrate Judge, Smyser ordered the

The Plaintiff after the untimely filed Brief has reviewed said Arguments and Points of Defendant's defense's and thereby, argues said Brief should be denied as "moot" for Counsel's errors to file their brief." However, the Plaintiff further asserts in this brief that Defendant's are incorrect and further there are genuine issues of material facts and circumstances in dispute between all parties." Moreoverly, the Plaintiff avers to this Court he shall further set forth the issue's the Defendant's seem to have neglected to bring to the Courts attention, so through his translator( John Doe, AKA ) he shall propound as follows to warrant a denial of the Defendant's request and a trial by jury is therefore the appropriate avenue and it's further requested this matter be scheduled for a trial by jury."

## MEMORANDUM OF LAW

To bring a claim under 42 U.S.C.§1983 and §1985 a plaintiff must allege that a person acting under the color of state law has deprived him of his State and/or Constitutional Rights. See Paratt vs.Taylor, 451 U.S. 527, 535, (1981), U.S. SCt.___,_____ (Overruled in part on other grounds). Although prisoners do not forfeit all their Constitutional Rights upon entering into a prison setting. See, Wolff vs.Mcdonell, 418 U.S. 539, 555,___,___ SCt.___,___,1974.

There is a fundamental difference between depriving a prisoner of privileges that he may enjoy and depriving him of the basic necessities of human existence. See, Young vs.Quinlan, 960 F2d 364,(3rd Cir.1991); Cruz vs.Beto, 405 U.S. 319, 322 (1972) and Lee vs.Washington, 390 U.S. 333,(333-334), 1968.

It goes without question that the Constitution's extend beyond prison wall's to inmate's. See,Cruz vs.Beto, 405 U.S. 319, 321,(1972), "stating,"that Federal Courts should enforce the Constitution's and Right's of "all persons" which include Phan Hue a prisoner."

that the Plaintiff's Motion for the Appointment of Counsel
be granted based upon language handicapp, lack of understanding
of the English Lingua(Reading, Writing, etc.) and further the
lack of the Plaintiff's education based upon being a Native of
the Vietnameese Culture." The Court at said date and time denied
the Plaintiff's request to see a Bone Specialist under Federal
Rule of Civil P.35, thus the Court granted the PLaintiff's
request for enlargement of time in which to file answers to the
Defendant's Interrogatoies, written in English."On May 24, 2002
Defendant, James Updike filed his answer in affirmative defense.
The last day of discovery was scheduled to occur on July 1, 2002.

Corrections defendant's served Interrogatories and Request for
the production of documents and things on the Plaintiff on April 1,
2002. The Plaintiff at the same time initiated Interrogatories and
his request for the Production of Documents and Things on the named
Defendant's, which were sent through the Court on April 30, 2002.
The Defendant's then filed a Motion for Enlargement of Time, as a
first request on May 30, 2002, with a limited Motion for Summary
Judgment. However, the Defendant's sought to delay the Plaintiff's
requests for Discovery and Interrogatories, wherein at the same
time they requested of such to be accorded." On June 5, 2002, the
Court denied the Defendant's request's and Ordered they comply with
Discovery and Interrogatories, thus rendering an "opinion" and
denied the Summary JUdgment request in pertinent part for the
Defendant's failure to file briefs." The Court further ordered
the Defendant's Motion to be inconsistent with Federal Rule of
Civil Procedure 7(a) and thereby, determined the Defendant's
Notice to Plead be stricken from the record and Plaintiff was
Ordered not to respond and/or answer." The Court in return also
ordered said parties to complete discovery by August 5, 2002."
The Court further ordered defendant's discovery to be accorded
by June 28, 2002." Subsequent to the Courts Order the Defendant's
then filed a Nunc Pro Tunc, Motion for Summary Judgment and therein
requested a dismissal under 42 U.S.C.sec.§1997(a)(e).

Prison actions alleged to infringe on constitutional rights
are judged under a reasonableness test, less stringent then those
ordinarily applied to those alleged infringements of the fundamental
Constitutional Rights.See, Thornburgh vs.Abott, 490 U.S. 401, 409,
410(1989). An action is upheld if it is related to a legitimate
penological interest.See, O'Lone vs.Estate of Shabazz, 482 U.S.
342, 350(1987), discussing prison regulations." True factors to
be considered relevant to evaluating reasonableness include;
(1) Whether alternative means for exercising the right being
asserted remain available; (2) Whether a valid rational exists
between the regulation and the legitimate interests to justify
it; (3) Whether accomadation of the asserted right will "adversly"
affect guards, other inmates and the allocation of prison resources
generally; (4) Whether an obvious alternative to the regulation
exists, which fully accomodates the prisoners right to a de minimus
cost to valid penological interests. The SUpreme COurt has rejected
the :least alternative: test in assessing the Constitutionallity of
Prison regulations." However, the existence of alternatives may be
evidence of exaggerated responses  to prison concerns." Prisoners
also retain substantive rights and administrative code rights,despite
being incarcerated." The types of deprivations at issue are clearly
that of our Constitutions." Moreoverly, the only summary judgment
request should be made in favor of the plaintiff and the defendant's
request should be held in abatement until after discovery is finished
There is obviously issues in dispute between the parties and this
case should be scheduled for a trial by jury." There is more then
a mere scintallia of evidence to support the claims presented by
the plaintiff."

## OPPOSITION TO SUMMARY JUDGMENT:

As indicated in the defendant's request for Summary Judgment
they concede that Plaintiff's claims are barred under the 1997(e)(a)
for the Plaintiff, Phan Hue having not exhausted his three tier
remedy." The Plaintiff however, conceded herein that he filed his
appeal's to the Defendant's subordinates, agents, successors and
servants." As"annexed" the Plaintiff shows he in fact did exhaust
these remedies.

However, when the Plaintiff filed his Grievance's the prison official's refused to furnish him with copies upon request." Moreoverly, it should be noted the Plaintiff solely relied upon other inmate's to assist him in the filing of his grievance's." This can easily be shown of the Plaintiff's reliance on inmate's based upon his language handicapp's, lack of education, lack of understanding of the English Lingua and illiteracy."<u>See</u>, Defendant's Summary Judgment Brief at Exhibit "C:C" which it is patently clear this Grievance was written by another inmate, based upon not just the handwriting but the method of not being written in first person context." Surely the Defendant's never accomodated Phan Hue with the Department of Corrections Policies to be translated and/or written in Vietnameese Language." The Defendant's and Department of Corrections do this for Lantino inmate's." Moreoverly, the named Defendant's fail to bring to the Courts attention in their Summary Judgment brief the fact they retaliated against Phan Hue for the filing of Grievance's." In fact this shows violations of the First Amendment and impeding of access to any meaningful process." With this in mind it is respectfully submitted to this Court that the Defendant's claims for any Summary Judgment be denied."

