cc: M J Smyser; Pltf; Attys Gold + Davis

58
8/21/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                          :    CIVIL NO. 1:01-CV-1064
                                   :
        Plaintiff                  :    (Judge Kane)
                                   :
    v.                             :    (Magistrate Judge Smyser)
                                   :
JAMES UPDIKE,                      :
JOSEPH MATALONI,                   :
EDWARD O'BRIAN and                 :    FILED
DALE HAZLAK,                       :    HARRISBURG, PA
                                   :
        Defendants                 :    AUG 21 2002
                                   :
                            ORDER       MARY E. D'ANDREA, CLERK
                                        Per _____
                                             Deputy Clerk

   The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

AO 72A
(Rev 8/82)

By an Order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted, on the condition that an attorney from the Panel of Voluntary Attorneys (LR 83.34) would enter an appearance on behalf of the plaintiff in this case. To date, no attorney has entered an appearance on behalf of the plaintiff.

The court has been informed by Charles W. Rubendall, II, Esquire, the Pro Bono Chair of the Federal Bar Association, that he has been unable to find counsel willing to enter an appearance in this case on behalf of the plaintiff. He indicates that in these types of medical cases, counsel are reluctant to take a case without first knowing that the claim has medical validity and that counsel are unwilling to advance their own funds to obtain what can be a rather expensive preliminary opinion from a medical practitioner. Mr. Rubendall further states that if the case is stayed for some time, the Federal Bar Association may yet be able to assist the court in finding counsel for the plaintiff. He notes that Chief Judge Vanaskie has been in contact with the Pennsylvania Medical

Society about providing physicians to perform initial examinations in these types of cases. Mr. Rubendall states that if a program with the court, the Federal Bar Association and the Pennsylvania Medical Society is up and running in the next few months, the Bar Association may be able to have the plaintiff examined by a physician and then possibly a panel attorney would be willing to accept an appointment to represent the plaintiff in this case.

Before we decide whether or not to stay the case, we will solicit the parties to state their position on whether or not the case should be stayed for some time in the hope that an attorney will be found to represent the plaintiff.

AND NOW, this 21st day of August, 2002, **IT IS HEREBY ORDERED** that on or before September 5, 2002, the parties shall file a statement of their position on whether or not the case should be stayed.

J. Andrew Smyser
Magistrate Judge

Dated: August 21, 2002.

3