1 ct.
Proper.



60
8/29/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHAN HUE, **Pro Se**        ) | CIVIL ACTION-LAW |
|     **Plaintiff**        ) | NO#1:01-CV-1064 |
| vs.                         ) | (Judge, Yvette Kane) |
| JAMES UPDIKE, JOSEPH MATALONI ) | (Magistrat J.Smyser) |
| EDWARD O'BRIAN and DALE HAZLAK ) | NOTICE OF MOTION IN THE SUPPORT OF ABATEMENT |
|     **Defendant's**     ) | |

FILED
HARRISBURG
AUG 2 7 20
MARY E. D'ANDREA
Per _____
Deputy Cle

## MOTION OF STATEMENT IN SUPPORT
## OF FURTHER ORDERS FOR ABATEMENT OF CASE

TO THE HONORABLE, MAGISTRATE AND JUDGE OF THE SAID COURT:

**COMES NOW,** Plaintiff, Phan Hue, **in propia persona**, and in this connexion hereby moves this Court for ORDERS to continue Abatement of said matter in support of the August 21, 2002, Court Order and respectfully avers in support hereof:

1) The Plaintiff, is Phan Hue a <u>pro se</u> prisoner whose currently incarcerated at the locale of SCI Retreat a Pennsylvania State Department of Corrections facility located at the locale of #660 State Route 11, Hunlock Creek, Pennsylvania, 18621-9580.

2) The Plaintiff at all times mentioned herein is a Native of Vietnam, who speaks the language of Vietnameese and knows little to none of broken English. As a result of the Plaintiff's language handicapp, lack of education and being unknowledgeable of law at all times mentioned herein he has been assisted only by jailhouse barristers. <u>See</u>, <u>Johnson vs. Avery</u>,__,__,U.S.__,__,SCt.__

3) As a result of the Plaintiff's lingua handicapp and various other impairment's he apprised the Court's of the request to be accorded appointment of counsel, pursuant to 28 U.S.C.§1915(A)(2)(b) and 3006(A)(G), to include based upon the Local Middle District Rules, see, <u>Parham vs. Johnson</u>, 126 F3d 454, 457,(3rd Cir.1997) and <u>Tabron vs. Grace</u>, 6 F3d 147, setting forth the protocol for the relief "granted"

..by this Court Id. Tabron, 6 F3d at 155. The Plaintiff, Phan Hue at all times mentioned herein has been proceeding as in propia persona, capacity and this action was first filed, when the named plaintiff commenced his complaint by filing it with the court on June 15, 2001, brought under 42 U.S.C.sec.§1983. The Plaintiff claims that the defendant's violated his Eighth Amendment by the discontinuing of his medication, confiscation of his shoulder restraint and refusing to let him see a ordered bone specialist for his shoulder injury. The Plaintiff further asserts up to present the defendant's have breached his third party beneficiary rights under the Medical Contractual Agreement. Thereafter the named defendant's compelled him to work despite his injuries and they retaliated against him for refusing to work and for claiming that they were violating his Eighth and Fourteenth Amendment's, which was a violation of his First Amendment.

By an order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted, on the condition that an attorney from the Panel of Voluntary Attorney's(LR 83.34) would enter an appearance on the behalf of the plaintiff in said matter. To date, no attorney has entered an appearance on behalf of the plaintiff.

Due to the complexity of the instant cause at issue and intricate types of medical science and treatment examinations necessary to the present date it has been hard for the Court to find a Counsel willing advance their own funds to procure a preliminary opinion from the serv of a medical practioner.

However, it has been noted that Chief Judge, Thomas I.Vanaskie has been in contact with the Pennsylvania Medical Society about provid ing physicians to perform initial examinations in these types of case' As noted in the Court's August 21, 2002, Order it patently indicates upon a program with the Court, Federal Bar Association and Pennsylvania Medical Society is up and running in the next few months, the Bar Association may be able to have the plaintiff examined by a physician and then possibly a panel attorney would be more willing and unrelucta to not entertain said matter and would enter an appearance on the beha of this language handicapped and illiterate plaintiff.

It goes without question the plaintiff has requested prior for

the instant cause of action to be placed in abatement until a Counsel could be found to assist him in this matter." This was also granted in part by the Court." It was just ordered that the plaintiff comply with being assisted by his interperator with the answering of the interrogatories and discovery phas under Fed.R.Civ.P.26.

Since said date and time, Plaintiff has undergone depositions, and complied with all orders, requests and discovery requirement's. Due to the complexity and potential medical science and examinations necessary in this matter it goes without question the Motion for further Abatement is warranted in said matter to protect the rights of the plaintiff and serve the interest of justice in this case. An evolving society simply should not turn there head on such types of shocking matter's.

4. The Plaintiff propounds what is rather funny is that the named Defendant's continue to refuse to oblige per production of his Discovery Request for the Bilateral Medical Contract existing between the State, Department of Corrections and Medical Health Services Provider at SCI Retreat with all past and current updated amendments and parties, showing his third party beneficiary rights being violated to date." Since the Defendant's are in breach of the terms and protocol under said contractual agreement, they are also depriving the plaintiff of his Eighth and Fourteenth Amendment's.

5. The Plaintiff simply asks through his interperator that this Court grant him the right of a Motion to Compel under Fed.R.Civ.P.26 and 37(a), forcing the Defendant's for the production of said contract and all past and current amendments and revisions to date of the existing contract." Your plaintiff has produced and provided the named Defendant's and Counsel's with all types of Discovery at his expense when requested and now the Counsel on behalf of Defendant's refuse to oblige per Phan Hues request for the Contract."Surely costs, are not a reason to hide behind producing the contract, because this is Discovery."

6. That, Plaintiff avers under the instant circumstance's based upon material issue's being in dispute between all parties, this case should be placed in abatement for relief under the 8-21-2002, court

criteria to gain the necessary medical examinations and to procure a counsel to assist this inmate, being solely helped by a inmate. As the Court's know such types of examinations, testings and medical reviews are warranted in such a matter and will assist the jury, counsel and the court at a time of trial to prove the claims at issue that are valid and of merit."

WHEREFORE, for all the foregoing reasons interperated for this language handicapped inmate it is respectfully requested by this Court for further Abatement and if need be the Court can simply review the prior filed Summary Judgment Brief submitted in the support of his position." Therefore, said issue's are in dispute and of course a trial by jury will continue to be requested." And He, Shall, Ever Pray for the Abatement to be ongoing."

Respectfully Submitted,

*P. Hue*

Notice: Upon such examinations, Samuel C.Stretton, Esq of the address of 301 South High Street, West Chester Pa., 19381-3231 has been contacted and may be willing to assist in this matter as Appointed Counsel.(610-696-4243)
Secretary, Jennifer or Sherri

C E R T I F I C A T I O N

I, Phan Hue, hereby affirm I have had the informations herein interperated and translated to me and believe they are true and correct to the best of my belief, knowledge and informations. I further certify them under 28 U.S.C.sec.§1746.   *P. Hue*

Phan Hue,Pro Se

PROOF OF SERVICE( Sent By First Class,U.S.Mail)
I, Phan Hue, have caused a true and correct copy of the Motion and Statement in Support of Abatement to be issued on the persons listed below in sequence of order, by depositing a true and correct copy of it into a depository operated by the U.S. Postal Service, on this __24th__,day of __August__,2002, under the Mailbox Rule, Houston v.Lack

Office of Cler, U.S.District Courthouse #228 Walnut St.,P.O.Box 983 Harrisburg Pa.,17108.