ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : | (Judge Kane) Magistrate Judge Smyser) |

FILED
HARRISBURG, PA
SEP 06 2002
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

STATEMENT OF JAMES UPDYKE, P.A. IN OPPOSITION OF THE
STAYING OF THIS ACTION

This Court has stayed this action as of June 12, 2002 to permit Phan Hue to obtain counsel from the Middle District's Chapter of the Federal Bar Associations Volunteer Committee of Attorneys. After two months no attorney on the panel has expressed the desire to represent Phan Hue in this matter. Thus, several attorneys of the panel have independently made the decision that this case either has no merit or that it is unlikely to result in relief in favor of Phan Hue.

Now this Court has asked whether it should grant a further stay in hopes that a volunteer physician could be found who could support Phan Hue's claims. James Updyke, P.A. ("Updyke") strenuously opposes any further stay in this matter. Phan Hue has no right to counsel. This Court exercised its discretion in an attempt to obtain counsel for him. No one has expressed a willingness to represent him. No indication exists that the reason that attorneys have refused to represent him is because he has no medical expert to support his position. To prevail in his claim based on 42 U.S.C. §1983 Phan Hue does not necessarily require a medical expert. Thus, it constitutes mere speculation that obtaining a volunteer physician to support Phan Hue's position will result in an attorney stepping forward to represent Phan Hue. No indication exists

1

that any physician will support Phan Hue's view of the medical treatment he received.

Permitting an additional stay in hopes that someone can locate a volunteer physician for Phan Hue results in this Court stepping outside of its role as an adjudicator and umpire into a position of an advocate. It compromises the Court's neutrality.

It bestows greater consideration upon Phan Hue, a convicted inmate, than the judicial system provides to a private litigant in a personal injury case. In a medical personal injury case the Court does not attempt to obtain free experts for the plaintiff. If the plaintiff lacks the ability to pay for experts, the Courts uniformly take the position that the plaintiff has to bear the consequences of such inability even if that means that the plaintiff never obtains a day in Court for what would otherwise constitute meritorious litigation.

The United States Court of Appeals for the Third Circuit in <u>Boring v. Kozakiewicz</u>, 833 F.3d 468 (3d Cir. 1987) concluded that neither it nor a district court had any power to appoint an expert for an inmate plaintiff in a civil rights case even if the failure of the plaintiff to have an expert resulted in dismissal of the plaintiff's claim. The Court concluded that it could not bestow greater rights upon a plaintiff inmate than that possessed by a private litigant in a medical malpractice case. That analysis applies here. It compels the Court not to grant a further stay and to permit final adjudication of this matter.

While Phan Hue has had every opportunity to obtain an expert and counsel he has no legal right to either one in the context of this case. Further delay unfairly prejudices Updyke. Updyke no longer works in the Commonwealth of Pennsylvania. He resides and labors thousands of miles from this Court. This case has already imposed a substantial burden upon him. Further delay only adds to that burden. Updyke wishes to file a motion for summary

2

judgment as soon as possible. He believes on the advice of counsel that Phan Hue's claim against him has no merit and will not survive such a motion.

                        GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
     ALAN S. GOLD
     Attorney for Defendant,
     James Updyke, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, James Updyke, P.A.'s Statement in Opposition to Staying this Action by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

DATE: 9/5/02

ALAN S. GOLD