IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Phan Hue, Pro Se | : | |
| vs. | : | Civil No. 01-CV-1064 |
| | : | (Judge Kane) |
| James Updike; Joseph Mataloni; | : | |
| Edward O'Brien and Dale Hazlack | : | (Magistrate Judge Smyer) |
| | : | |

FILED
HARRISBURG

NOV 0 4 200

MARY E. D'ANDREA,
Per_____
(Deputy Clerk)

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIONS
TEMPORARY RESTRAINING ORDERS AND FURTHER ABATEMENT
OF CASE UNTIL APPOINTMENT OF COUNSEL BASED ON FURTHER
RETALIATORY ACTIONS OF RETALIATORY TRANSFERS TO INJURE

A. <u>Parties and statement of claim</u>

Plaintiff, Phan Hue ("Hue"), is a illiterate inmate with a language handicap whose confined at Correctional Institute at Retreat ("SCI-Retreat"). The Corrections Defendants are: Joseph Mataloni, Health Care Administrator, Dale Hazlack, Unit Manager and Edward O'Brien, Food Service Manager; along with James Updike, Physician.

In the 42 U.S.C.§1983;§1985 action Hue alleges the Corrections Defendants violated his First, Eighth and Fourteenth Amendments. Hue is suing the Corrections Defendants in their individual and official capacities. Hue seeks injunctive relief as well as compensatory, punitive and other damages.

B. <u>Relevant Procedual History</u>

Hue initiated his action with the filing of a complain and an Application for in forma pauperis status on June 15, 2001. The Corrections Defendants filed a Motion to Dismiss the Complaint on Feb. 8, 2002. That the Motion to Dismiss was denied by the Court on May 10, 2002. The Court issued a scheduling Order on March 6, 2002, indicating discovery was to be completed

by August 5, 2002. The last Day to file discovery motions was July 1, 2002. Corrections Defendants served interrogatories and request for production of documents on the Plaintiff on April 1, 2002. The Plaintiff responded to the Defendant's Discovery Requests by filing them with the Court on April 30, 2002. The Court thereafter agreed with Plaintiff finding Defendants failed to abide by the rules of Court and had stricken Defendants Motion and Pleading for trying to compel Hue to answer things absent of a Court Order. The Plaintiff subsequently answered all interrogatories and discovery, filing copies with the Court and Defendant's Counsels. The Plaintiff thereafter through his interpreter initiated a request for Court Appointed Counsel under the framework of (Tabron vs. Grace), which was Granted for the Fourteenth and First Amendments. The Defendants again sought Dismissal of Phan Hue's Complaint various times subsequently denied. Phan Hue then filed his request to abate said until Counsel was accorded. The Court granted said request and Discovery. Interrogatories and deposition were concluded with the exception of Plaintiff's Motion to Compel under Federal R.Civil P.37(a). That Defendant's forward a true, correct and complete copy, of the medical contract with all past and current Amendments, based upon said contract. Plaintiff seeks Order for said contract to date for Trial and Evidence. Plaintiff's case was then put in the abatement to present based upon Defendants Counsel. Marcia Davis stipulated to the Courts Order. To date said abatement exits caused by this Courts Order of Sept. 2002, based on examinations of the medical injuries by the Newly Implemented Program by Chief Judge Thomas I. Vanaskie, of the Middle District Court of Scranton. To date Plaintiff awaits said examinations and appointment of counsel to assure his Due Process and Equal Protections under the Fourteenth Amendment.

Plaintiff throughout said Cause of Action has been assisted by inmates who left said prison on parole. Since Plaintiff has been assisted by an inmate "John Doe #1" AKA, which has assisted and prepared Phan Hue's intricate and complex Motions. Pleadings and Briefs filed with said Court and upon Defendants and their Counsels of Record. Plaintiff since has repeatedly been questioned, badgered and harassed by Defendant's Counsels to tell who said interpreter and jail house lawyer is requesting John Doe name be divulged and disclosed. Because Hue, (Plaintiff) notified said Court of this the Defendants have retaliated by sending Correctional Guards/Security to harass by retaliatory cell searches, and the taking of his (Medical Denture Materials); Reading of his Legal Papers and since the Defendants have notified Plaintiff, Phan Hue he was being Transferred from said Prison of (S.C.I. Retreat) to (S.C.I. Mahanoy) as another method to retaliate by taking Plaintiff, from his interpreter and Jail House Lawyer who has assisted to date. Moreoverly, because Plaintiff has contacted and exercised his First and Fourteenth Amendment to write and talk to said Counsels of the Washington D.C. Embassy and California Embassy, Defendants are retaliating and transferring Plaintiff to S.C.I. Mahony. To allow such would cause irreparable harms and injuries to Plaintiff, based upon he no longer would have any help or translators/interpreter to assist him with filing, defending or preparing his intricate and complex pleadings. The Plaintiff as proven to said Court has came from Vietnam; has no education as best 3rd grade; is unknowledgable of law; and speaks little to none of broken English.

