cc: J Kane, MJSmyser; Mr. Hue, Atty Gold, Davis + Rubendale.

66
90-11/27/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE, | : | CIVIL NO. **1:01-CV-1064** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JAMES UPDIKE, | : | |
| JOSEPH MATALONI, | : | |
| EDWARD O'BRIAN and | : | |
| DALE HAZLAK, | : | |
| | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

NOV 27 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

### ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

AO 72A
(Rev 8/82)

By an Order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted on the condition that an attorney from the Panel of Voluntary Attorneys (LR 83.34) would enter an appearance on behalf of the plaintiff in this case. To date, no attorney has entered an appearance on behalf of the plaintiff.

The court had been informed by Charles W. Rubendall, II, Esquire, the Pro Bono Chair of the Federal Bar Association, that he has been unable to find counsel willing to enter an appearance in this case on behalf of the plaintiff. Mr. Rubendall indicated that in these types of medical cases, counsel are reluctant to take a case without first knowing that the claim has medical validity and that counsel are unwilling to advance their own funds to obtain what can be a rather expensive preliminary opinion from a medical practitioner. Mr. Rubendall further stated that if the case is stayed for some time, the Federal Bar Association may yet be able to assist the court in finding counsel for the plaintiff. He noted that Chief Judge Vanaskie has been in contact with the Pennsylvania

2

Medical Society about providing physicians to perform initial examinations in these types of cases. Mr. Rubendall stated that if a program with the court, the Federal Bar Association and the Pennsylvania Medical Society is up and running in the next few months, the Bar Association may be able to have the plaintiff examined by a physician and then possibly a panel attorney would be willing to accept an appointment to represent the plaintiff in this case.

By an order dated August 21, 2002, parties were ordered to file a statement of their position on whether or not the case should be stayed for some time in the hope that an attorney will be found to represent the plaintiff. The parties expressed their agreement to a stay. By an Order dated September 9, 2002, the case was stayed until November 1, 2002.

On October 31, 2002, Mr. Rubendall informed the court that the Federal Bar Association is going to try to implement a procedure for a medical professional to act as a special master in this case. By an Order dated November 4, 2002, we extended

the stay until December 31, 2002 so that the procedure proposed by Mr. Rubendall can be considered and implemented by the Federal Bar Association.

On November 4, 2002, the plaintiff filed a motion for a preliminary injunction or a temporary restraining order. The plaintiff asserts that he is being retaliated against for pursuing this action in a number of way including that he was (or will be) transferred in retaliation. The plaintiff requests that this action be stayed further and the counsel be appointed to represent him. He also requests that he be transferred back to his original institution and that the court order prison officials to refrain from reading or taking his legal papers.

The plaintiff's certificate of service attached to his motion does not clearly indicate that he served the motion on the defendants' counsel. The plaintiff has failed to comply with Fed.R.Civ.P. 65(b), which requires that he certify to the court in writing the efforts, if any, which have been made to

give notice to the defendants of the motion and of the reasons that notice should not be required. Although notice to the adverse party is important in any case, we believe that it is especially important in cases where to grant the motion would mean that the court would order prison administration to take a particular action or to refrain from a certain action. In addition, when considering a prisoner's request for a preliminary injunction the court must adhere to 18 U.S.C. § 3626(a), which provides in part:

> **(1) Prospective relief. -(A)** Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.
> . . .
> **(2) Preliminary injunctive relief.** - In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly

5

>drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

The court is not likely to grant preliminary injunctive relief in a prison case without first hearing from the prison officials.

We will deny the plaintiff's motion for a preliminary injunction or temporary restraining order without prejudice to the plaintiff filing, after the stay in this case is lifted, a motion for a preliminary injunction which will have been served on the defendants.

6

AND NOW, this 27th day of November, 2002, **IT IS ORDERED** that the plaintiff's motion (Doc. 65) for a preliminary injunction or a temporary restraining order is **DENIED WITHOUT PREJUDICE.**

                                            /s/ J. Andrew Smyser
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated: November 27, 2002.

AO 72A
(Rev 8/82)

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                      November 27, 2002
```

Re:  1:01-cv-01064   Hue v. Updike

True and correct copies of the attached were mailed by the clerk
to the following:

```
Phan Hue
SCI-RETREAT
DY-0577
660 State Route 11
Hunlock Creek, PA   18621

Alan S. Gold, Esq.
Gold, Butkovitz & Robins, P.C.
tl
7837 Old York Rd.
Elkins Park, PA   19027   Fax No.: 12156352543

Marsha M. Davis, Esq.
Office of Chief Counsel
PA Dept of Corrections
55 Utley Drive
Camp Hill, PA   17011   Fax No.: 17179752217

Charles W. Rubendall II
FBA Pro Bono Program Chair
Keefer, Wood, Allen & Rahal, LLP
(717) 255-8050
210 Walnut Street
P.O. Box 11963
Harrisburg, PA   17108-1963
```

*[Handwritten annotations: "JKane", "MJSnyper", "By reg mail", "ECM Down 11/27/02", signature]*