cc: MJ Smyser; Mr. Rubendall; Mr. Hue; Alan Gold & Marsha Davis

68
12/6/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                          :   CIVIL NO. 1:01-CV-1064
                                   :
          Plaintiff                :   (Judge Kane)
                                   :
     v.                            :   (Magistrate Judge Smyser)
                                   :
JAMES UPDIKE,                      :         FILED
JOSEPH MATALONI,                   :      HARRISBURG, PA
EDWARD O'BRIAN and                 :
DALE HAZLAK,                       :       DEC 0 6 2002
                                   :
          Defendants               :   MARY E. D'ANDREA, CLERK
                                       Per _____
                                              Deputy Clerk

### ORDER

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

AO 72A
(Rev.8/82)

By an Order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted on the condition that an attorney from the Panel of Voluntary Attorneys (LR 83.34) would enter an appearance on behalf of the plaintiff in this case. To date, no attorney has entered an appearance on behalf of the plaintiff.

The court had been informed by Charles W. Rubendall, II, Esquire, the Pro Bono Chair of the Federal Bar Association, that he has been unable to find counsel willing to enter an appearance in this case on behalf of the plaintiff. Mr. Rubendall indicated that in these types of medical cases, counsel are reluctant to take a case without first knowing that the claim has medical validity and that counsel are unwilling to advance their own funds to obtain what can be a rather expensive preliminary opinion from a medical practitioner. Mr. Rubendall further stated that if the case is stayed for some time, the Federal Bar Association may yet be able to assist the court in finding counsel for the plaintiff. He noted that Chief Judge Vanaskie has been in contact with the Pennsylvania

Medical Society about providing physicians to perform initial examinations in these types of cases. Mr. Rubendall stated that if a program with the court, the Federal Bar Association and the Pennsylvania Medical Society is up and running in the next few months, the Bar Association may be able to have the plaintiff examined by a physician and then possibly a panel attorney would be willing to accept an appointment to represent the plaintiff in this case.

By an order dated August 21, 2002, parties were ordered to file a statement of their position on whether or not the case should be stayed for some time in the hope that an attorney will be found to represent the plaintiff. The parties expressed their agreement to a stay. By an Order dated September 9, 2002, the case was stayed until November 1, 2002.

On October 31, 2002, Mr. Rubendall informed the court that the Federal Bar Association is going to try to implement a procedure for a medical professional to act as a special master in this case. By an Order dated November 4, 2002, we extended

3

the stay until December 31, 2002 so that the procedure proposed by Mr. Rubendall can be considered and implemented by the Federal Bar Association.

By a letter dated November 25, 2002, Mr. Rubendall informed the court that an orthopedic surgeon in northeastern Pennsylvania has indicated a willingness to assist in this case. Mr. Rubendall asks what is the best way to get a complete set of pertinent medical records for this physician. In the absence of a motion, the court will not normally become involved in the discovery process. However, in this case, where there is not yet counsel for the plaintiff, we will direct the defendants to provide a copy of the plaintiff's medical records to Mr. Rubendall. Our hope is that by doing so, we will facilitate the entry of an appearance by an attorney on behalf of the plaintiff in this case.

AND NOW, this 6th day of December, 2002, **IT IS ORDERED** that the defendants shall provide a copy of all of the plaintiff's medical records which are in their care, custody or

control to: Charles W. Rubendall, III, Pro Bono Chair, Federal Bar Association, Keefer, Wood, Allen & Rahal, LLP, 210 Walnut Street, P.O. Box 11963, Harrisburg, PA 17108-1963.  The Clerk of Court is directed to send a copy of this order to Mr. Rubendall as well as to the parties.

                                                    J. Andrew Smyser
                                                    Magistrate Judge

Dated: December 6th, 2002.

AO 72A
(Rev 8/82)