```
                UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                          :     CIVIL NO. 1:01-CV-1064
                                   :
          Plaintiff                :     (Judge Kane)
                                   :
     v.                            :     (Magistrate Judge Smyser)
                                   :
JAMES UPDIKE,                      :
JOSEPH MATALONI,                   :
EDWARD O'BRIAN and                 :
DALE HAZLAK,                       :
                                   :
          Defendants               :
```

**<u>ORDER</u>**

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 15, 2001. The plaintiff claims that the defendants violated the Eighth Amendment by discontinuing his medication, confiscating his shoulder restraint and refusing to let him see a bone specialist for his shoulder injury. The plaintiff also claims that the defendants forced him to work despite his injury and that they retaliated against him for refusing to work and for claiming that they were violating the Eighth Amendment.

By an Order dated May 17, 2002, the plaintiff's motion for the appointment of counsel was granted on the condition

that an attorney from the Panel of Voluntary Attorneys (LR 83.34) would enter an appearance on behalf of the plaintiff in this case.

The court was informed by Charles W. Rubendall, II, Esquire, the Pro Bono Chair of the Federal Bar Association, that he has been unable to find counsel willing to enter an appearance in this case on behalf of the plaintiff.  Mr. Rubendall indicated that in these types of medical cases, counsel are reluctant to take a case without first knowing that the claim has medical validity and that counsel are unwilling to advance their own funds to obtain what can be a rather expensive preliminary opinion from a medical practitioner.  Mr. Rubendall further stated that if the case is stayed for some time, the Federal Bar Association may yet be able to assist the court in finding counsel for the plaintiff.  He noted that Chief Judge Vanaskie has been in contact with the Pennsylvania Medical Society about providing physicians to perform initial examinations in these types of cases.  Mr. Rubendall stated that if a program with the court, the Federal Bar Association and the Pennsylvania Medical Society is up and running in the next few months, the Bar Association may be able to have the plaintiff examined by a physician and then possibly a panel

2

attorney would be willing to accept an appointment to represent the plaintiff in this case.

By an order dated August 21, 2002, the parties were ordered to file a statement of their position on whether or not the case should be stayed for some time in the hope that an attorney will be found to represent the plaintiff.  The parties expressed their agreement to a stay.  By an Order dated September 9, 2002, the case was stayed until November 1, 2002.

On October 31, 2002, Mr. Rubendall informed the court that the Federal Bar Association is going to try to implement a procedure for a medical professional to act as a special master in this case.  By an Order dated November 4, 2002, we extended the stay until December 31, 2002 so that the procedure proposed by Mr. Rubendall could be considered and implemented by the Federal Bar Association.

By a letter dated November 25, 2002, Mr. Rubendall informed the court that an orthopedic surgeon in northeastern Pennsylvania has indicated a willingness to assist in this case.  Mr. Rubendall asked about the best way to get a complete set of pertinent medical records for this physician.  By an

3

Order dated December 6, 2002, the defendants were directed to provide a copy of the plaintiff's medical records to Mr. Rubendall. Our hope was that by doing so, we would facilitate the entry of an appearance by an attorney on behalf of the plaintiff in this case. The Pennsylvania Department of Corrections and Mr. Rubendall subsequently entered into a confidentiality stipulation regarding the plaintiff's medical records.

By an Order dated January 16, 2003, the stay entered in this case was extended to March 17, 2003. By an Order dated February 7, 2003, Shawn P. Hennigan, M.D., was appointed as a special master in this case and was directed to file a written report to assist the court in deciding whether, based on the materials reviewed by Dr. Hennigan, there is reason to believe that the plaintiff has or had a serious medical condition as alleged in the complaint and whether there is reason to believe that any of the defendants were deliberately indifferent to the plaintiff's serious medical condition. Dr. Hennigan was requested to provide his report within a reasonable time, no more than sixty days from the date of the Order. Since Dr. Hennigan's report was due on or before April 8, 2003, we entered another stay of the case until April 8, 2003.

By a letter dated March 19, 2003 and received by the court on March 31, 2003, Dr. Hennigan communicated his opinions to the court.

To date, no attorney has entered an appearance on behalf of the plaintiff and it does not appear that an attorney will be found by the court willing to enter an appearance on behalf of the plaintiff in this case.  Accordingly, we will vacate the order of May 17, 2002 conditionally granting the plaintiff's motion for the appointment of counsel and we will lift the stay of this case.

There are currently two motions pending in this case. On May 30, 2002, defendants Mataloni, O'Brian and Hazlak filed a motion for summary judgment and on June 6, 2002, they filed a brief in support of that motion.  By an Order dated June 12, 2002, the plaintiff's obligation to respond to the motion for summary judgment was stayed for a period of sixty days. Despite the stay, on June 18, 2002, the plaintiff filed a brief in opposition to the motion for summary judgment.[1] On July 19, 2002, the plaintiff filed a motion to compel discovery.  We

---

1.  On July 16, 2002, the plaintiff filed another copy of his brief in opposition.

5

will order that the plaintiff file a brief in support of his motion to compel discovery and we will grant the defendants an opportunity to file a reply brief in support of their motion for summary judgment.

AND NOW, this 2nd day of April, 2003, **IT IS ORDERED** that the Order of May 17, 2002 conditionally granting the plaintiff's motion for the appointment of counsel is **VACATED** and that the stay of this case is **LIFTED. IT IS FURTHER ORDERED** that the plaintiff shall file a brief in support of his motion to compel on or before April 16, 2003. If the plaintiff fails to file a brief in support of his motion to compel on or before April 16, 2003, the motion will be deemed withdrawn. **IT IS FURTHER ORDERED** that the defendants may file a reply brief in support of their motion for summary judgment on or before April 16, 2003.

                                                ***/s/ J. Andrew Smyser***
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated:  April 2, 2003.