IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 01-CV-1064 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JAMES UPDIKE, et al., | : | (Magistrate Judge Smyser) |
| | : | |
| Defendants. | : | Filed Via Electronic Filing |

**REPLY BRIEF IN SUPPORT OF CORRECTIONS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Corrections Defendants adopt their Brief in Support of their Motion for Summary Judgment and Exhibits attached thereto, as part of this Reply Brief. In addition, the Corrections Defendants refer the Court to several other cases decided in this jurisdiction regarding the exhaustion of remedies and in particular, an inmate's failure to seek monetary damages in prison grievance proceedings.[1] When a Plaintiff has not requested monetary damages as relief in his grievance the Courts have precluded the inmate from seeking such relief in a civil rights action.

---

[1] *Still v. Pennsylvania Department of Corrections*, Civil No. 4:CV-01-2287, *slip op*. at 14-15 (M.D. Pa. September 24, 2002)(Jones, J.), attached as Exhibit 1; *Stanton v. Meyers,* Civil No. 1:CV-98-1453, *slip op*. at 13 (M.D. Pa. September 26, 2002)(Munley, J.), attached as Exhibit 2; *Spann v. Wilson*, Civil No. 4: CV-97-1770, *slip op*. at 14 (M.D. Pa. September 30, 2002 (Kane, J.), attached as Exhibit 3; *Lattimore v. Lasky*, Civil No. 4:CV-01-0124, *slip op*. at 8-11 (M.D. Pa. December 2, 2002)(Jones, J.), attached as Exhibit 4.

In this civil rights action, Plaintiff seeks monetary relief, an outside medical expert, and expungement of his misconduct record. None of these forms of relief was sought in the grievances filed by the Plaintiff. In Corrections Defendant's Exhibit C:A, Plaintiff's grievance 112, sought only to have pain medication ("I wouldn't have to see a bone specialist, I just want a pain reliever till they do something."). Defendant's Exhibit C:C, Plaintiff's grievance 185, clearly reveals that Plaintiff only sought dentures. ("upper and bottom's are needed"). Nowhere, even in Plaintiff's Exhibit's A to his Brief in Opposition to Defendant's Motion for Summary Judgment, does Plaintiff request money, an outside medical doctor, or expungement of his misconduct record expunged. Therefore, Plaintiff has failed to exhaust his administrative remedies as to any of the forms of relief that he is seeking.

In addition, Plaintiff separately filed a pleading for the appointment of a doctor to examine him. (Doc.23); that request was denied. (Doc. 39).

To understand the relevance of Plaintiff's Exhibit A to his Brief in Opposition to the Motion for Summary Judgment, one must refer back to Defendant's Exhibit B to their Motion for Summary Judgment.[2] Exhibit B contains DC-ADM 804 (grievance policy), with periodic updates that were in effect at the time of the grievances filed by Plaintiff. The original DC-ADM 804

---

[2] Unless otherwise noted, Exhibits are to the Corrections Defendant's Exhibits attached to their Motion for Summary Judgment.

policy became effective October 24, 1994. Effective May 20, 1996, the policy was revised to provide for the Superintendent's review of medical claims; this was incorporated as Step 2 of the grievance process. An appeal to the Central Office Review Committee ("CORC"), formally Step 2, is now Step 3. (Exhibit B, dated May 20, 1996). The CORC was located in Camp Hill. Effective November 1, 1997, the policy was revised to replace the CORC with a hearing examiner located in Elizabethtown. The hearing examiner is to review all grievances as the final stage of appeal. Grievances are to be mailed to him at an Elizabethtown address, which is included in the Bulletin. (Exhibit C). The policy was revised again, effective May 1, 1998, to include the following language, "The Grievant may also include a request for compensation or other legal relief normally available from a court." (Exhibit C, dated May 1, 1998). Effective November 1, 2000, the policy was revised to change the name and location of the final appeal stage. The bulletin stated final appeals were to be submitted to the Secretary's Office of Inmate Grievances and Appeals at a Camp Hill, Pa. address. (Exhibit C, dated November 1, 2000).[3]

---

[3] This November 2000 revision is inapplicable, as it is subsequent to the filing of Plaintiff's grievances.

