IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE

    Plaintiff    :

              :   Civil No. 01-CV-1064

  -VS-         :

              :   (Judge Kane)

JAMES UPDIKE, ET AL.,    :

      Defendants  :   (Magistrate Judge Smyser)

PLAINTIFF'S AFFADAVIT IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT

**FILED**
**SCRANTON**

MAY 0 1 2003

PER_____
DEPUTY CLERK

Phan Hue, Pro Se, declares under penalty of prejury.

1. I am the Plaintiff in the above-entitled case. I make
this declaration in opposition to defendants, motion for summary
judgement as to their retaliation, deliberate indifference to my
serious medical need, and official pressure.

2. The defendants has made no claim in their motion or brief
in support thereof that there are no material facts in dispute.
However, in reality there are many facts in dispute.

3. The defendants claim in their brief in suport of their
motion for summary judgement that defendants Hazlak and O'Brien
should be granted summary judgement as to Plaintiff's claim of
retaliation in connection with being forced to work. Plaintiff
disagree and oppose this contention. **Plaintiff's allegations of
retaliation should be sustained** because he has establish a causal
link between the violation of his constitutional right to be free
from cruel and unusual punishment and his being made to work  It
is a fact that Plaintiff has a constitutionally protected right
from the Eighth Amendment to be free  from  cruel and unusual
punishment.  The adverse action by defendants Hazlak and O'Brien
violated Plaintiff's Eighth Amendment  right when he was forced to

work by these two defendant, following an injury he sustained while working and punishing him for refusing to work because of his insistence on medical treatment. The action taken by Hazlak and O'Brien describe in Plaintiff's complaint clearly violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment necessary to establish retaliation. Defendant Hazlak's action in imposing additional work duties as a result of the informal resolution of my misconduct served only to aggravate injuries sustained in the fall, diminish any credibility of Plaintiff's complaints concerning my injuries and were in retaliation for refusing to work initially Likewise, defendant O'Brien's action referred to in Plaintiff's complaint were in retaliation for refusing to work and prohibit any further complaints including civil.

4. The defendants claim in their brief in support of their motion for summary judgement that defendant Mataloni should be granted summary judgement as to Plaintiff's claim of deliberate indifference to serious medical need. Plaintiff disagree and oppose this contention. Plaintiff has stated a claim of deliberatee indifference to serious medical need against defendant Mataloni. In fact, Plaintiff s injury sustained in the fall on February 28, 2000, while working in the prison kitchen was diagnosed by a physician and was obvious to any layperson who observed the fall.

5. The defendants claim in their brief in support of their motion for summary judgement that defendants O'Brien and Hazlak should be granted summary judgement as to Plaintiff's claim that they were deliberately indifferent to his serious medical needs

when they forced him to work.  These two defendant[] further stated that even if it is assumed that the Plaintiff was not able to perform his job duties, it could not be foreseen by defendants Hazlak and O'Brien that Plaintiff was in danger of serious medical need when they forced him to work.  Plaintiff disagree.  In fact, Deliberate indifference may be established by showing that prison staff were aware of a "substantial risk" to Plaintiff's safety but failed to take reasonable action to protect him from it.  Such is the instant case.  A brief look at Plaintiff's stature in conjunction with the duties assigned the day of his **fall** should have alerted the kitchen staff that there was a substantial risk of injury.  Therefor, under the Eighth Amendment the defendants are liable for denying humane conditions of confinement where they knew or should have known that Plaintiff faced substantial risk of serious harm and failed to take reasonable measures to remedy the situation.

