IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,
        Plaintiff

-VS-                       Civil Action No. 1:01-CV-01064

JAMES UPDIKE, et al.,    (JUDGE YVETTE KANE)
        Defendants

PLAINTIFF'S MOTION FOR RELIEF FROM JUDGEMENT
PURSUANT TO RULE 60(b), Fed.R.Civ.P.

Pursuant to Rule 60(b), Fed.R.Civ.P., Plaintiff, Phan Hue, request relief from the order entered June 25, 2003, dismissing the action without prejudice based on Plaintiff's failure to exhaust available administrative remedies prior to commencing this action. In support thereof, Plaintiff states:

1. This is a civil action seeking damages for poor prison conditions and medical mistreatment.

2. On June 25, 2003, this Court entered an order dismissing the action without prejudice based on Plaintiff's failure to exhaust available administrative remedies prior to commencing this action.

3. Failure to exhaust administrative remedies is an affirmative defense for the defendant to plead. Most Court's have held that the exhaustion requirement is not jurisdictional, See Blackwell v. Vaughn, 2001 WL 872777 at *2 n. 2 (E.D. Pa., July 3, 2001), which means Courts can apply doctrine of waiver, estoppel, and equitable tolling to excuse failure to exhaust.

4. Under 1997e(c) failure to exhaust is not a permissible basis for sua sponte dismissal.

5. The defendants in this case filed Motion to Dismiss and

briefs in support on February 8, 2002 and February 25, 2002, respectively, which did not pled failure to exhaust sufficiently to compel this Court to dismiss the complaint in its Order of May 10, 2002 which adopted the Report and Recommendation by Magistrate Judge Smyser that the Motions be denied.

6. Rule 60(b), Fed,R.Civ.P., permits a judgement or order to be corrected or vacated where at any time error arises from oversight or omission.

7. Likewise, it has held exhaustion waived, or at least unavailable, by failure to raise it timely, and others have identified circumstances in which prison officials should be estopped to assert non-exhaustion as a defense.

8. Plaintiff is an indigent prisoner with no legal training deserving of a liberal review of his complaint which reveals an oversight or omission on the part of this Court in dismissing the action without prejudice based on Plaintiff's failure to exhaust available administrative remedies prior to commencing this action.

9. However, dismissal for non-exhaustion, even though it is without prejudice, is final, since non-exhaustion cannot be remedied by amendment of the complaint.

WHEREFORE, For each of the foregoing reasons, Plaintiff respectfully request this Honorable Court to vacate the Order dismissing his pro se complaint without prejudice and remand for further proceeings.

                                                      _____
                                                      Phan Hue, Pro Se Plaintiff

Dated: 8/2/04

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

PHAN HUE,                           :
           Plaintiff       :
                           :
   -VS-                           :   Civil Action No.1:01-cv-01064
                           :
JAMES UPDIKE, et al.,               :   (JUDGE YVETTE KANE)
           Defendants      :

## PROOF OF SERVICE

Phan Hue declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that he mailed a copy of the enclosed MOTION FOR RELIEF FROM JUDGEMENT PURSUANT TO RULE 60(b), Fed,R,Civ,P. to defendants counsel in the manner indicated below:

SERVICE BY FIRST CLASS U.S. MAIL ADDRESSED AS FOLLOWS:

Alan Gold, Esquire  
GOLD, BUTKOVITZ & ROBINS, P.C  
7837 Old York Road  
Elkins Park, PA 19027  

Marsha M. Davis, Esquire  
Office of Chief Counsel  
PA Department of Corrections  
55 Utley Drive  
Camp Hill, PA 17011  

_____  
Phan Hue, Pro Se Plaintiff  
No. DY-0577  
SCI Mahanoy  
301 Morea Road  
Frackville, PA 17932  

Dated: 8/2/04

NAME Phan Hue
NUMBER DY-0577
301 MOREA ROAD
FRACKVILLE, PA 17932

RECEIVED
SCRANTON
AUG 0 6 2004
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

Mary E. D'Andrea
Clerk of Court
Federal Building
Scranton, PA
18501