IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH | : | |
| MATALONI, EDWARD O'BRIAN | | (Judge Kane) |
| and DALE HAZLAK | : | Magistrate Judge Smyser) |

**OPPOSITION OF DEFENDANT, JAMES UPDIKE, P.A.,
TO PLAINTIFF, PHAN HUE'S, MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FED.R.CIV.P. 60(b)**

James Updike, P.A. ("Updike"), by and through his attorneys, Gold, Butkovitz & Robins, P.C., hereby responds in opposition to the Motion of Plaintiff, Phan Hue ("Hue") for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b), and in support whereof, states as follows:

1.   Plaintiff's complaint speaks for itself, and any characterizations to the contrary are denied.

2.   It is admitted that by order dated June 25, 2003, this Court adopted Judge Smyser's June 6, 2003 Report & Recommendation, and dismissed Hue's complaint without prejudice for failing to exhaust his administrative remedies, pursuant to 42 U.S.C. §1997e(a). The failure to exhaust administrative remedies was the basis of the pending motions for summary judgment at that time.

3.   It is admitted only that certain courts have held that the exhaustion of administrative remedies is an affirmative defense.

4.   Denied.  This contention is irrelevant to the issues involved in the dismissal of Plaintiff's Complaint.  Hue's complaint was dismissed by this Court upon motions for summary

judgment. Hue's complaint was not dismissed *sua sponte* by this Court.

    5.    The basis for any motions to dismiss filed in this matter are irrelevant to this Court's ruling on motions for summary judgment. Hue refers in this paragraph to motions to dismiss which were filed in February, 2002. This matter *was not* dismissed based upon the motions to dismiss. This matter was dismissed based upon the motion for summary judgment filed on May 30, 2002 by the corrections defendants. (Docket No. 42)

Hue appears to be under the mistaken belief that in order to preserve an affirmative defense, here exhaustion of administrative remedies, it must be the subject of a party's motion to dismiss. This is incorrect. It is black letter law that affirmative defenses pled in a party's answer preserves those defenses. In this case, all defendants properly included Hue's failure to exhaust administrative remedies in the affirmative defenses to their answer to Hue's complaint. The answer with affirmative defenses of the correctional defendants, filed on May 15, 2002, specifically included Hue's failure to exhaust administrative remedies, under 42 U.S.C. §1997e(a). (Docket No. 36) Likewise, the answer with affirmative defenses of defendant, Updyke, filed on May 24, 2002, also specifically included Hue's failure to exhaust administrative remedies. (Docket No. 40)

    6.    Federal Rule of Civil Procedure 60(b), provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Hue bases his motion upon his contention that this Court's dismissal was an "error aris[ing] from oversight or omission," which would fall, if at all, within the first subpart of the rule: "mistake,

inadvertence, surprise, or excusable neglect." Rule 60(b) specifically provides that, where this basis for relief is asserted, the motion must be filed within one (1) year of the entry of judgment. Here, the final order dismissing Hue's complaint was this Court's June 25, 2003 Order adopting the Report & Recommendation. Hue's Motion for Relief from Judgment was filed on August 6, 2004 (and dated August 2, 2004), well beyond the one (1) year time limitation of Rule 60(b).

7. Hue asserts again that the affirmative defense of exhaustion of administrative remedies should not have been available on summary judgment, because, according to Hue, the defense was waived. The only clue as to how he believes it to have been waived is his apparent belief that if it is not pursued on a motion to dismiss, it is somehow waived. Aside from this argument being obviously legally incorrect, not only did all defendants timely assert exhaustion of administrative remedies as affirmative defenses in their answers, but all defendants argued exhaustion as bases in their motions to dismiss.

The motion to dismiss of correctional defendants, filed on February 8, 2002 (Docket No. 14), argues Hue's failure to exhaust administrative remedies. Likewise, the motion to dismiss of defendant, Updyke, filed on February 25, 2002 (Docket No. 17), asserts Hue failure to exhaust administrative remedies under 42 U.S.C. §1997e(a). Clearly, the defendants asserted hue's failure to exhaust administrative remedies not only in a timely manner, but at every procedural turn in this matter.

8. Plaintiff's status as an "indigent prisoner" is irrelevant to this Court's June 25, 2003 dismissal of Hue's Complaint due to his failure to exhaust administrative remedies. Hue does not dispute that he had, in fact, failed to exhaust his administrative remedies. Instead, he appears to credit this Court with having committed some, unspecified legal error in allegedly not providing him with a "liberal reading of his complaint." Perhaps this would be a valid

consideration on a motion to dismiss, but this case was dismissed based upon motions for summary judgment, which yielded a lack of a genuine issue of material fact as to whether Hue had exhausted his administrative remedies.

9.  It is agreed that the dismissal of Hue's complaint upon summary judgment, whether with or without prejudice, is final for purposes of a motion under Rule 60(b), as well as for any other purpose.

Hue has filed this Rule 60(b) motion, asserting that this Court committed error in granting the motions for summary judgment based upon his failure to exhaust administrative remedies under 42 U.S.C. §1997e(a). Instead of filing a motion for reconsideration within ten (10) days of the grant of summary judgment, Hue did nothing for fourteen (14) months. Instead of filing an appeal of the dismissal with the Court of Appeals within thirty (30) days of the grant of summary judgment, Hue did nothing for fourteen (14) months.

Instead of taking either of these two procedural steps available to him upon the dismissal of his Complaint on June 25, 2003, he has waited fourteen (14) months to file a motion asserting that this Court erred in basing the dismissal upon a ground that he believes was waived by the defendants: his failure to exhaust administrative remedies under 42 U.S.C. §1997e(a). Far from being "waived," exhaustion was raised by the defendants at every possible turn: in the motions to dismiss, in their answers with affirmative defenses, in the motions for summary judgment. Add to this, the fact that Hue does not appear to even factually dispute at this point that he has failed to exhaust his administrative remedies.

Accordingly, Plaintiff's Rule 60(b) motion for relief from this Court's June 25, 2003 order dismissing his Complaint should be denied. Hue has failed to articulate any basis under Rule 60(b) which would permit this Court to rescind its dismiss of his Complaint. Hue has failed

to demonstrate that the defendants waived Hue's failure to exhaust administrative remedies as a defense. Finally, even if Hue has articulated a legitimate basis for relief under Rule 60(b), he has waited too long to do so, and is time-barred.

WHEREFORE, James Updike, PA respectfully requests that this Honorable Court deny the motion of Plaintiff, Phan Hue, for relief from judgement under Fed.R.Civ.P. 60(b).

GOLD, BUTKOVITZ & ROBINS, P.C.

BY:  /s/ Alan S. Gold
ALAN S. GOLD
Attorney for Defendant,
James Updike, P.A.

DATE: August 11, 2004

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of defendant, James Updike, P.A.'s Opposition to the motion of Plaintiff, Phan Hue, for relief from judgment, along with proposed for of Order, by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

                                                BY:    /s/ Alan S. Gold
                                                        ALAN S. GOLD
                                                        Attorney for Defendant,
                                                        James Updike, P.A.

DATE:  August 11, 2004