IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,
                    Petitioner        :
                                      :
                                      :    Civil Action No. 1:01-cv-01064
     -VS-                             :
                                      :    (JUDGE YVETTE KANE     FILED
JAMES UPDIKE, et al.,                 :                          SCRANTON
                    Defendants        :
                                                                SEP - 2 2004

                                                          MARY E. D'ANDREA, CLERK
          REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF Per
             MOTION FOR RELIEF FROM JUDGEMENT PURSUANT         DEPUTY CLERK
                        TO RULE 60(b), FRCP

     Plaintiff, Phan Hue, Pro Se, requested relief pursuant to

Rule 60(b) from the Order entered June 25, 2003, dismissing the

above action without prejudice based on Plaintiff's failure to

exhaust available administrative remedies prior to commencing this

action.  Plaintiff averred the Defendant's did not plead failure

to exhaust in their Motion to Dismiss sufficiently to compel this

Court to dismiss the complaint in its Order of May 10, 2002, which

adopted the Report and Recommendation by Magistrate Judge Smyser

that the Defendant's Motion to Dismiss be denied.

     The Defendant's in their Opposition claims Plaintiff has

failed to articulate any basis under Rule 60(b), which would

permit this Court to rescind its dismissal of his Complaint,

failed to demonstrate that the Defendants waived his failure to

exhaust administrative remedies as a defense and has waited too

long to do so.  Plaintiff disagree.

     In addition to the Defendants failure to plead failure

to exhaust in their Motion to Dismiss sufficiently to compel this

Court to dismiss the complaint in its Order of May 10, 2002,

Plaintiff can sufficiently plead exhaustion of administrative

remdies with respect to poor prison conditions and medical

mistreatment, where he maintains that he filed a formal grievance, that was resolved in his favor.

On March 10. 2000, Plaintiff submitted a request to Superintendent Klem on his injury and recommendation to see a specialist. A copy of this request is marked as Exhibit "A" and attached hereto. In his response, Superintendent Klem advised Plaintiff to work with medical staff. See Exhibit "A".

On April 12, 2000, Plaintiff submitted grievance No. RET0112-00 on his medical treatment. A copy of this grievance is marked as Exhibit "B" and attached hereto. Plaintiff received an Initial Response dated April 14, 2000. A copy of this response is marked as Exhibit "C" and attached hereto. Plaintiff further submitted a request to Defendant O'Brian, Foof Service Manager, concerning his pain as a result of his work detail. A copy of this request is marked as Exhibit "D" and attached hereto. In his response Defendant O'Brian took action and awaited a decision from medical concerning his kitchen assignment. See Exhibit "D". Plaintiff subsequently submitted a request dated May 6, 2000, to Defendant Mataloni, Health Care Administrator, concerning his problem. A copy of this request is marked as Exhibit "E" and attached hereto. In his response dated May 10, 2000, Plantiff received a favorable response. See Exhibit "E"

The object of filing a grievance is to get a favorable decision, so once that happens, its over and exhaustion is conpleted but also seeks damages.

A prisoner may not bring an action "with respect to prison conditions" under any federal law until he has exhausted available remedies. 42 U.S.C. § 1997(e)(a); Hanson 37 F.Supp.2d at 40-01.

-2-

The Pennsylvania department of Corrections has set forth the administrativve remedies available to prisoners in its Consolidated Inmate Grievance System DC ADM 804, See Jones v. Oldt, 30 F.Supp.2d 491, 495 (E.D.Pa. 1998); see also 97 Pa.Const.Stat.Ann. § 93.9(a)(1999). To exhaust the formal grievance procedure established by the Pennsylvania Department of Corrections, a prisoner must first file a grievance. If he is not satisfied with the result, he must then appeal the initial review to the Superintendent, and if he is still dissatisfied, he must appeal for final review which is conducted by the Secretary's Office Of Inmate Grievances and Appeals. The inmate handbook also provides for informal review.

Here, Plaintiff filed the formal grievance and exhausted his appeal to initial review and follwed the recommendations at that stage. When further problems regarding the claim raised in Plaintiff's complaint arose, Plaintiff attempted to resolve them through informal means which were resolved in a favorable manner which cannot be appealed. Therefore, exhaustion of his administrative remedies with respect to the issue raised in his complaint were obtained.

For each of the foregoing reasons, this Court should grant Plaintiff relief from the judgement entered by this Court on June 25, 2003, dismissing the above action without prejudice.

_____
Phan Hue, Pro Se Plaintiff

Dated: _8/30/04_____

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|
| Superintendent Klem. | 3-10-2000 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|
| Chon Hue DY0577 | Ms. Simmons |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
|---|---|
| Kitchen | A-10 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Dear Sir: I was injured on Feb 28. 2000 in the kitchen, while I was working. On 2-28-2000 I was taken to the local hospital and the doctor recommended I see a bone specialist that has not been done. I am still in a lot of pain and my right arm, shoulder is not getting any better, the pain is traveling down my back also. I've written to Mr Mattaloni and still have not been taken to see the bone specialist. I have been forced to return to work and my injury is getting worse. Will you please help me so that I don't have permanent damage to my shoulder, also I had to have my teeth removed due to the accident.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Jonathan Hue DY0577

Mr. Hue,
I have reviewed your medical record and have discussed your concerns with the medical staff.
An X-Ray has been ordered and you were given a work restriction. Please continue to deal with the medical staff.

