IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHAN HUE | : | CIVIL ACTION |
| V. | : | NO.: 1:01-CV-1064 |
| JAMES UPDIKE, P.A., JOSEPH MATALONI, EDWARD O'BRIAN and DALE HAZLAK | : : : | (Judge Kane) Magistrate Judge Smyser) |

**RESPONSE OF DEFENDANT, JAMES UPDIKE, P.A.,
TO PLAINTIFF, PHAN HUE'S, REPLY BRIEF IN SUPPORT OF HIS
MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b),
AND REQUEST FOR LEAVE TO FILE THIS RESPONSE**

On or about August 6, 2004, Plaintiff, Phan Hue ("Hue") filed a Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b), with respect to this Court's grant of summary judgment in this matter. On August 11, 2004. defendant, James Updike, P.A. ("Updike"), filed an opposition to Hue's motion. On September 2, 2004, Hue filed a reply brief, addressing the oppositions filed by the defendants.

Defendant, Updike, hereby files the within brief response addressing Hue's reply brief, and respectfully requests that this Honorable Court grant leave to do so.

In Hue's reply brief, Hue states that the defendants "fail[ed] to plead failure to exhaust in their Motion to Dismiss sufficiently to compel this Court to dismiss the complaint in its Order of May 10, 2002." This is somewhat different that he originally stated, although no more availing. The fact that this Court determined that it was not proper to dismiss Mr. Hue's claims upon a Motion to Dismiss is of no moment whatsoever to the same question asked in the Motion for Summary Judgment. Without belaboring the differences between a Motion to Dismiss (based solely upon a plaintiff's complaint) and a Motion for Summary Judgment (based upon the totality

of the undisputed facts adduced during the discovery phase of an action), this Court made a determination that the undisputed record in this matter demonstrated that Mr. Hue failed to exhaust his administrative remedies, and dismissed his complaint.

Mr. Hue's reply brief, in fact, continues to support this determination: Hue asserts that on March 10, 2000, he submitted a "request to staff member" (not a grievance) asking to see a specialist. He was told by the Superintendent to "work with medical staff." On April 12, 2000, states hue, he filed a grievance related to his medical care. He states that he received a response to the grievance on April 14, 2000. On May 6, 2000, Hue submitted another "request to staff member" (again, not part of the grievance process) to the Food Service Manager. On the same date, he submitted another "request to staff member) to the Health Care Administrator, in which he stated that "I feel that I am being denied proper medical services." To that "request," Mr. Hue was directed to "sign-up for sick-call and ask the PA about work restrictions. He will address your concerns."

Hue concludes in his reply brief that he "filed the formal grievance and exhausted his appeal *to initial review* and followed the recommendations at that stage." (Reply brief, at 3) "When further problems regarding the claim...arose, Plaintiff attempted to resolve them through informal means which were resolved in a favorable manner which cannot be appealed." (Reply brief, at 3) Mr. Hue concludes that he has somehow fully exhausted his administrative remedies because he *partially* pursed a grievance concerning medical treatment, and because, says he, it was resolved in a favorable manner. Mr. Hue's logic makes no sense. As required by the Prison Litigation Reform Act, an inmate must fully exhaust the available administrative remedies with respect to the claims the inmate wishes to pursue in federal court *before* he files his §1983 action. On the one hand, Hue *admits* that he did not exhaust with respect to the only grievance

concerning his medical treatment, as his chronology of the events shows that the *only* grievance filing was his initial grievance filing, Grievance No. RET0112-00, attached as Ex. "B" to his Reply Brief. On the other hand, Hue claims that his attempt to "resolve" his complaint "though informal means" resulted in a resolution "in a favorable manner," and that therefore there was nothing to appeal.

 A review of the remaining documents attached to Mr. Hue's reply brief shows the following: The official response to the initial grievance, which instructed Hue only to sign up for sick call again; an "Inmate's Request to Staff Member" prior to the grievance, in which he complains about having to return to work after an injury; another "Inmate's Request" almost a month after the denial of his grievance to the food service manager asking that he be given light kitchen duty, and a response that Hue was to have a medical evaluation; and a second "Inmate Request" that same day to the Health Care Administrator, asking if he's been taken off medical restrictions such that he could return to work, and complaining that he was having shoulder pain. To this request, Mr. Hue is instructed to sign-up for sick call to have his work restrictions evaluated. Nothing else. It is patently unclear just what Mr. Hue considers to have been the "favorable" resolution.

 To be blunt, if Mr. Hue could not exhaust his administrative remedies because he had received a "favorable" resolution after his initial grievance was denied, then what is he complaining about in this federal lawsuit. He cannot have it both ways. Either he failed to exhaust his administrative remedies, and cannot now pursue this federal action in the absence of such exhaustion; or, his medical concerns were appropriately addressed, and addressed to his satisfaction, and he has no §1983 claim to assert. Conversely, if he believes that he does indeed have a §1983 claim to assert, which was not satisfactorily addressed, and which he believes

constituted deliberate indifference to a serious medical need, then he is required to have exhausted his administrative remedies as to those claims of deliberate indifference. Whichever the case, it is clear that he has failed to exhaust the available administrative remedies as required by the P.L.R.A. with respect to any claims which he has brought, and has no basis for obtaining relief under Rule 60(b).

As noted in the brief in opposition to this motion, Federal Rule of Civil Procedure 60(b), provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Taking Mr. Hue's brief on the motion and his reply brief together, it appears that he is arguing some king of "mistake, inadvertence, surprise, or excusable neglect." However, no such deficiency appears in this Court's dismissal of Mr. Hue's complaint. There is no dispute that he failed to exhaust as to his claims in this matter. Although, Hue tries to talk his way around the requirement by arguing that since, says Hue, he received a "favorable" result from his grievance, the requirement somehow does not apply, this is unavailing.

As previously argued in the response brief in opposition to this motion, Hue has failed to articulate any legitimate basis under Rule 60(b), and in any event, the motion, filed 14 months after the judgment in question is, as a matter of law, untimely, and should be denied.

WHEREFORE, James Updike, PA respectfully requests that this Honorable Court deny the motion of Plaintiff, Phan Hue, for relief from judgement under Fed.R.Civ.P. 60(b).

                                        GOLD, BUTKOVITZ & ROBINS, P.C.

                  BY:      /s/ Alan S. Gold
                               ALAN S. GOLD
                               Attorney for Defendant,
                               James Updike, P.A.

DATE: September 9, 2004

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of defendant, James Updike, P.A.'s Response to Plaintiff, Phan Hue's, Reply Brief on his Motion for Relief from Judgment, by U.S. First Class Regular Mail on this date to the following individuals:

Phan Hue, DY-0577
SCI-Retreat
660 State Route 11
Hunlock Creek, PA 18621

Marsha M. Davis, Esquire
Pa Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

                                                     BY:    /s/ Alan S. Gold
                                                                ALAN S. GOLD
                                                                 Attorney for Defendant,
                                                                James Updike, P.A.

DATE:   September 9, 2004