# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHAN HUE, : | |
| : | Civil Action No. 1: 01-CV-1064 |
| Plaintiff : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| JAMES UPDIKE, et al., : | |
| : | |
| Defendants : | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Relief From Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 87.) Defendants have filed timely oppositions to the Motion (Doc. Nos. 88, 89), to which Plaintiff filed a reply. (Doc. No. 90.) Defendant Updike additionally filed a response to Plaintiff's reply brief. (Doc. No. 91.) The Motion is now ripe for disposition and will be denied.

**I.      Background**

On June 15, 2001, Plaintiff, an inmate incarcerated at the Pennsylvania State Correctional Institution at Retreat (SCI-Retreat), commenced the above-captioned case in which he alleged civil rights violations for poor prison conditions and medical mistreatment. (Doc. No. 1.) After a protracted procedural history, Defendants submitted their initial motion for summary judgment wherein they argued that Plaintiff failed to exhaust administrative remedies prior to filing the complaint, as required under 42 U.S.C. 1997e. (Doc. No. 42.) Pursuant to an Order entered June 25, 2003, this Court adopted Magistrate Judge Smyser's report and recommendation that Defendants' motion for summary judgment be granted and the case dismissed without prejudice due to Plaintiff's failure to

exhaust administrative remedies. (Doc. No. 85.)

On August 6, 2004, Plaintiff filed the instant motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

## II.  Statutory Authority and Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

The decision to grant or deny relief pursuant to Rule 60(b) is left to the sound discretion of the trial court, guided by accepted legal principles applied in light of all relevant circumstances. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981); Harper v.Vaughn, 272 F. Supp. 2d 527, 532 (E.D. Pa. 2003).

Although Plaintiff has not expressly referenced the subsection of Rule 60(b) upon which the Motion is predicated, the Court concludes that the only potentially viable ground for the

requested relief is the catchall provision of Rule 60(b)(6).[1]  Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6), however, is "available only in cases evidencing extraordinary circumstances."  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (quoting Reform Party v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (further citation omitted).  Moreover, "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion.  Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

With these considerations in mind, the Court finds that Plaintiff has not demonstrated any legitimate grounds justifying relief from judgment under Rule 60(b).

## III. Discussion

In the Motion, Plaintiff advances two equally unavailing arguments in support of his request for relief from judgment.  First, Plaintiff appears to argue that it was error for the Court to dismiss this case without prejudice on the basis of Plaintiff's failure to exhaust administrative remedies because "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."  (Doc. No. 87 at ¶ 3.)  Plaintiff also asserts, without support, that "it has been held exhaustion waived, or at least

---

[1] The Court acknowledges that it is possible to construe the Motion as seeking relief under Rule 60(b)(1) on the basis of mistake, inadvertence, surprise or excusable neglect.  However, Plaintiff can no longer rely on this subsection because motions brought under Rule 60(b)(1), (2) or (3) must be brought "not more than one year after the judgment, order, or proceeding was entered[.]"  Fed. R. Civ. P. 60(b).  As noted above, the Court adopted Magistrate Judge Smyser's report and recommendation on June 25, 2003 and the case was closed concurrently therewith.  Plaintiff did not file the Motion until August 6, 2004.  Accordingly, Plaintiff is now time barred from moving for relief from judgment under Rule 60(b)(1), (2) or (3).

unavailable, by failure to raise it timely, and others have identified circumstances in which prison officials should be estopped to assert non-exhaustion as a defense." (Id. at ¶ 7.)

These arguments are meritless. Contrary to Plaintiff's contention, Defendants did, in fact, plead failure to exhaust administrative remedies as an affirmative defense at every available opportunity during this litigation. Indeed, Defendants raised the defense in their initial motions to dismiss (Doc. Nos. 15, 18), their subsequent answers to the complaint (Doc. Nos. 36, 40), and in their motion for summary judgment (Doc. No. 42). Moreover, Plaintiff has offered no reason why the Defendants should have been estopped from asserting Plaintiff's failure to exhaust as an affirmative defense to Plaintiff's claims. For these reasons, the Court can discern no basis upon which to vacate the judgment on the grounds that Defendants failed to preserve certain defenses where at all times Defendants emphasized Plaintiff's failure to exhaust his administrative remedies.

On September 2, 2004, Plaintiff filed a Reply to Defendants' Opposition to Plaintiff's Motion for Relief From Judgment Pursuant to Rule 60(b) in which he appears to argue that he did, in fact, exhaust at least some available administrative remedies. (Doc. No. 90.) Plaintiff claims that he:

> filed the formal grievance [pursuant to SCI-Retreat procedure] and exhausted his appeal to **initial review** and followed the recommendation at that stage. When further problems regarding the claim raised in Plaintiff's complaint arose, Plaintiff attempted to resolve them through **informal means** which were **resolved in a favorable manner** which cannot be appealed. Therefore, exhaustion of his administrative remedies with respect to the issue raised in his complaint were obtained.

(Id. at 3) (emphasis added). The Court finds this argument unpersuasive. On the one hand, Plaintiff seems to be asserting that he partially followed available grievance procedures. On the other hand, Plaintiff appears to argue that his complaints were resolved "in a favorable manner" through "informal

means." (Id.) Even viewing Plaintiff's pleading liberally, these assertions do not suggest that Plaintiff exhausted available administrative remedies. Moreover, it appears Plaintiff believes that even though he admittedly obtained a "favorable result" after resorting to "informal means" and initial use of SCI-Retreat's grievance procedure, he is also then entitled to seek damages for some unspecified violation relating to the same claims. Plaintiff states that "[t]he object of filing a grievance is to get a favorable decision, so once that happens, its [sic] over and exhaustion is completed but also seeks damages." (Id. at 2.) Plaintiff provides no support for, and the Court does not find persuasive, the proposition that Plaintiff may maintain a separate action under 42 U.S.C. § 1983 where he either failed to exhaust his available administrative remedies or obtained a favorable result by utilizing available grievance procedures or "informal means."

Finally, even if the Court found Plaintiff's claims regarding exhaustion to be credible, relief under Rule 60(b) would be inappropriate for a number of reasons. First, as noted above, Rule 60(b) is not a substitute for appealing an unfavorable judgment. Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988). Second, a plaintiff must seek relief under Rule 60(b) within a "reasonable time" from the entry of the unfavorable judgment. Fed. R. Civ. P. 60(b). Finally, relief under Rule 60(b)(6) is available only in cases demonstrating extraordinary circumstances. Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).

Rather than exercising his right to appeal, Plaintiff instead waited more than thirteen months to seek relief from judgment on the basis of unpersuasive arguments that Plaintiff could have articulated during the litigation. Accordingly, the Court does not find that Plaintiff pursued this matter within a reasonable time as required under Rule 60(b). Additionally, the Court does not find any extraordinary

circumstances that would support relief from judgment even were Plaintiff's motion brought in a timely manner and supported by credible facts or applicable law.

For the foregoing reasons, Plaintiff's Motion for Relief From Judgment Pursuant to Rule 60(b) (Doc. No. 87) will be denied.

## IV. Order

Upon consideration of Plaintiff's Motion for Relief From Judgment Pursuant to Rule 60(b), and all other pleadings related thereto, **IT IS HEREBY ORDERED THAT** the Motion (Doc. No. 87) is **DENIED**. The Clerk of Court is directed to close the file.

Dated: December 7, 2004            S/ Yvette Kane
                                                         Yvette Kane
                                                         United States District Judge