Despite the Defendant's allegations of Phan Hue having never exhausted his three tier process of Administrative Remedies to the contrary Phan Hue did in fact file appeal's to the Department of Corrections in Camp Hill." In fact the proof of this is attached as Exhibit "A" and surely the address on the envelope proves this." It is the duty of the State and Governmental Office's to keep simple record keeping of inmate's who file appeal's." In fact the D.O.C. returned Phan Hues appeal's back to him with a copy of his Grievance's." Therefore, Phan Hue has exhausted all remedies the Defendant's made available to him." Therefore, Summary Judgment should be denied on the grounds being raised by the Defendant's under 42 U.S.C.sec.§1997 (a)(e) and this matter be scheduled for a

trial by jury." Clearly the Supreme Court declared in
Mcarthy vs.Maddigan,__,__,U.S.__,S.Ct.__, 1998, that a
prisoner can file a §1983 if his rights being lost are
futile and cause risk of his health and safety and/or
jeopardize other important rights."

The Defendant's also "proclaim" they were willing to
compensate Phan Hue through prison administrative remedies
had he exhausted these remedies." To the contrary of this
argument being raised by the Defendant's, they appear to
be misleading in their argument's based upon this matter
was about Phan Hue being accorded surgeory upon the date
of the initial injuries." Clearly, Phan Hue informed all
of the Defendant's repeatedly of his injuries and they
failed to accord him the rights of proper medical assis-
ances and treatments for his serious injuries." As a
result of this deliberate indifference to the serious
medical needs of Phan Hue, these injuries went untreated."
Moreoverly, to the contrary of the Defendant's misleading
argument's trying to allege Phan Hue failed to come to
his appointment's, these argument's go without merit."
At the outset of this argument, Phan Hue asserts that
he is a prisoner and does not hold the "keys" to his
cell and/or push the buttons to unlock the door to his
cell." Therefore, this obligation was the defendant's
and their subordinate's responsibility to ensure that
Phan Hue was made available for his appointment's."
Therefore, these argument's should be denied and the
case scheduled for a trial by jury." As indicated in
Defendant's Summary Judgment Brief, at Exhibit "C:C"
at Grievance 185-00 it clearly states Phan HUe filed
11 request forms to the Defendant's."

The Defendant's seemingly proclaim they should not be
held liable for their unconstitutional practices, policies,
proceedures, customs and decisions." To the contrary the

the Defendant's all have an obligation to ensure the health, safety and general welfare of Phan Hue." In fact this was not done and the failure to recognize of such an obligation shows deliberate indifference to the serious medical needs of Phan Hue." Moreoverly, Defendant Joseph Mataloni, is the head of Medical and was even assigned the Grievance's." It respectfully is requested based upon Matalonis knowledge of Phan Hues injuries he continue to be held accountable." Summary Judgment should further be denied for all defendant's based upon the 1st, 8th and 14th Amendments are clearly established rights." Clearly, Joseph Mataloni has the obligation to assist to medical needs of Phan Hue." Moreoverly, when the Pennsylvania State Department of Corrections established subcontracting of the Medical Department they designated Mr.Mataloni as head of the Medical Department here at Retreat." Pursuant to Phan Hue's third party beneficiary rights under the contract entered into with the Medical Department." It further should be noted that under the contract Phan Hue is entitle to surgeory and to be seen by proper outside Specialists for exams." The Defendant's clearly are in violation of this contract by the refusal of Phan Hue to be accorded necessary treatment for the two year period." Therefore, Summary Judgment should be denied on all these grounds and the Defendant's defense of not being held liable for malpractice should also be denied." The named Defendant's have all exerted the components of deliberate indifference towards Phan Hue." As for the Defendant's they all had knowledge of these injuries and continued to force Phan Hue to work." Moreoverly, the Defendant's not only violated State Created rights under the Title 37 of Pa.Codes, they violated Phan Hues rights of Due Process and each of these codes." Clearly the named Defendant's further violated their duties under Department of Corrections Professional Conducts and Codes of Ethics." Based upon all this Summary Judgment should be denied and this case listed for trial by jury."

The Plaintiff further asserts to the contrary of the Defendant's assertations based upon Discovery, Witnesses, Affidavit's, and Interrogatories, these are all determinations to be heard by a jury, who could reasonable conclude the defendant's should have known that they were violating Phan Hues rights." Briefly to the contrary of Defendant's Summary Judgment request it should also be made noteworthy their arguments should be deemed waived for the failure of Counsel's to file briefs after initiating a request for Summary Judgment." Clearly, the Defendant's brief should further be held in abatement in the event the brief is not put in abatement." Never the less, this brief should negate the defense's being raised under §1997·(a)(e)."  Based upon the issues and circumstances being in dispute by all parties summary judgment is inappropriate and this case should continue to be set for a trial."

**ARGUMENT:**

    **A.** Standard For Summary Judgment

1. General

    Summary Judgment is only appropriate "if the pleadings, deposition answers to interrogatories and admissions on file together with the affidavits, if any, show that their is no genuine issue as to materia facts and that the moving party is entitled to a judgment as a matter of law." Federal Rule 56(c). The party moving for summary judgment must identify those portions of the record "which it believes demonst ratesthe absence of a genuine issue or material fact."Celotex Corp. vs.Catrett, 477 U.S. 317, 323(1986).

    If that motion is properly supported, then it is the burden of the non-moving party to set forth specific facts showing there is no genuine issue for trial."Federal Rule 56(e). To show that there is a genuine issue for trial, the non-moving party may not rest upon mere allegations or denials of the pleading, but must support its position by affidavit's, deposition's, answers to interrogatories and other admissions.

<u>Celotex</u>, 477 U.S. at 324; <u>Schoch vs. First Fidelity Bancorporation,</u>
912 F2d 654, 657( 3rd Cir.1990). Summary Judgment is only appropriate
if," viewing all the evidences, which has been tendered and should have
been submitted in the light most favorable to the party opposing the
motion, no jury could decide in favor of the paryt." <u>Tigg Corporation</u>
<u>vs. Dow Corning Corporation</u>, 822 F2d 358, 361 (3rd Cir.1987).

<u>Summary Judgment in the First Amendment Retaliation Context.</u>

Summary Judgment is particularly inappropriate in the First
Amendment Retaliation context. In order for the Defendant's to
prevail on their motion this Court must conclude that no reasonable
jury could conclude that retaliatory animus was a substantial or
motivating factor in the actions taken against Phan Hue." Specific-
ally," in a First Amendment retaliation case, the Plaintiff has the
initial burden of showing that his constitutionally protected conduct
was a "substantial" or"motivating factor" in the relevant decision."
<u>Suppan vs.Dadonna</u>, 203 F3d 228, 235(3rd Cir.2000), citing, <u>Mt.Healthy</u>
<u>City School District Board of Education vs.Doyles</u>, 429 U.S. 274, 287
(1977). Under the framework," the plaintiff is not required to prove
"but for cause in order to warrant a judgment in his favor."<u>Suppan</u>,"
203 F3d at 236."