C. Plaintiff requests this Court to further Abatement said Action, Appoint Counsel based upon Defendants retaliatory adverse action and

transfers; and issue T.R.O.'s and Preliminary Injunctions under Fed.R.Civil P.65(a)(b)(c)(d); which in alternative Order. Plaintiff be returned immediately back to S.C.I. Retreat until the conclusion of said Case. Order Defendants, their Employees, Agents and Successors be prohibited from reading, and taking Plaintiff's legal papers at S.C.I. Retreat or S.C.I. Mahanoy.

Wherefore, for all the foregoing reasons Plaintiff, Phan Hue moves this Court to honor said requests at issue. And he, shall ever pray.

Respectfully Submitted

/s/ Phan Hue
Phan HUE, Pro Se DY-0577

## Legal Argument

Rule 65 (a) two distinct concepts. The first portion is that such application as the one at issue should inform Defendants with a notice. Said Court can accord such relief to Order the injunction to maintain the Status Quo in such circumstances. The injunction at issue clearly favors Plaintiff's unusual circumstances of the merits of his case. Resolution Trust Co. vs. Cruce, 972 f2d 1195(10th Cir.1992); McDonalds Corp. vs. Robertson 147 f3d 1301(11th Cir. 1998); Fed R. Civil P.65(b) provides Plaintiff to what relief is asked Bierios vs. Nicole 857 F.Supp 445, E.D.Pa.1994; The four standards of the issuance of the Orders for the injunctions and T.R.O.s is patently obvious it is to assure who has proper aid and preparation against Defendants. Such transfers are clearly retaliatory for the litigation, exercising of 1st, 8th and 14th Amendments. See such transfers and retaliations have been found unconstitutional already by the Courts for (e.g. Soruytte vs. Hoffner. W.D. Mich. 2001. 181 F.Supp2d.736); Allah vs. Seiverling 229 f3d 220(3rd Cir.2000); Rauser vs. Horn f3d 2001; Thaddeus V. vs Blatter, 175 f3d 376(6th Cir.1999); Smith vs. Maschner, 899 f2d 944(10th Cir. 1990); Carter vs. Dragovich, Klem Et.Al., ED.Pa.lexis.1999 #11389; Cody vs. Weber, (10th Cir. F.Supp.2d 2001 and the propositions these cases propose on such retaliations against Hue. Hines vs. Gomez, 108 f3d. The Plaintiff meets the (3) components of retaliations. Stanley vs. Litscher, 213 f3d 340 (7th Cir. 2000); Rouse vs. Benson, 193 f3d 936 (8th Cir. 1999) "Same" Babbock vs. White, 102 f3d 936; The first Amendment entitles under Bounds vs. Smith U.S. S.Ct.; and Johnson vs. Avery, inmates like Hue are entitled to help, as at issue absent retaliations and transfers for exercising his rights under 1st, 8th and 14th

A

Amendment. Therefore, relief is requested of Orders and Counsel in alternative under Tabron vs. Grace, 3rd Cir. Standards to protect Phan Hue 1st, 8th and 14th Amendment Rights.

Respectfully Submitted

*[signature]*

Phan Hue Pro Se DY0577

CERTIFICATION

I, Phan Hue, hereby certifies the information in the foregoing are true and correct to 28 U.S.C.§ 1746. of unsworn Falsifications to Authorities.

                                                             Phan Hue, Pro Se Dy0577

PROOF OF SERVICE

I, Phan Hue, hereby deposeth and says a true and correct copy of said Motion and Application was served by 1st Class U.S. mail by depositing a copy of it into a depository at S.C.I. Retreat this 23rd Day of October 2002.

Clerk of Courts

United States Middle District
Court of Harrisburg Pa. 17001

Judge Evette Kane
Magistrate Judge, Smyser

Defendants/Counsel
Notice to Phan Hue at S.C.I. Mahanoy
all Court Notice and papers, etc. due to
Retaliatory!!

(1) Uno Copy as I.F.P.
Houston vs. Lack, F.3d