Plaintiff was first incarcerated in a State Correctional Institution in July 1999.[4] The grievance policy in effect, at the times relevant to the issues before this court, includes all the revisions up to and including May 1, 1998. Plaintiff filed his grievances in April (112) and June (185) of 2000. Therefore, DC-ADM 804 required Plaintiff to submit his grievances to the Superintendent as Step 2 and then to the hearing examiner in Elizabethtown for final review. Plaintiff had Notice that monetary relief could be sought through the grievance procedure.[5] Plaintiff attaches what appear to be letters seeking final review of his grievances as Exhibit A to his Brief in Opposition to Summary Judgment. These letters are addressed to CORC for Medical Grievances in Camp Hill. Assuming the Plaintiff filed the documents attached as his Exhibit A, he did not forward them properly. The CORC had ceased to exist more than two and one-half years prior to the filing of Plaintiff's grievances and CORC had never been in existence during Plaintiff's period of incarceration. Plaintiff states that he mailed the appeals to the CORC in Camp Hill and that they were returned to him. (Plaintiff's Reply Brief, pg.5). He does not indicate that he attempted in any way to determine why the appeals were returned to him. In *Laird v. Pennsylvania Department of Corrections*, Civil No. 3:CV-00-1039 (M.D. Pa. Sept. 26, 2001)(Nealon, J.), Exhibit G, the inmate

---

[4]  *See* Exhibit 5, attached hereto. Exhibit 5, page 13 is a page of a Deposition taken of the Plaintiff, with leave of Court, on July 31, 2002.
[5]  *See* Declaration of Sheila Ridilla, Litigation Coordinator at SCI-Retreat, RE: Availability of Grievance Procedure.

asserted that he received no response to his grievance and he filed no appeal due to the lack of response to the grievance. Judge Nealon alternatively held that the inmate failed to exhaust his monetary claim because even if had he complied with the grievance process, inmate Laird, like inmate Hue in this case, did not seek monetary damages administratively and that relief would be foreclosed as untimely. Hue had an obligation to look into why the documents were returned to him. Assuming Plaintiff had filed his grievances to final review correctly, he still failed to exhaust because he did not appeal to Step 2 first. (Exhibit C, ¶ 4 e).

Plaintiff's Brief in Opposition merely reiterates the same unsubstantiated allegations set forth in his Complaint. Plaintiff has not addressed the fact that he did not request any form of relief in his grievances that he now seeks in his civil suit, including monetary relief, and as a result thereof, he has failed to exhaust his administrative remedies. In his Brief in Opposition, Plaintiff chooses to dwell on the substantive issues and not on the procedural issues that are the subject of this Motion for Summary Judgment.

Plaintiff cannot rely on his lack of understanding of the English language or his IQ level to justify failure to exhaust. Plaintiff, by verification, admits in his own Brief that at all stages of these grievance proceedings he has had the assistance of others. He directs the Court to the wording of grievance 185 (Exhibit C) as proof. (Brief in Opposition, pg.5). Additional documents filed by Plaintiff

have clearly reflected the assistance of others, to include this Brief in Opposition. (Doc. 51).  Plaintiff does not allege that he was denied assistance from any institutional source in determining the correct procedures or that he was hindered in any way by the Defendants in filing appeals to his grievances.

Plaintiff has not exhausted his administrative remedies as he clearly did not seek a monetary award, an outside medical doctor, or expungement of his misconduct in the grievances that are the subject of this civil suit.  Further, Plaintiff never named the Corrections Defendants in his grievances as having acted in any way against him.  Mataloni is named in grievance 112, only because the Plaintiff is directing his Complaint to Mataloni.  ("I'm filing this grievance towards Mattaloni head of the medical department." Exhibit C).   Hazlak and O'Brien are never mentioned in the grievances. In *Chementi v. Kimber*, Civil NO. 3:CV-01-0273, *slip op.* at 10 (M.D. Pa. March 15, 2002)(Vanaskie, C.J.), attached as Exhibit H to Defendant's Brief in Support of Summary Judgment, the Court held that because Chimenti did not name or mention some defendants in his administrative grievances he had not exhausted the claims as against those defendants.

Wherefore, summary judgment must be granted for the Corrections Defendants.

                                      Respectfully submitted,

                                      Office of General Counsel

By:   s/ Marsha Mills Davis
        Marsha Mills Davis
        Assistant Counsel
        Attorney Id. No. 28018
        Pennsylvania Department of Corrections
        55 Utley Drive
        Camp Hill, PA  17011
        (717) 731-0444

Dated: April 9, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 01-CV-1064 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JAMES UPDIKE, et al., | : | (Magistrate Judge Smyser) |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of Reply Brief in Support of Corrections Defendant's Motion for Summary Judgment in the above-referenced matter.

<u>Service by first-class mail addressed as follows:</u>

Phan Hue, DY 0577                Alan Gold, Esquire
SCI-Mahanoy                      Monaghan & Gold, P.C.
301 Morea Road                   7837 Old York Road
Frackville, PA  17932            Elkins Park, PA  19027

<u>s/ Marilyn Wright</u>
Marilyn Wright
Clerk Typist 2

Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 9, 2003