6.  The defendants claim in their brief in support of their motion for summary judgement that defendant O'Brien should be granted summary judgement as to Plaintiff's claim that he used official pressure to see to it that Plaintiff's injury was not recognized and made to work  Plaintiff disagree and oppose this contention.  In fact, If you **refuse to follow an order, even if** the order is illegal, prison officials can use force to make you comply with that order.  Even when an order appears to constitute a violation of a prisoner's constitutional  right, courts have rejected the right to resist such an order.  The Court recognized one exception to the general rule that prisoners may never resist orders, a prisoner might resist an illegal order  to  protect

-3-

himself from immediate, irreparable and permanent physical or mental damage or death. Here, Defendant O'Brian's claim that he did not force Plaintiff to work is without merit given the policy he relies upon to issue a misconduct if Plaintiff failed to show for work. Plaintiff has no history of refusing any other order nor has Plaintiff ever refused to work. In fact Plaintiff's work history is diametrically opposed to the conduct attributed to Plaintiff except where Plaintiff felt, as he did here, that he was protecting himself from immediate, irreparable and permanent harm. The actions taken by Defendant O'Brien was consistent with one ecercising official pressure because it was available to him in an effort to avoid liability for Plaintiff's injuries resulting from the unsafe environment.

7.   The defendants claim in their brief in support of their motion for summary judgement that corrections defendants' are entitled to summary judgement because they are entitled to qualified immunity. Plaintiff disagree. In fact, to be protected by qualified immunity, the official has to show either that it was objectively reasonable to believe his or her actions did not violate the law, or that the law was not clearly established at the time of the violation. Certainly, the defendants here knew that Plaintiff had a constitutional right to humane conditions of confinement and should have known the risk Plaintiff faced in the situation they placed him in. Likewise, the defendants know Plaintiff had a constitutionally protected right to be free from the cruel and unusual punishment suffered by Plaintiff by being forced to work while in extreme pain. Therefore, the defendants qualified immunity defense should fail.

-4-

8. In Higgins v. Correctional Medical Services of Ill., 178 F.3d 508 (7th Cir. 1999), where evidence showed officials were not aware of inmate's pain due to a dislocated shoulder, there was no deliberate indifference. Here, each of the named defendants knew of Plaintiff's injury and all were informed of Plaintiff's continued pain, yet required him under threat of misconduct, to continue to work.

9. Finally and additionally, Plaintiff believes and therefore avers that Dr. Hennigan's report will support his claims of injury resulting in continued pain.

10. The above factual disputes cannot be resolved without a trial.

WHEREFORE, defendants motion for summary judgement should be denied.

_____
Phan Hue, Pro Se Plaintiff

Dated: _APRIL 28, 2003_

–5–

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE                            :
                Plaintiff           :
                                    :        Civil No. 01-CV-1064
        -VS-                        :
                                    :        (Judge Kane)
JAMES UPDIKE, ET AL.,               :
                Defendants          :        (Magistrate Judge Smyser)

CERTIFICATE OF SERVICE

FILED
SCRANTON
MAY 01 2003
PER _____
DEPUTY CLERK

    I hereby certify that I am this day serving the foregoing
PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGEMENT upon the person(s) an in the manner indicated
below:

SERVICE BY FIRST CLASS U.S. MAIL ADDRESSED AS FOLLOWS:

Marsha Mills Davis              Alan Gold, Esquire
Assistant Counsel               Monaghan & Gold, P.C.
PA Department of Correction     7837 Old York Road
55 Utley Drive                  Elkins Park, PA 19027
Camp Hill, PA 17011

                        _____
                        Phan Hue / Pro Se Plaintiff
                        No. DY-0577
                        SCI Mahanoy
                        301 Morea Road
                        Frackville, PA 17932

Dated: April 28, 2003

NAME *Thomas Arthur*

NUMBER *DY-0522*

301 MOREA ROAD

FRACKVILLE, PA 17932

INMATE MAIL
PA DEPT. OF
CORRECTIONS

*Clerk of Court*

*U.S. District*

*M.Abba District of PA*

*Federal Building*

*Scranton, PA*

*18501*

FRACKVILLE
APR 23 '03
PA

U.S. POSTAGE
0027
H METER 698078