RECEIVED

CC: Mr. Natalone

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | | DATE |
|---|---|---|
| | Exhibit "A" | |

DC-804
PART 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

met ✓

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. | RET0112-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION SCI Retreat | DATE 4-12-2000 |
|---|---|---|
| FROM: (Commitment Name & Number) HUE PhaN DY0577 | INMATE'S SIGNATURE | |
| WORK ASSIGNMENT (Previous) Kitchen worker | QUARTERS ASSIGNMENT A-A-10 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I'm Filing this greivance twoards MATT Aloni head of the medical Department. Because I had An accident in the kitchen where I used to work Feb.28, 2000 was the Date. I hurt my shoulder and my teeth were Broke when I fell. My shoulder was locked at by A Doctor at An outside hospital, he said it was not broke but I need to see A Bone Specailist. I was gaven pain medication, then I was taken off it after a mouth. I'm still having terrible pain in my shoulder, I have went to sick call A numerous amount of times and the assistant physician tells me I'm okay And I don't need A sling or medication no more. I can not hardly move my shoulder I explained All of the complications I'm having And They will not listen Something is wrong, or I wouldn't have to see A Bone specailist. I Just want A Pain Reliever till they Do something.

B. Actions taken and staff you have contacted before submitting this grievance:

Have went to sick call, Seen the Assistant Physician, he never lets me see a Doctor.

Exhibit "B"

Our grievance has been received and will be processed in accordance with DC-ADM 804.

_____ 
Signature of Grievance Coordinator

4-13-00
Date

DC-804
PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 698**
**CAMP HILL, PA 17001**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO. | RET 0112-00

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| HUE PHAN, DY-0577 | SCI-RETREAT | A-UNIT | 4/12/00 |

The following is a summary of my findings regarding your grievance:

This Grievance was referred to Mr. Mataloni, designated Grievance Officer for this type of Grievance.

Mr. Mataloni reports, "What medication is given and for how long is the decision of the M.D. or P.A. This is a medical decision made by the Practitioners."

If you are having problem with your medication, you should sign up for Sick Call again.

JLL/mts

*Exhibit "C"*

| efer to DC-ADM 804, Section VIII, or instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR | DATE |
|---|---|---|
| | | 4-14-2000 |

XC: Mr. O. Harlak A Block
medical
File - F.S. Supvs

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing
your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) Mr Edward OBrion Food Service Manager

2. DATE 5-6-00

3. BY: (INSTITUTIONAL NAME AND NUMBER) PHAN Hue DY0577

4. COUNSELOR'S NAME Ms Simmons

5. WORK ASSIGNMENT Kitchen

6. QUARTERS ASSIGNMENT A-Block AA-10

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Since I have been back to work, I am still Suffering from
severe pain in my right shoulder and arm, since my fall in
the kitchen my last time at work. I am being forced to work
heavy labor when staff reconizes my poor or hampered use of
my right shoulder and arm. Mr OBrion would you please
schedule me for light duty work only till my medical problems have
been cleared by necessary physician. At the beginning of my Injury
I was by the Doc medical dept referred to a outside attending
physcian which that physician said that I need To see a Bone
Specialist for my shoulder problem. To this date and time I have
not been seen by any such doctor. Till this issue is addressed and
resolved would you please respond back to me on the issues that

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE) concern you and the kitchen dept.

Thank You

I CONTACTED MR. HARLAK WHO IN TURN WILL
CONTACT MEDICAL FOR AN EVALUATION OF
MEDICAL STATUS. AT THIS POINT - 05/08/00
YOU ARE PENDING A DECISION FROM MEDICAL
STILL ASSIGNED TO THE KITCHEN.

Ed O'Brien CFSM

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                    DATE

Exhibit

DC-135A

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|
| Joseph Mataloni Health care administrator | 5-6-00 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|
| PHan Hue DY0577 | Ms Simmons |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
|---|---|
| Kitchen | A-Block AA 10 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.    GIVE DETAILS.

I am not aware if I have Been taken off of medical Restriction
due to my still present shoulder condition. I have been put
Back to work in the kitchen and at Block janitorial labor. I
am having terriable pain in shoulder and slight numbess in lower
part of right arm. I was last referred to a outside physican By
the DOC medical doctor because Injury was to technical to treat
in house. The outside doctor said I would or need To see a
Bone specialists for proper treatment and or diagnosis. This
has not Been done. and I feel that I am being denied
proper medical services. Please respond soon as can
Thant You

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr Hue,
Sign-up for sick-call + Ask the
PA about work restrictions. He will
Address your concerns.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER    J. MATALONI, CHCA | DATE 5/10/00 |
|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHAN HUE,                              :
                  Petitioner           :
                                       :        Civil Action No. 1:01-cv-01064
        -VS-                           :
                                       :        (JUDGE YVETTE KANE
JAMES UPDIKE, et al.,                  :
                  Defendants           :

PROOF OF SERVICE

I declare under penalty of perjury, pursuant to 28 U.S.C. §
1746, that I served the foregoing REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGEMENT PURSUANT TO RULE
60(b), FRCP upon the person(s) and in the manner indicated below:

SERVICE BY FIRST CLASS U.S. MAIL ADDRESSED AS FOLLOWS:

Marsha M. Davis, Esquire            Alan S. Gold, Esquire
Office of Chief Counsel             7837 Old York Road
PA Department of Corrections        Elkins Park, PA 19027
55 Utley Drive
Camp Hill, PA 17011

                                    _____
                                    Phan Hue, Pro Se Plaintiff
                                    No. DY-0577
                                    SCI Mahanoy
                                    301 Morea Road
                                    Frackville, PA 17932

Dated: 8/30/04