Indeed, as the Supreme Court has noted, plaintiffs are not required
to show that the decisions in question were "motivated solely by a
single concern, or even that a particular purpose was the dominant
or primary one." <u>Village of Arlington Heights vs.Metropolitan Housing</u>
<u>Development Corporation</u>, 429 U.S. 252, 265 (19770. Rather a plaintiff
must only show that his constitutionally protected interest was a
motivating factor or substantial factor driving the decisions at issue.
<u>Suppan</u>,203 F3d at 235." Once this threshold is reached, the burden
shifts to the defendant's to "establish not merely that he could
properly have taken the same adverse action based on a independant
"legally sufficient" reason, but also that he would have done so in
the absence of the protected conduct." <u>Larsen vs.Senate of Commonwealt</u>
<u>of Pennsylvania</u>, 154 F3d 82, 95 n.19(3rd Cir 1998), cert.denied, 525
U.S. 1144 (1999), citing,<u>Bradley vs.Pittsburgh Board of Education</u>,913
F2d 1064, 1075 (3rd Cir.1990)

Making this inquiry more difficult to resolve at the summary
judgment stage is the simple fact that a defendant in a §1983
retaliation case seldom will "confess" directly to an illegal
motive." Indeed, precisely because the ultimate fact of retaliation
turns on the defendant's state of mind, it is particularly difficult
to establish by direct evidence." See, Smith vs. Maschner, 899 F2d 940,
(10th Cir.1990). To determine whether defendant's were motivated by
an illegal motive, a jury must evaluate the credibility of the witness
As the Supreme Court has established," credibility determinations, the
weighing of the evidence, and the drawing of the legitimate inferences
from the facts are jury functions, not those of a judge, whether he or
she is ruling on a motion for summary judgment or for a direct verdict
The evidence of the non-movant is to be believed and all justifiable
inferences are to be drawn in his favor." Anderson vs. Liberty Lobby,
477 U.S. 242, 255(1986). Therefore, because the credibility of the wit
sses;" and the weighing of the evidences are jury functions, summary
judgment is particularly unwarranted in this case."

PHAN HUES CLAIMS OF INTERFERENCES WITH GRIEVANCE PROCESS AND
  RETALIATIONS ARE LEGALLY SUFFICIENT WITH PROOF TO DENY SUMMARY
JUDGMENT UNDER 42 U.S.C.SEC.§1997 AND THE FIRST, EIGHTH, FOURTEENTH

Phan Hue has produced sufficient evidence to demonstrat the existen
of a dispute of material facts regarding his claims pursuant to this
§1983 action, and the factors leading up to the filing of this complai
based upon the Eighth, First and Fourteenth Amendments, to include but
not limited to all other claims against the defendant's." Accordingly
summary judgment is inappropriate. Specifically to prevail on his clai
of unconstitutional retaliations and interferences of grievances the
plaintiff must ultimately prove: (a) he engaged in protected activity;
(b) he was subjected to adverse actions by a state actor; and (c) the
protected activity was a substantial motivating factor in the State
actor's decision to take adverse actions." Anderson vs. Davilla, 125
F3d 148, 160(3rd Cir.1997)citing, Mt. Healthy, 429 U.S.at 287.

Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the con-
stitution actionable under §1983. See, White vs. Napoleon, 897
F2d 103, 111-12 (3rd Cir. 19990)....any restrictions of a inmates
rights under the First Amendment must operate under a neutral
fashion, without regard to the content of the expression."
Abu-Jamal vs. Price, 154 F3d 128, 133 (3rd Cir. 1998), citing
Turner vs. Safely, 482 U.S. 78, 90 (1987). Assuming the alleg-
ations as being true in the plaintiff's civil rights complaint,
it is therefore, inappropriate of a dismissal." Assuming the plaintif
allegations as being true it would thereby, be incorrect to dismiss
the complaint, and the Court could reasonable conclude the defendant'
have interfeared with his Grievance/Complaint rights under administra
remedies and rights." Put more simply the defendant's retaliated agai
Phan HUe for filing grievances for failure to treat his injuries." Th
defendant's further retaliated against Phan Hue for exercising of his
rights to be provided treatment and surgeory." The defendant's did
not care for either the nature of the filed grievance's or the health
and safety of the inmate." Such retaliations and interfearences if
proven would constitute an impermissable content based restriction
upon an inmate's free speach and rights to seek redress for these
acts of deliberate indifference to Hue's serious injuries and need
for medical attentions." Further the interfearences were to deny
the right to seek attention's from the Prison's Institutional Branche
and Court Branches of the State and Government." Rivera vs. Chesney,
U.S. Dist LEXIS____, 14619)(1998) at No. 97-7547

    This Circuit has similarly held that "it is well settled" that
no prison official may retaliate or interfear with grievances and/or
complaints, through retaliations." See, Murray vs. Terra, No. 95-0003,
1995 U.S. Dist LEXIS 21662, *15 (E.D.Pa.Sept.8th 1995) (Reuter J.), See,
Watkinds vs. Phillips, No.'s 98-3622, 98-3919, 1999 U.S.App.LEXIS 2430
*7-9, (6th Cir.Sept.27, 1999), Hinez vs. Gomez, 108 F3d 265 (9th Cir.1998
The use of Grievances can be used to support such claims of retaliati
against a prisoner for their filing. See, Penrod vs. Zavaras, 94 F3d 139
1404-05 (10th Cir.1996). As the Courts have stated, retaliations for
for the exercising of Constitutional Rights such as the Eighth Amend-
ment is a violation of the constitution's."

See, Isenberg vs.Wigen, 1995 U.S.Dist.LEXIS 3529, 1995 W.L.121560 *1 E.D.Pa.March 21, 1995, citing,Millhouse vs.Carlson, 652 F2d 371 (3rd Cir.1981). An act of retaliation for the exercising of rights is actionable under §1983, even if the act taken for different reason would have been proper." See,Drexel vs.Vaughn, 1997 U.S.Dist.LEXIS 8939 *17, 1997 W.L. 356484 *6(E.D.Pa. June 20, 1997) affirmed, 142 F3 ___,(3rd Cir.1998); Anderson vs.Divilla, 37 VI 496, 125 F3d 148, 161 (3rd Cir.1997)." Filing of Grievances/Complaints against any prison official's is a protected right under the 1st Amendment."See,Hill vs.Blum, 916 F.Supp. 470, 473(474),(E.D.Pa.1996); "Prison Official's may not retaliate for the filing of grievances or exercising of the right to constitutions and therefore, is protected under the First Amendment for"any" interfearences of these rights." See, Quinn vs. Cunningham,879 F.Supp at pg.25 (1992); Keenan vs.City of Philadelphia ·983 F2d 459, 466(3rd Cir.1992)."Anderson vs.Horn, 1997 U.S.Dist.LEXIS 3824, 1997 W.L.152801 *4*9(E.D.Pa.March 28, 1997)."

Based upon these interferences with Phan Hues rights under the First, Eighth and Fourteenth Amendments it is respectfully requested this matter continue to be scheduled for trial." Moreoverly the defendant's request for summary judgment should be denied on all these grounds based upon the issues are in dispute and the claims at issue are not barred under §1997$^{e}$(e)(a) or administrative remedies because the Defendant's never intended to treat Phan Hues injuries and well over two years has elapsed." The defendant's had plenty of time to compensate Hue and do the requested and necessary Surgery allowed by law under the Eighth Amendment and Third Party Beneficiary Rights under the Prison Health Care Contractual Agreement." In fact this was not done and now that Phan Hue seeks relief the Defendant's request of this Court to release them of responsibility for their Unconstitutional Decisions and Acts." It should further be taken into account Phan Hue is illiterate and lacks command of these Defendant's American Language." Phan Hue continues to rely on inmate's to assist him and in fact this clearly shows his access to the courts is impaired and absent of help his claims would be dismissed."

Under a totality of the circumstances of this case the named Defendant's have shown treatments towards Phan Hue that are shocking to evolving decency and standards of Society, in a total violation fo the inmate's rights." The Eighth Amendment is a right prisoners retain while in prison."See,Musgrove vs. Broglin, 651 F.Supp.769(1986). In Musgrove it was determined when prison official's are apprised of injuries and conditions yet failed to correct of such, they were liable for injuries." See,Estelle vs.Gamble, 429 U.S. at 105-106." The defendant's have acted with sufficient culpable state of mind and the elements of deliberate indifference is clearly of existence." Based upon the defendant's desisions to deny Phan Hue of his surgeory, arm-sling and honor the request not to work because he was unable to based upon his injuries, the defendant's are all liable for forcing him to work." Moreover, the defendant's have a duty to ensure the safety of Phan Hue and restore his health, which was not done and they clearly retaliated when Phan Hue, exercised his Grievance rights." Based upon these actions the components are met and the request for any summary judgment should be denied." All allegations of Phan Hue not to have attempted to exhaust the remedies available to him are a farce." Moreoverly, the defendant's on the same token never gave Phan Hue any Grievance remedy based upon he lacks command of the English Lingua and is Illiterate." Clearly, it should be denied as the reasons and complaint's for redress are not all about money." The complaint's were about surgeory for the injury and being accorded the rights of the Contract entered into by the State and Prison Health Care Services, which entitle Phan Hue to third party beneficiary rights." Based upon this the request for summary judgment should be denied caused by Discovery has not even been furnished to Phan Hue." Nor has Phan Hue furnished his Discovery and/or answered the Interrogatories." The United States Constitution affords all persons the right to Due Process and Equal Protections of the law."

There simply can not be any of this when the Seventh Amendment is violated and Phan Hue does not have a fair adjudication process based upon his being from a different Country." As indicated perhaps if the Defendant's would have created a Department of Corrections Handbook in Vietnam they could then allege Phan Hue failed to exhaust his remedies made available." As the Courts have held such inmate's like Phan Hue qualify as illiterates, language handicapped and the fact of not having education, qualify Hue for Counsel." The Defendant's seemingly continue to try to take advantage of these pertinent factors to manipulate Phan Hue's claims to be dismissed." As indicated herein, it was the Defendant's who retaliated and denied Phan Hue of Grievance remedies and exhaustion requirements." They seem to have not placed this relevant information in their Summary Judgment brief." Despite their intentions, all process available to Phan Hue was utilized."

> **Suggested Answer based on the Retaliations and Information Summary Judgment for Defendant's Should be Denied and this Case should be Scheduled for a Trial By Jury."**
> **Answer: Yes, Hue is correct and Defendant's 1997(a)(e) argument is denied."**

WHEREFORE, for all the foregoing reasons Phan Hue through his John Doe Interperator respectfully requests that Summary Judgment be denied due to the foregoing reasons and proof Phan Hue attempted to exhaust his Grievance Tier Process." And He shall, Ever Pray."

> Respectfully Submitted,
> Phan Hue, Pro Se

PENNSYLVANIA DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PENNSYLVANIA 17001-0598

Central Office
Review Committee For
Medical Grievance's
Pennsylvania Department
of Corrections P.O.Box
#598-2520 Lisburn Road
Camp Hill,Pennsylvania
17001-0598

Phan Hue
Id#DY-0577 A-Unit                       6-26-2000
#660, State Route 11
Hunlock Creek, Pa.
18621-9580

    Re: <u>Notice of Appeal of Decision Entered In Grievance</u>

    No# 0185-00 6-23-00

The purpose of this Appeal from the decision entered on 6-23-00
is based on the response of Joseph Mataloni." This appeal shall
be deemed appealed under the Pennsylvania Department of Correct-
ions policies of DC-ADM-804(c).

I request surgeory on my shoulder and to see a bone specialist
for outside exminations." In the event this is not provided I
will seek further Court action pursuant to 37 Pa. Administrative
Codes on Grievances (a)(b). I am in excruciating pain and will
seek damages for pain and suffering and what ever else the Court
deems appropriate or my lawyer.

                    Thank You,

                    Phan Hue

cc.#2

Proof of Service( U.S. Mail)
Review Committee
Chief Hearing Examiner
D.O.C. at S.C.I. Retreat

Central Office
Review Committee For
Inmate Grievances On
Medical Department
P.O.Box #598-2520
Lisburn Road, Camp Hill
Pa.,17001-0598

4-21-00

Phan Hue
Id#DY-0577 A-Unit
660 State Route 11
Hunlock Creek, Pa.
18621-9580

### Notice of Appeal of Decision Entered in 00112-00 of J,Mataloni

The appeal at issue is based upon title 37 of Pa.Administrative
Codes on Grievances and Medical. Further under DC-ADM-804. I am
appealing the decision of Mr Mataloni for not providing me with
necessary medical care." I am in excruciating pain and my meds,
sling were taken from me." I need surgeory and to see a bone
specialist to fix my shoulder." I was injured in the kitchen
at Retreat and to date remain with a serious medical injury.
If there is nothing done I am telling you I have to seek a
court redress." This may include money, orders for surgeory
and other awards the court deems proper." I signed up for
sick-call and nothing has been done." If this problem continues
to go uncorrected my injuries will worsen." I need this fixed
because something is seriously wrong with my shoulder."

                                            Thank You,

                                            Phan Hue

cc.#2


Proof of Service( First Class U.S.Mail)
Central Office Committee, Chief Hearing
Examiner and SCI Retreat Official's

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

EXHIBIT

C: A

OFFICIAL INMATE GRIEVANCE

GRIEVANCE NO. RET0112-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION SCI Retreat | DATE 4-12-2000 |
|---|---|---|
| FROM: (Commitment Name & Number) HUE Phan DY0577 | INMATE'S SIGNATURE | |
| WORK ASSIGNMENT (Previous) Kitchen worker | QUARTERS ASSIGNMENT A-A-10 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I'm Filing this grievance towards MaTT Alovi head of the medical Department, Because I had An accident in the kitchen where I used to work Feb. 28, 2000 was the Date, I hurt my shoulder and my teeth were Broke when I fell. My shoulder was looked At by A Doctor At An outside hospital, he said it was not broke but I need to see A Bone Specialist I was given pain medication, then I was taken off it after A month I'm still having terrible pain in my shoulder, I have went to sick Call A numerous amount of times and the assistant physician tells me I'm okay And I don't need A Sling or medication no more. I can not hardly move my shoulder I explained All of the complications I am having And They will not listen Something is wrong, or I wouldn't have to see A Bone specialist I Just want A Pain Reliever till they Do something.

B. Actions taken and staff you have contacted before submitting this grievance:

Have went to sick Call, Seen the Assistant Physician, he never lets me see A Doctor.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator

4-13-00

Date

**Commonwealth of Pennsylvania**
**State Correctional Institution at Retreat**

4-13-2000

**INMATE GRIEVANCE #: RET 0112 -00**

~~CT:~~ Joe Mataloni

~~OM:~~ *J Lgyl*
Joseph L. Lengyel
Inmate Grievance Coordinator

RECEIVED

APR 14 2000

SCI RETREAT
SUPERINTENDENT'S
OFFICE

EXHIBIT

C: B

Attached Grievance was submitted by an inmate, and deals with your area of responsibility.  I am assigning it to you, requesting you look into it, and take whatever action you feel is appropriate. *Return this Page & Grievance to me by* **4-20-2000**, with your actions listed below.

**\* INMATE HAS / HAS NOT REQUESTED AN INTERVIEW. \***

mts

**TO:**     Joseph L. Lengyel
           Inmate Grievance Coordinator

**FROM:**

___ Actions listed below were taken.

___ Inmate was interviewed on _____.

___ The following staff members were interviewed:

**RESULTS & CONCLUSIONS:** *(Continue on back, if necessary)*

I do not prescribe medication. What
medication an inmate is given and for how
I. long, is the decision of the MD n PA.
his is a Medical decision made by the
Dr. practioners.

J. MATALONI, CHCA

EXHIBIT

C: C

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

GRIEVANCE NO. RET0184-00
5

INMATE GRIEVANCE

| GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| JPH L. LENGTEL (Commitment Name & Number) | S.C.I RETREAT | 6-8-00 |
| | INMATE'S SIGNATURE | |
| HAN HUE DY-0577 | | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| KITCHEN | BLOCK AA 10 | |

INSTRUCTIONS:
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

Brief, clear statement of grievance:

There has been many attempts by Phan Hue at the dentist office in a attempt to get his dentures. Uper's and bottom's are needed. Several months ago Phan did have his bottom teeth removed, and he was told that this dentist office will take reasurement to order the needed false teeth. Since last September 1999, these appointment have been taken place, and it is allmost one year period of time to do this work. It has been difficult for Phan to obtain a daily balance of allowance diet, do to him not having some way of eating certian foods, which need to be broken up by the process of suctioning teeth. This is the second GREVANCE filed because the first may had been lost. False teeth are needed.

B. Actions taken and staff you have contacted before submitting this grievance:

Submitted eleven request froms to the dentist office, action taken reschedule appointment nothing fullfilled. Pade ear to J. MATALONI and he implied of a date Dec 27,99 but Phan was never called. STAFF was given notice properly. DC-ADM 804, vi Policy (5).

Your grievance has been received and will be processed in accordance with DC-ADM 804.

6-14-00

June 8, 00
Date



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

EXHIBIT

C: D

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.    RET 0185-0

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| Phan Hue, DY-0577 | SCI-RETREAT | A-UNIT | 6/23/00 |

The following is a summary of my findings regarding your grievance:

Your Dental History is as follows:

7/30/99 – Initial Exam
8/20, 8/31, 9/7/99 – No Show for schedule appointments, rescheduled.
12/3/99 – Seen by Dr. Mika, treatment plan arranged
1/19/00 – X-rays taken
1/24/00 – No-show
2/23/00 – Oral Surgery consult ordered for lower extraction
2/29/00 – Oral Surgeon completed extraction
4/27/00 – Impressions taken after appropriate healing time
6/7/00 – Refused to be seen
6/23/00 – Seen today, several calls to the block after inmate Phan fail to show-up for schedule
appointment.

I suggest you start keeping his scheduled appointments.

JPM\cec

J. MATALONI, CHCA

Refer to DC-ADM 804, Section VIII.         SIGNATURE OF GRIEVANCE COORDINATOR         DAT

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

EXHIBIT

C: B

...CIAL INMATE GRIEVANCE
...AL REVIEW RESPONSE

GRIEVANCE NO.   RET 0112-00

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| HUE PHAN, DY-0577 | SCI-RETREAT | A-UNIT | 4/12/00 |

The following is a summary of my findings regarding your grievance:

This Grievance was referred to Mr. Mataloni, designated Grievance Officer for this type of Grievance.

Mr. Mataloni reports, "What medication is given and for how long is the decision of the M.D. or P.A. This is a medical decision made by the Practitioners."

If you are having problem with your medication, you should sign up for Sick Call again.

JLL/mts

Refer to DC-ADM 804, Section VIII,
for instructions on grievance

SIGNATURE OF GRIEVANCE COORDINATOR

DATE

SCI Retreat
Superintendant, Edward Klem
#660, State Route 11, Hunlock
Creek, Pennsylvania, 18621-9580

Maurice Woodson                                          May 23, 2002
Id#CW-9650 B-A2-55
#660, State Route 11
Hunlock Creek, Pa.
18621-9580

Re: <u>Notice Of Appeal Of Grievance Decision In #20858</u>


    Maurice Woodson, Complainant in the above referenced filed
Grievance, hereby, Appeal(s) the decision entered on 6-23-2002
by the Assigned, Grievance Administration and request(s) for a
review and the requested relief therein, based upon said matter
of Grievance for Redress.


    Appeal of Process pursuant to D.C.-ADM-804 et.seq. and the
Pennsylvania Title 37 Administrative Codes on implemented polic
of Grievance and three tier process, pursuant to 42 U.S.C.§1997


                                              Maurice Woodson
                                              Id#CW-9650 B-A2-55


cc.Camp Hill Office
   Office of Professional
   Responsibilities
   Pa.Prison Society
   Human Relations/ACLU

Dear Sir/Madam:
The purpose of this appeal from the judgment being entered
in Grievance #20858, which was entered on 5-23-02, is being
based upon ongoing abuse and retaliations against me for my
ethnics, religion and filing of grievance(s) against various
personel and/or administration here at said Prison of Retreat.

After the review of the response's by the Grievance Assignee
I feel the need to seek further review based upon the method
being used to cover-up the abuse's these Correctional Officer's
have been subjecting me to."

The three named Officer's listed as C/O Shaw, C/O Cease and C/O
Ross, have in fact been retaliating against me. PLEASE TAKE NOTI
the response's in this <u>DC-ADM-804</u> are incorrect and further are
inconclusive of what I stated upon review.

Often Guards will not admit to wrong doings, which cause's a
continual practice of abuse and unprofessional conducts. The
fact of this matter is based upon the methods of cell searches
and pat downs, exhibited towards me by these Officer's who are
subordinate's of you and the Pa.Department of Corrections. As
per the interview of inmate's they surely could not answer the
questions if they were kept outdoors, while some of the conducts
resulted. Further, had Joseph Buffalino or any Grievance person
went to my old celly they would have been informed these issues
in the grievance resulted and have continued to occur." Many
inmate's often fear retaliation's by Prison Subordinate's and
many times do not wish to become involved in investigations. It
is more funny how a person could interview person's named as
John Does!  As per the issue's raised in my Grievance if the
person who conducted the investigation new anything about
the subject matter, therein, they would realize the relief
per request is automatic as outlined under the informations
conveyed on said issue. Often Birds of the same nest, will
flock together with the rest of their same kind and cover
for one another to avoid consequences and/or liability for
their retaliatory adverse actions." With this all in mind
I ask you comply with my request's for relief in this
Grievance or I will be compelled to seek further redress
and seek immediate Court redress for my rights." In the
event this matter can not be peacefully resolved I can
assure If I file a P.F.A., the Officer's in question will
be required to stay within 1000 feet of me, which will
make it very hard for their employment to be obtained here
in this institution." I do ask you will address your Officer's
and stop the retaliations and abuse's. As a Prison Offical you
surely must be aware of Injunctions, T.R.O.'s, and other Court
process which will prohibit these conducts from going uncorrected

                                        Thank You,
                                        Maurice Woodson
cc.#5

**182**   **228 FEDERAL REPORTER, 3d SERIES**

showing of legal abandonment, coupled with a court order to that effect, would have presented a colorable claim [to death] benefits by a person other than the spouse] in the instant case." *Id.* at 783 (emphasis added).

* * *

It is possible that MacLeod's claim is untimely. The statute provides that a participant's election to waive the surviving spouse pension—whether or not consented to by the spouse—must be made during the "applicable election period." 29 U.S.C. § 1055(c)(1)(A)(i), a period that "ends on the date of the participant's death," *id.* § 1055(c)(7)(B). The Pension Plan's language reflects this provision, and adds that where the spouse has not consented to a waiver, "the Participant" must establish that consent is unnecessary. Dovey himself never attempted to make this showing. Because we decide this appeal on the merits, and because the timeliness issue was not identified by the parties, we do not answer the timeliness question. We posit it only to avoid giving the impression that it is decided implicitly.

## CONCLUSION

The judgment of the district court is affirmed.



**Robert A. LAWRENCE,
Plaintiff-Appellant,**

**v.**

**Glenn S. GOORD, Commissioner, Donald Selsky, Special Housing Director, Susan Laguna, Central Office Review Committee, Assistant Director, Ernest Edwards, Superintendent at Otisville Correctional Facility, D.S.S., Ronald Krom, D.S.A. Gloria Meus, Lieutenant**

---

**188**   **LAWRENCE v. GOORD**   **Cite as 238 F.3d 182 (2d Cir. 2001)**

**Bullock, Lieutenant Digerlando, Lieutenant Rising, Gary Tue Bush, Grievance Coordinator, Correction Officer James A. Kimble, Correction Officer Gary D. Bensley, Defendants-Appellees.**

**No. 99-0202.**

United States Court of Appeals,
Second Circuit.

Submitted Sept. 20, 2000.

Decided Jan. 17, 2001.

Inmate brought pro se action against correction officers and other prison officials, alleging that they violated his constitutional rights by issuing misbehavior tickets in retaliation for his complaints to authorities regarding their conduct. The United States District Court for the Southern District of New York, Allen G. Schwartz, J., 1999 WL 813812, dismissed complaint for failure to exhaust administrative remedies. Inmate appealed. The Court of Appeals held that, as a matter of first impression, inmate was not required to exhaust administrative remedies before bringing action for particular, individualized instances of retaliation.

Vacated and remanded.

**1. Federal Courts ⟲776**

Court of Appeals reviews de novo a district court order dismissing a case for failure to exhaust administrative remedies.

**2. Federal Courts ⟲823.1**

Dismissal of case for failure to exhaust administrative remedies shall be vacated unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.

**3. Civil Rights ⟲209**

Although New York State Department of Corrections regulation provided administrative remedy for inmate's claim that corrections officers issued unwarrant-
ed misbehavior tickets in retaliation for complaints about their conduct, inmate was not required to exhaust this remedy before filing § 1983 action regarding retaliatory actions against an inmate were not "prison conditions" within meaning of Prison Litigation Reform Act's (PLRA) exhaustion requirement. 42 U.S.C.A. § 1983; Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a); N.Y.Comp. Codes R. & Regs. tit. 7, §§ 701.2(a, c), 701.7, 701.11.

See publication [Words and Phrases] for other judicial constructions and definitions.

**4. Civil Rights ⟲194**

Exhaustion of administrative remedies before filing § 1983 action is necessary only when specifically required by Congress. 42 U.S.C.A. § 1983.

**5. Convicts ⟲6**

In the context of statute requiring inmate to exhaust administrative remedies before filing federal action "with respect to prison conditions," term "prison conditions" does not include particularized instances of retaliatory conduct directed against an inmate. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Robert A. Lawrence, Beacon, NY, pro se.

Eliot Spitzer, Attorney General of the State of the New York (Robert Terry, Deputy Solicitor General, Hillary A. Taesh, Assistant Attorney General, of counsel), for Defendants-Appellees.

Before JOHN M. WALKER, Jr., Chief Judge, MINER, and POOLER, Circuit Judges.

PER CURIAM:

Robert A. Lawrence, pro se, sued a number of corrections officers and other officials pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. He alleged defendants violated his constitutional rights by
retaliating against him for filing a series of misbehavior tickets in retaliation for his complaints to prison authorities regarding their conduct. However, Lawrence did not file the retaliatory actions against him—a grievance—with prison officials—regarding the retaliatory conduct. The district court dismissed Lawrence's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because we conclude the exhaustion requirement does not apply to cases alleging individualized retaliation, we reverse the decision of the district court.

## BACKGROUND

At all times relevant, Lawrence was an inmate at Otisville State Penitentiary. Lawrence alleges defendant Corrections Officer James A. Kimble issued him a series of unwarranted misbehavior tickets in retaliation for Lawrence complaining to prison authorities about alleged misconduct by Kimble. As the pleadings make trie all the allegations, we take as true all reasonable inferences in plaintiff's favor. *See Niestle v. Willetts,* 220 F.3d 95, 97 (2d Cir.2000) *petition. for cert. filed,* 69 U.S.L.W. (Nov. 22, 2000). This presumption guides our recitation of the facts.

The first incident at issue occurred August 21, 1997, when Kimble issued plaintiff a misbehavior ticket without cause. That ticket was subsequently dismissed. A few days later, Kimble approached plaintiff and said, "So, you beat that ticket, but you won't win the next one." Lawrence then sent a letter of complaint to Superintendent Ernest Edwards, issuing and satisfying records, issuing unwarranted misbehavior tickets and harassment.

On August 25, 1997, Lawrence then received another unwarranted misbehavior ticket from Kimble. At the disciplinary hearing regarding that ticket, Lawrence complained about the threatening remark, which Kimble denied making. Lawrence asked Kimble another ticket after the

**184**    **338 FEDERAL REPORTER, 3d SERIES**

hearing for lying about Kimble making the remark, although that ticket was subsequently dismissed.

Then, on September 10, 1997, Kimble issued Lawrence another ticket for claiming Kimble had threatened him. The ticket was dated several days before Lawrence received it. Lawrence attributes the delay to Kimble and other defendants conspiring to find grounds for issuing the ticket. That ticket eventually became the subject of an Article 78 hearing and was expunged. Lawrence also alleges defendant Ver Dink, the prison's grievance coordinator, and Edwards, the prison superintendent, retaliated against him for complaining about their failure to comply with the prison's grievance policies by ticketing him for a variety of alleged misdeeds.

In his lawsuit, Lawrence charged defendants with depriving him of his right to free speech, with violating his Eighth Amendment right to be free from cruel and unusual punishment, and with preventing him from exercising his First Amendment right to complain about his mistreatment. He sought declaratory and injunctive relief, as well as compensatory and punitive damages. Defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Defendants argued, plaintiff failed to exhaust his administrative remedies; failure to state a claim for which relief could be granted; and that defendants were shielded from liability by the Eleventh Amendment and qualified immunity.

The district court dismissed Lawrence's complaint. It found the Prison Litigation Reform Act of 1995 ("PLRA") mandated inmates could not bring an action pursuant

1. Prior to the PLRA, § 1997e(a) provided in pertinent part:

(a) [I]n any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaus-

to 42 U.S.C. § 1983 until all administrative remedies were exhausted. See 42 U.S.C. § 1997e(a). The district court held that state regulations permitted inmates to file grievances regarding retaliatory actions, and Lawrence did not avail himself of them for filing a grievance. As he filed no grievance, the district court correctly determined Lawrence failed to exhaust his administrative remedies. We turn then to the issue of whether Lawrence is required to exhaust these administrative remedies before bringing his § 1983 action.

## DISCUSSION

[1, 2] We review de novo a district court order dismissing a case for failure to exhaust administrative remedies. See Nussle, 224 F.3d at 97. The dismissal shall be vacated "unless it appears beyond doubt that the plaintiff can prove no set of facts" in support of his claim. Id. (quoting SEC v. U.S. Envtl., Inc., 155 F.3d 107, 110 (2d Cir.1998)) (alteration in the original).

### 1. Exhaustion of remedies requirement of 42 U.S.C. § 1997(a)

The PLRA amended 42 U.S.C. § 1997e(a) to read in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp.2000).

[3] We first examine whether Lawrence had administrative remedies available. New York State Department of Correctional regulations allow an inmate to file grievances regarding "a complaint about the substance or application of any written or unwritten policy, regulation, procedure or rule" of the Department of Corrections.

tion of such plain, speedy, and effective administrative remedies as are available.

(2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section or are otherwise fair and effective.

**LAWRENCE v. GOORD**    **185**

Cite as 338 F.3d 182 (2d Cir. 2003)

as well as for "[a]llegations of employee misconduct meant to annoy, intimidate or harm an inmate." N.Y. Comp.Codes R. & Regs. tit. 7, § 701.2(a), (e); see also N.Y. Comp.Codes R. & Regs. §§ 701.7, 701.11 tit. 7. Lawrence thus had avenues available for filing a grievance. As he filed no grievance, the district court correctly determined Lawrence failed to exhaust his administrative remedies.

### 4. Exhaustion of administrative remedies before filing an action pursuant to 42 U.S.C. § 1983 is necessary only when specifically required by Congress. See Heckler v. Humphrey, 512 U.S. 477, 480, 114 S.Ct. 2264, 129 L.Ed.2d 336 (1994); Patsy v. Bd. of Regents, 457 U.S. 496, 508, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); Doe v. Pfrommer, 148 F.3d 73, 78 (2d Cir.1998). Congress made such a provision in § 1997e(a), which requires the exhaustion of administrative remedies only when the underlying § 1983 action is "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). The PLRA, enacted in 1996, tightened § 1997e(a)'s exhaustion requirement in several respects. See Nussle, 224 F.3d at 88-89. First, the PLRA extended the exhaustion requirement beyond § 1983 actions to all claims brought under federal law regarding prison conditions. See id. Second, the PLRA made exhaustion mandatory, rather than discretionary. See id. Third, the effectiveness of the available administrative remedies are no longer a consideration for requiring exhaustion. See id. Finally, the PLRA limited the scope of the exhaustion requirement to federal actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a).

[5] We turn then to an issue of first impression—whether individualized retaliatory actions fall within the meaning of "prison conditions" within the meaning of § 1997e(a). The term "prison conditions" is not defined in § 1997e(a), but this Circuit recently examined its meaning in Nussle v.

Wilkin v. See Nussle, 224 F.3d at 101. Nussle teaches the phrase "prison conditions" in § 1997e(a) does not include particularized instances of excessive force directed at an inmate. See id. at 106. We extend the reasoning of Nussle in holding "prison conditions" also does not include particularized instances of retaliatory conduct directed against an inmate.

"Prison conditions" is not defined in § 1997e(a). We begin our analysis by looking first to the plain language of the statute. See Greenery Rehabilitation Group, Inc. v. Hammon, 150 F.3d 226, 231 (2d Cir.1998). The plain language of "prison conditions" suggests those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like. See, e.g., Carter v. Kiernan, No. 98 Civ. 2664, 1999 WL 14014, at *3 (S.D.N.Y. Jan.14, 1999) ("The plain meaning of the term in the absence of any contrary definition would refer to the conditions of prison life—such as the provision of food, shelter, and medical care in prison."); Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000) ("'Conditions' are circumstances affecting everyone in the area affected by them.") (Noonan, J., concurring and dissenting) cert. denied, — U.S. —, 121 S.Ct. 377, 148 L.Ed.2d 291 (2000). Nussle reached the same conclusion, finding "the plain language of the statute indicated 'prison conditions' referred to 'circumstances affecting everyone in the area affected by them, rather than single or momentary matters], such as beatings or assaults, that are directed at particular individuals.'" Nussle, 224 F.3d at 101 (internal quotations marks omitted).

Nussle read § 1997e(a) in pari materia with another section of the PLRA, 18 U.S.C. § 3626(g)(2), and we adopt its reasoning here. See Nussle, 224 F.3d at 101-03. In § 3626(g)(2), Congress defined the phrase "civil action with respect to prison conditions" to mean "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects

**186**    **238 FEDERAL REPORTER, 3d SERIES**

of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2). *Nasaie* contained "conditions of confinement" as referenced in § 3626(g)(2) was "no more apt" to include particularized instances of assault or excessive force than the "prison conditions" of § 1997e(a). *Nussle*, 224 F.3d at 102 (quoting *Booth*, 206 F.3d at 301) (Noonan, J., concurring and dissenting). *Nussle* also found particular instances of excessive force did not constitute "actions by 'government officials,'" and that the term "government officials" referred only to administrative and policymaking officials, not prison employees who on policymaking authority. *Id.* at 102-05. In *Nussle* "we distinguish[ed] between 'excessive force' and 'prison conditional' claims for purposes of exhaustion under § 1997e(a) and concluded[d] that exhaustion of administrative remedies is not required for claims of assault or excessive force brought under § 1988." *Nussle*, 224 F.3d at 106.

The facts here are analogous to *Nussle*. There, the court was faced with particularized instances of force, while in the instant matter we are faced with particularized instances of retaliatory conduct. The underlying principles requiring exhaustion—giving notice to administrators and allowing policymakers to change their behavior—are not served when a grievance is aimed at one specific inmate rather than the prison population as a whole. See *Nussle*, 224 F.3d at 106 (finding no reason to extend the exhaustion requirement to cases "that is not contemplate ongoing judicial supervision or some other form of 'prospective relief'"). Eighth Amendment principles also support distinguishing between claims of individualized abuse and conditions of confinement. See, e.g., *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *see also Nussle*, 224 F.3d at 106. Therefore, as neither the text of the statute nor the policies supporting it suggest otherwise, we hold inmates need not exhaust their administrative remedies before bringing suit for particularized instances of retaliation.

### CONCLUSION

We hold Lawrence need not exhaust his administrative remedies before bringing this action for particular, individualized instances of retaliation under 42 U.S.C. § 1983. We thus vacate the judgment of the district court and remand for reinstatement of Lawrence's complaint. The district court did not pass on any of defendants' alternative arguments for dismissal. Accordingly, we offer no opinion as to the merits of those alternative defenses.

---

**IN RE: McKENNA**
Cite as 238 F.3d 186 (2d Cir. 2001)

**187**

for preliminary injunction staying arbitration proceeding. The United States Bankruptcy Court, Cornelius Blackshear, J., issued order which denied objection, and creditor appealed. The United States District Court for the Southern District of New York, 244 B.R. 206, affirmed order, and creditor appealed. The Court of Appeals held that creditor's failure to raise argument based upon Australian law in bankruptcy and district courts waived issue.

Affirmed.

**1. Bankruptcy ⇐2770**

Creditor's failure to raise argument based upon foreign law in bankruptcy and district courts waived issue when asserted for first time in Court of Appeals.

**2. Bankruptcy ⇐2779**

Plenary review is conducted of orders of a district court functioning as an appellate court in a bankruptcy case.

---

In re John C. McKENNA, as Provisional Liquidator of New Cap Reinsurance Corporation (Bermuda) Limited; John Gibbons, as Administrator of New Cap Reinsurance Corporation, Limited, Debtors.

Vesta Fire Insurance Corporation, Appellant,

v.

New Cap Reinsurance Corporation (Limited; New Cap Reinsurance Corporation (Bermuda) Limited, Appellees.

No. 00-5013.

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 2000.

Decided Jan. 17, 2001.

After creditor initiated arbitration proceeding against reinsurer in Alabama, administrator was appointed for reinsurer in foreign insolvency proceeding, and administrator then commenced ancillary proceeding in United States bankruptcy court. Creditor objected to petition of reinsurer

---

York (Robert W. Sweet, *Judge*) affirming the May 19, 1999 order of the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear, *Bankr.Judge*): Judge Blackshear's order denied Vesta's objection to the petition of appellee, New Cap Reinsurance Corporation Limited ("New Cap"), for a preliminary injunction staying arbitration. New Cap's petition for a preliminary injunction staying arbitration was filed pursuant to § 304 of the Bankruptcy Code.

[1, 2] For the first time on appeal, Vesta makes an argument regarding Section 116(3) of the Australian Insurance Act of 1973. Vesta's failure to raise its argument based upon Section 116(3) at the bankruptcy or court level and the district court level constitutes waiver. *See In re The Lionel Corp.*, 29 F.3d 88, 92 (2d Cir.1994) (Walker, Jacobs, Carman). Aside from Vesta's novel argument, we conduct a plenary review of orders of a district court functioning as an appellate court in a bankruptcy case. *See In re Manzo*, 131 F.3d 295, 301 (2d Cir.1997). Having conducted such a plenary review, we affirm, substantially for the reasons stated in the judgment of the district court, *Vesta Fire Insurance Corporation, Ltd.*, 244 B.R. 206 (S.D.N.Y.2000), and because Vesta has waived its argument as to Section 116(3) of the Australian Insurance Act of 1973.

---

Daniel Markewich, Mound, Cotton & Wollan, New York, New York, for Appellant.

Howard Seife, Chadbourne & Parke LLP, New York, NY, for Appellees.

BEFORE: OAKES, CARDAMONE, and PARKER, Circuit Judges.

**PER CURIAM:**

Vesta Fire Insurance Corporation ("Vesta") appeals from a February 14, 2000 judgment of the United States District Court for the Southern District of New

 SCI RE TREAT LIBRARY